SACKS, RICKETTS & CASE LLP
Luanne Sacks (SBN 120811)
lsacks@srclaw.com
Robert B. Bader (SBN 233165)
rbader@srclaw.com
177 Post Street, Suite 650
San Francisco, CA 94018
Telephone:      415-549-0580
Facsimile:      415-549-0640

Cynthia A. Ricketts (admitted *pro hac vice*)
cricketts@srclaw.com
2800 N. Central Avenue, Suite 1230
Phoenix, AZ 85004
Telephone:      602-385-3370
Facsimile:      602-385-3371

Attorneys for Defendant
Massage Envy Franchising, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Baerbel McKinney-Drobnis, Joseph B. Piccola, and Camille Berlese, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MASSAGE ENVY FRANCHISING, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | CASE NO.  3:16-CV-6450-MMC<br><br>**MASSAGE ENVY FRANCHISING, LLC'S ANSWER TO CLASS ACTION COMPLAINT**<br><br>Judge: Hon. Maxine M. Chesney |

Defendant Massage Envy Franchising, LLC ("MEF") hereby answers and otherwise responds to Plaintiffs Baerbel McKinney-Drobnis ("McKinney-Drobnis"), Joseph Piccola ("Piccola"), and Camille Berlese's ("Berlese") (collectively, "Plaintiffs") Class Action Complaint ("Complaint") for (1) Breach of Contract and the Implied Covenant of Good Faith and Fair Dealing; (2) Violation of Cal. Civ. Code § 1750, *et seq.*; (3) Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*; and (4) Declaratory Relief Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.  MEF's responses are made without waiving, and expressly reserving, all rights that MEF has to file dispositive motions addressed to the claims asserted in the Complaint.  Except as expressly admitted herein, MEF denies all allegations in the Complaint.

Subject to, and incorporating the foregoing by reference, as applicable, as part of its answers and responses in Paragraphs 1 through 75 below, MEF responds to the allegations in each of the like-numbered paragraphs of the Complaint as follows:

### RESPONSES TO ALLEGATIONS

MEF states that the allegations contained in the first unnumbered paragraph of the Complaint are introductory and conclusory in nature and therefore require no response.  To the extent a response is deemed required to the allegations contained in the first unnumbered paragraph of the Complaint, MEF states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and so denies them.  MEF denies any remaining allegations contained in the first unnumbered paragraph of the Complaint.

I.    **INTRODUCTION**

1.    In response to the allegations contained in Paragraph 1 of the Complaint, MEF denies the allegations contained therein.

2.    In response to the allegations contained in Paragraph 2 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 2 of the Complaint, MEF states that there is no single "Membership Agreement" that all members of independently owned and operated Massage Envy® franchised locations enter or execute and that each member's "Membership Agreement" speaks for itself and is the best evidence of its

contents. MEF denies any allegations that are contrary to the express terms of each member's "Membership Agreement." MEF affirmatively states that members of independently owned and operated Massage Envy® franchised locations do not pay any membership fees to MEF. MEF denies any remaining allegations contained in Paragraph 2 of the Complaint.

3. In response to the allegations contained in Paragraph 3 of the Complaint, the allegations contained therein are legal conclusions to which no response is required. To the extent a response is deemed required to the allegations contained in Paragraph 3 of the Complaint, MEF states that there is no single "Membership Agreement" that all members of independently owned and operated Massage Envy® franchised locations enter or execute and that each member's "Membership Agreement" speaks for itself and is the best evidence of its contents. MEF denies any allegations that are contrary to the express terms of each member's "Membership Agreement." MEF affirmatively states that members of independently owned and operated Massage Envy® franchised locations do not pay any membership fees to MEF. MEF denies any remaining allegations contained in Paragraph 3 of the Complaint.

4. In response to the allegations contained in Paragraph 4 of the Complaint, the allegations contained therein are legal conclusions to which no response is required. To the extent a response is deemed required to the allegations contained in Paragraph 4 of the Complaint, MEF states that there is no single "Membership Agreement" that all members of independently owned and operated Massage Envy® franchised locations enter or execute and that each member's "Membership Agreement" speaks for itself and is the best evidence of its contents. MEF denies any allegations that are contrary to the express terms of each member's "Membership Agreement." MEF denies any remaining allegations contained in Paragraph 4 of the Complaint.

5. In response to the allegations contained in Paragraph 5 of the Complaint, the allegations contained therein are legal conclusions to which no response is required. To the extent a response is deemed required to the allegations contained in Paragraph 5 of the Complaint, MEF states that there is no single "Membership Agreement" that all members of independently owned and operated Massage Envy® franchised locations enter or execute and that

1   each member's "Membership Agreement" speaks for itself and is the best evidence of its

2   contents.  MEF denies any allegations that are contrary to the express terms of each member's

3   "Membership Agreement."  MEF denies any remaining allegations contained in Paragraph 5 of

4   the Complaint.

5       6.     In response to the allegations contained in Paragraph 6 of the Complaint, the

6   allegations contained therein are introductory in nature and contain legal conclusions to which no

7   response is required.  To the extent a response is deemed required to the allegations contained in

8   Paragraph 6 of the Complaint, MEF states that there is no single "Membership Agreement" that

9   all members of independently owned and operated Massage Envy® franchised locations enter or

10  execute and that each member's "Membership Agreement" speaks for itself and is the best

11  evidence of its contents.  MEF denies any allegations that are contrary to the express terms of

12  each member's "Membership Agreement."  MEF denies any remaining allegations contained in

13  Paragraph 6 of the Complaint.

14  **II.    <u>JURISDICTION AND VENUE</u>**

15      7.     In response to the allegations contained in Paragraph 7 of the Complaint, the

16  allegations contained therein are legal conclusions to which no response is required.  To the

17  extent a response is deemed required to the allegations contained in Paragraph 7 of the

18  Complaint, MEF denies the allegations contained therein.

19      8.     In response to the allegations contained in Paragraph 8 of the Complaint, the

20  allegations contained therein are legal conclusions to which no response is required.  To the

21  extent a response is deemed required to the allegations contained in Paragraph 8 of the

22  Complaint, MEF denies the allegations contained therein.

23  **III.   <u>PARTIES</u>**

24      **A.    PLAINTIFFS' EXPERIENCE WITH DEFENDANT**

25      9.     In response to the allegations contained in Paragraph 9 of the Complaint, MEF

26  states that it lacks sufficient knowledge or information to form a belief as to the truth of the

27  allegations contained therein and therefore denies them.  MEF affirmatively denies that Plaintiff

28

McKinney-Drobnis signed a membership agreement or any other contract to which MEF is a party.  MEF denies any remaining allegations contained in Paragraph 9 of the Complaint.

10.     In response to the allegations contained in Paragraph 10 of the Complaint, MEF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

11.     In response to the allegations contained in Paragraph 11 of the Complaint, MEF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.  MEF affirmatively denies that Plaintiff Piccola signed a membership agreement or any other contract to which MEF is a party.  MEF denies any remaining allegations contained in Paragraph 11 of the Complaint.

12.     In response to the allegations contained in Paragraph 12 of the Complaint, MEF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

13.     In response to the allegations contained in Paragraph 13 of the Complaint, MEF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.  MEF expressly denies that Plaintiff Berlese signed a membership agreement or any other contract to which MEF is a party.  MEF denies any remaining allegations contained in Paragraph 13 of the Complaint.

14.     In response to the allegations contained in Paragraph 14 of the Complaint, MEF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

**B.     DEFENDANT**

15.     In response to the allegations contained in the first sentence of Paragraph 15 of the Complaint, MEF admits that it is a Delaware limited liability company with its principal place of business in Scottsdale, Arizona.  In response to the allegations contained in the second sentence of Paragraph 15 of the Complaint, MEF admits only that it is a business format franchisor whose sole business is the offering for sale of Massage Envy® franchises.  MEF affirmatively states that all of the Massage Envy® franchised locations in California, Texas, Arizona, and the United

States are independently owned and operated by Massage Envy® franchisees and that MEF does not own or operate any Massage Envy® franchises in the United States.   The remaining allegations contained in Paragraph 15 of the Complaint, including footnote 1, are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 15 of the Complaint, MEF denies any remaining allegations contained in Paragraph 15 of the Complaint.

16.     In response to the allegations contained in Paragraph 16 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 16 of the Complaint, MEF denies the allegations contained therein.

**IV.   <u>SUBSTANTIVE ALLEGATIONS</u>**

17.     In response to the allegations contained in Paragraph 17 of the Complaint, MEF denies the allegations contained therein.  MEF affirmatively states that it does not employ any of the massage therapists who work at the more than 1,000 independently owned and operated Massage Envy® franchised locations in the United States.

18.     In response to the allegations contained in Paragraph 18 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 18 of the Complaint, MEF denies the allegations contained therein.

19.     In response to the allegations contained in Paragraph 19 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 19 of the Complaint, MEF states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.  MEF affirmatively states that it is not in the business of providing, and does not provide, massage services and does not enter "Membership Agreements" with consumers.  MEF denies any remaining allegations contained in Paragraph 19 of the Complaint.

20.     In response to the allegations contained in Paragraph 20 of the Complaint, including footnote 2, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 20 of the Complaint, MEF states that there is no single "Membership Agreement" that all members of independently owned and operated Massage Envy® franchised locations enter or execute and that each member's "Membership Agreement" speaks for itself and is the best evidence of its terms.  MEF denies any allegations that are contrary to the express terms of each member's "Membership Agreement."   MEF denies any remaining allegations contained in Paragraph 20 of the Complaint.

21.     In response to the allegations contained in Paragraph 21 of the Complaint, including footnote 3, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 21 of the Complaint, MEF states that there is no single "Membership Agreement" that all members of independently owned and operated Massage Envy® franchised locations enter or execute and that each member's "Membership Agreement" speaks for itself and is the best evidence of its terms.  MEF denies any allegations that are contrary to the express terms of each member's "Membership Agreement."   MEF denies any remaining allegations contained in Paragraph 21 of the Complaint.

22.     In response to the allegations contained in Paragraph 22 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 22 of the Complaint, MEF states that there is no single "Membership Agreement" that all members of independently owned and operated Massage Envy® franchised locations enter or execute and that each member's "Membership Agreement" speaks for itself and is the best evidence of its terms.  MEF affirmatively states that members of independently owned and operated Massage Envy® franchised locations do not pay any membership fees to MEF.  MEF denies any allegations that are contrary to the express terms of each member's "Membership Agreement."   MEF denies any remaining allegations contained in Paragraph 22 of the Complaint.

23.     In response to the allegations contained in Paragraph 23 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 23 of the Complaint, MEF denies the allegations contained therein.

24.     In response to the allegations contained in Paragraph 24 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 24 of the Complaint, MEF denies the allegations contained therein.  MEF affirmatively states that members of independently owned and Massage Envy® franchised locations do not pay any membership fees to MEF.

25.     In response to the allegations contained in Paragraph 25 of the Complaint, including footnotes 4-7, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 25 of the Complaint, MEF denies the allegations contained therein.

**V.      CLASS ACTION ALLEGATIONS**

26.     In response to the allegations contained in Paragraph 26 of the Complaint, MEF states that the allegations contained therein discuss Plaintiffs' intent regarding the filing of the Complaint and are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 26 of the Complaint, MEF denies the allegations contained therein.

27.     In response to the allegations contained in Paragraph 27 of the Complaint, many of the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 27 of the Complaint, MEF denies the allegations contained therein.

28.     In response to the allegations contained in Paragraph 28 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 28 of the Complaint, MEF denies the allegations contained therein.  MEF affirmatively states that members

of independently owned and operated Massage Envy® franchised locations do not pay any membership fees to MEF.

29.     The allegations contained in Paragraph 29 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 29 of the Complaint, MEF denies the allegations contained therein.

30.     The allegations contained in Paragraph 30 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 30 of the Complaint, MEF denies the allegations contained therein.

31.     The allegations contained in Paragraph 31 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 31 of the Complaint, MEF denies the allegations contained therein.

32.     The allegations contained in Paragraph 32 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 32 of the Complaint, MEF denies the allegations contained therein.

33.     The allegations contained in Paragraph 33 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 33 of the Complaint, MEF denies the allegations contained therein.

34.     The allegations contained in Paragraph 34 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 34 of the Complaint, MEF denies the allegations contained therein.

**COUNT ONE**
**Breach of Contract and the Implied Covenant**
**of Good Faith and Fair Dealing**
**(On Behalf of the Class)**

35.     MEF incorporates and realleges its responses to Paragraphs 1 through 34 as if fully set forth herein.

36.     In response to the allegations contained in Paragraph 36 of the Complaint, MEF denies the allegations contained therein.

37.     In response to the allegations contained in Paragraph 37 of the Complaint, MEF denies the allegations contained therein.  MEF affirmatively states that no member, including Plaintiffs and the putative Class members, paid any monthly fee to MEF.

38.     In response to the allegations contained in Paragraph 38 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 38 of the Complaint, MEF denies the allegations contained therein.

39.     In response to the allegations contained in Paragraph 39 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 39 of the Complaint, MEF denies the allegations contained therein.

40.     In response to the allegations contained in Paragraph 40 of the Complaint, MEF denies the allegations contained therein.  MEF affirmatively states that it does not provide massage services and members of independently owned and operated Massage Envy® franchised locations do not pay any fees to MEF.

41.     In response to the allegations contained in Paragraph 41 of the Complaint, the allegations are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 41 of the Complaint, MEF denies the allegations contained therein.

**COUNT TWO**
**Violation of Cal. Civ. Code §§ 1750, *et. seq.* -**
**Consumer Legal Remedies Act**
**(On Behalf of the California Sub-Class)**

42.     MEF incorporates and realleges its responses to Paragraphs 1 through 41 as if fully set forth herein.

43.     In response to the allegations contained in Paragraph 43 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 43 of the Complaint, MEF denies the allegations contained therein.

44.     In response to the allegations contained in Paragraph 44 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 44 of the Complaint, MEF denies the allegations contained therein.

45.     In response to the allegations contained in Paragraph 45 of the Complaint, MEF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

46.     In response to the allegations contained in Paragraph 46 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 46 of the Complaint, MEF denies the allegations contained therein.

47.     In response to the allegations contained in Paragraph 47 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 47 of the Complaint, MEF states that the "terms and conditions" of each member's "Membership Agreement" speak for themselves and are the best evidence of their terms.  MEF denies any allegations that are contrary to the express terms of any "terms and conditions" in each member's "Membership Agreement."  MEF denies any remaining allegations contained in Paragraph 47of the Complaint.

48.     In response to the allegations contained in Paragraph 48 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 48 of the Complaint, MEF denies the allegations contained therein.

49.     In response to the allegations contained in Paragraph 49 of the Complaint, many of the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 49 of the Complaint, MEF denies the allegations contained therein.  MEF admits Plaintiffs provided it with a notice via certified mail of alleged CLRA violations pursuant to California Civil Code § 1782(a)

and further responds that the stated notice speaks for itself and is the best evidence of its contents. MEF denies any allegations that are contrary to the express contents of the notice. MEF denies any remaining allegations contained in Paragraph 49 of the Complaint.

**COUNT THREE**
**Violation of Cal. Bus. & Prof. Code §§ 17200,** *et seq.* **–**
**Unlawful Business Acts and Practices**
**(On Behalf of the California Sub-Class)**

50.     MEF incorporates and realleges its responses to Paragraphs 1 through 49 as if fully set forth herein.

51.     In response to the allegations contained in Paragraph 51 of the Complaint, the allegations contained therein are legal conclusions to which no response is required. To the extent a response is deemed required to the allegations contained in Paragraph 51 of the Complaint, MEF denies any remaining allegations contained therein.

52.     In response to the allegations contained in Paragraph 52 of the Complaint, the allegations contained therein are legal conclusions to which no response is required. To the extent a response is deemed required to the allegations contained in Paragraph 52 of the Complaint, MEF denies the allegations contained therein.

53.     In response to the allegations contained in Paragraph 53 of the Complaint, the allegations contained therein are legal conclusions to which no response is required. To the extent a response is deemed required to the allegations contained in Paragraph 53 of the Complaint, MEF states that there is no single "Membership Agreement" that all members of independently owned and operated Massage Envy® franchised locations enter or execute and any "terms and conditions" of each member's "Membership Agreement" speak for themselves and are the best evidence of their terms. MEF denies any allegations that are contrary to the express terms of each member's "Membership Agreement" and any "terms and conditions" in each member's "Membership Agreement." MEF denies any remaining allegations contained in Paragraph 53 of the Complaint.

54.     In response to the allegations contained in Paragraph 54 of the Complaint, the allegations contained therein are legal conclusions to which no response is required. To the

-11-

1   extent a response is deemed required to the allegations contained in Paragraph 54 of the

2   Complaint, MEF states that there is no single "Membership Agreement" that all members of

3   independently owned and operated Massage Envy® franchised locations enter or execute and any

4   "terms and conditions" of each member's "Membership Agreement" speak for themselves and

5   are the best evidence of their terms.  MEF denies any allegations that are contrary to the express

6   terms of each member's "Membership Agreement" and any "terms and conditions" in each

7   member's "Membership Agreement."   MEF denies any remaining allegations contained in

8   Paragraph 54 of the Complaint.

9          55.    In response to the allegations contained in Paragraph 55 of the Complaint, the

10   allegations contained therein are legal conclusions to which no response is required.  To the

11   extent a response is deemed required to the allegations contained in Paragraph 55 of the

12   Complaint, MEF denies the allegations contained therein.

13          56.    In response to the allegations contained in Paragraph 56 of the Complaint, the

14   allegations contained therein are legal conclusions to which no response is required.  To the

15   extent a response is deemed required to the allegations contained in Paragraph 56 of the

16   Complaint, MEF denies the allegations contained therein.  MEF affirmatively states that members

17   of independently owned and operated Massage Envy® franchised locations do not pay any

18   membership fees to MEF.

19          57.    In response to the allegations contained in Paragraph 57 of the Complaint, the

20   allegations contained therein are legal conclusions to which no response is required.  To the

21   extent a response is deemed required to the allegations contained in Paragraph 57 of the

22   Complaint, MEF denies the allegations contained therein.

23                              **COUNT FOUR**
     **Violation of Cal. Bus & Prof. Code §§ 17200, *et seq.* –**
24                    **Unfair Business Acts and Practices**
                   **(On Behalf of the California Sub-Class)**
25
26          58.    MEF incorporates and realleges its responses to Paragraphs 1 through 57 as if fully

     set forth herein.
27
28          59.    In response to the allegations contained in Paragraph 59 of the Complaint, the

allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 59 of the Complaint, MEF denies the allegations contained therein.

60.    In response to the allegations contained in Paragraph 60 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 60 of the Complaint, MEF states that there is no single "Membership Agreement" that all members of independently owned and operated Massage Envy® franchised locations enter or execute and any "terms and conditions" in each member's "Membership Agreement" speak for themselves and are the best evidence of their terms.  MEF denies any allegations that are contrary to the express terms of each member's "Membership Agreement" and any "terms and conditions" in each member's "Membership Agreement."    MEF denies any remaining allegations contained in Paragraph 60 of the Complaint.

61.    In response to the allegations contained in Paragraph 61 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 61 of the Complaint, MEF denies the allegations contained therein.

62.    In response to the allegations contained in Paragraph 62 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 62 of the Complaint, MEF denies the allegations contained therein.

63.    In response to the allegations contained in Paragraph 63 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 63 of the Complaint, MEF denies the allegations contained therein.

64.    In response to the allegations contained in Paragraph 64 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 64 of the

1    Complaint, MEF denies the allegations contained therein.

2        65.    In response to the allegations contained in Paragraph 65 of the Complaint, the

3    allegations contained therein are legal conclusions to which no response is required.   To the

4    extent a response is deemed required to the allegations contained in Paragraph 65 of the

5    Complaint, MEF denies the allegations contained therein.

6                              **COUNT FIVE**
                  **Violation of Cal. Bus & Prof. Code §§ 17200, *et seq.* –**
7                     **Fraudulent Business Acts and Practices**
                      **(On Behalf of the California Sub-Class)**

8
9        66.    MEF incorporates and realleges its responses to Paragraphs 1 through 65 as if fully
     set forth herein.

10
11       67.    In response to the allegations contained in Paragraph 67 of the Complaint, the

12   allegations contained therein are legal conclusions to which no response is required.   To the

13   extent a response is deemed required to the allegations contained in Paragraph 67 of the

14   Complaint, MEF denies the allegations contained therein.

15       68.    In response to the allegations contained in Paragraph 68 of the Complaint, the

16   allegations contained therein are legal conclusions to which no response is required.   To the

17   extent a response is deemed required to the allegations contained in Paragraph 68 of the

18   Complaint, MEF denies the allegations contained therein.

19       69.    In response to the allegations contained in Paragraph 69 of the Complaint, the

20   allegations contained therein are legal conclusions to which no response is required.   To the

21   extent a response is deemed required to the allegations contained in Paragraph 69 of the

22   Complaint, MEF denies the allegations contained therein.

23       70.    In response to the allegations contained in Paragraph 70 of the Complaint, the

24   allegations contained therein are legal conclusions to which no response is required.   To the

25   extent a response is deemed required to the allegations contained in Paragraph 70 of the

26   Complaint, MEF denies the allegations contained therein.

27       71.    In response to the allegations contained in Paragraph 71 of the Complaint, the

28   allegations contained therein are legal conclusions to which no response is required.   To the

extent a response is deemed required to the allegations contained in Paragraph 71 of the Complaint, MEF denies the allegations contained therein.

72.     In response to the allegations contained in Paragraph 72 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 72 of the Complaint, MEF denies the allegations contained therein.

**COUNT SIX**
**Declaratory Relief Pursuant to 28 U.S.C. § 2201 -**
**The Declaratory Judgment Act**
**(On Behalf of the Class)**

73.     MEF incorporates and realleges its responses to Paragraphs 1 through 72 as if fully set forth herein.

74.     In response to the allegations contained in Paragraph 74 of the Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 74 of the Complaint, MEF denies the allegations contained therein.

75.     In response to the allegations contained in Paragraph 75 of the Complaint, MEF responds that the allegations contained therein discuss Plaintiffs' intent regarding the filing of the Complaint and contain legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 75 of the Complaint, MEF denies the allegations contained therein.

## VI.   PRAYER FOR RELIEF

MEF denies that Plaintiffs are entitled to any relief against MEF, including but not limited to the relief sought in Paragraphs A through G on pages 19–20 of the Complaint.

### ADDITIONAL DEFENSES

MEF denies all allegations and/or legal conclusions set forth in the Complaint that have not been previously admitted, denied, or explained.  In addition, MEF pleads the affirmative defenses set forth below, without assuming the burden of proof on any such defense that would otherwise fall on Plaintiffs.  MEF reserves the right to supplement or amend this Answer to assert

additional affirmative defenses in the event that discovery or other future events indicate that additional or different defenses are appropriate.  MEF affirmatively states as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted)

The Complaint, and each allegation contained therein, fails to state facts sufficient to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Res Judicata)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of res judicata because Plaintiffs are members of a class that was certified for settlement purposes who did not opt-out of the preliminarily-approved settlement.  *See Donna Zizian v. Massage Envy Franchising, LLC*, Civ. No. 16-cv-00783-DMS-BGS (S.D. Cal.) and *Michelle Bandell, et al. v. Massage Envy Franchising, LLC*, Civ. No. 16-cv-01236 GPC (BGS) (S.D. Cal.) (collectively, the "*Zizian* Settlement").  The claims of absent class members are barred, in whole or in part, by the doctrine of res judicata due to the *Zizian* Settlement and the class action settlement in *Hahn v. Massage Envy Franchising, LLC*, Civ. No. 3:12-cv-00153-DMS-BGS (S.D. Cal.) (the "*Hahn* Settlement").

## THIRD AFFIRMATIVE DEFENSE

### (Claims Released)

Plaintiffs' claims, and those of the putative class and/or subclass members they seek to represent, are barred, in whole or in part, by the releases afforded to MEF in prior class action settlements and/or will be barred, in whole or in part, by releases afforded in a class action settlement.  *See Zizian* Settlement; *Hahn* Settlement.

## FOURTH AFFIRMATIVE DEFENSE

### (Impermissible Claims Splitting)

The Complaint, and each and every claim for relief set forth therein, is barred by application of the doctrine of claim splitting.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and each and every claim for relief set forth therein, is barred by application of the equitable doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each and every claim for relief set forth therein, is barred by application of the equitable doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint, and each and every claim for relief set forth therein, is barred because Plaintiffs and/or members of the putative class and/or subclass Plaintiffs seek to represent, by their actions, have waived any claim they may have had against MEF, to the extent they had any such claim (which MEF denies), because, among other reasons, they did not opt-out of the class settlements in the *Hahn* action and/or the *Zizian* action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint, and each and every claim for relief set forth therein, is barred because as a result of the acts and omissions in the matters relevant to this Complaint, Plaintiffs and/or members of the putative class and/or subclass Plaintiffs seek to represent have unclean hands and are therefore barred from asserting any equitable claims against MEF.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs and/or members of the putative class and/or subclass Plaintiffs seek to represent have failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained by any action or inaction of MEF, and any recovery by Plaintiffs and/or the putative class and/or subclass Plaintiffs seek to represent must be diminished or barred by reason thereof.

1

## TENTH AFFIRMATIVE DEFENSE

2

### (Offset)

3   Without conceding that any act of MEF caused damage to Plaintiffs and/or any member of

4   the putative class and/or subclass Plaintiffs seek to represent, MEF is entitled to offset and recoup

5   against any judgment that may be entered against them for all obligations of Plaintiffs and/or the

6   putative class and/or subclass Plaintiffs seek to represent owing to MEF and/or for the value of

7   the services Plaintiffs and/or any member of the putative class and/or subclass Plaintiffs seek to

8   represent received from MEF and/or any independently owned and operated Massage Envy®

9   franchised location.

10

## ELEVENTH AFFIRMATIVE DEFENSE

11

### (Business Justification)

12   Without conceding that any act of MEF caused damage to Plaintiffs and/or any member of

13   the putative class and/or subclass Plaintiffs seek to represent, the Complaint, and each and every

14   claim for relief set forth therein, is barred in that MEF has at all times acted with good faith

15   business justifications that outweighed any possible detriment to consumers, including Plaintiffs

16   and/or members of the putative class and/or subclass Plaintiffs seek to represent.

17

## TWELFTH AFFIRMATIVE DEFENSE

18

### (Lack of Standing)

19   Plaintiffs lack standing to bring any of the purported causes of action alleged in the

20   Complaint as an individual action or as a class or as a representative of a purported class of

21   "similarly situated" yet unnamed plaintiffs.

22

## THIRTEENTH AFFIRMATIVE DEFENSE

23

### (Consent)

24   Plaintiffs and/or members of the putative class and/or subclass Plaintiffs seek to represent

25   consented to and approved all the acts and omissions about which Plaintiffs now complain.  In

26   addition to other manifestations of consent, Plaintiffs and/or members of the putative class and/or

27   subclass Plaintiffs seek to represent allegedly signed contracts expressly evidencing consent to

28

1 the terms of thereof.  Accordingly, Plaintiffs and/or members of the putative class and/or subclass

2 Plaintiffs seek to represent are barred from pursuing this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Good Faith)**

The Complaint, and each and every claim for relief set forth therein, is barred in that MEF

has at all times acted in good faith and without malice toward Plaintiffs and/or any members of

the putative class and/or subclass Plaintiffs seek to represent and in accordance with applicable

law.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Express Contractual Terms Govern Conduct)**

Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is

barred, in whole or in part, because express terms of the subject contracts govern the conduct

forming the basis of Plaintiffs' claims and/or the claims of the putative class and/or subclass

Plaintiffs seek to represent.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Lack of Proximate Cause)**

On information and belief, the damages sustained by Plaintiffs and/or the putative class

and/or subclass Plaintiffs seek to represent, if any, were the result of actions or inactions of

persons or entities other than MEF, including Plaintiffs and the independently owned and

operated Massage Envy® franchised locations, and the acts, omissions, or liabilities of such

persons and entities were the sole proximate cause of the damages claimed by Plaintiffs and/or

the putative class and/or subclass Plaintiffs seek to represent in the Complaint, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Unconstitutional as Class Action)**

As a defense to all of Plaintiffs' claims, MEF alleges that this action may not be properly

maintained or certified as a class action because Plaintiffs cannot satisfy Federal Rule of Civil

Procedure 23 as their proposed class and subclass are not sufficiently numerous, they cannot

satisfy the commonality or typicality requirements, and/or neither Plaintiffs nor their counsel are

-19-

adequate to represent the proposed class and subclass.  Accordingly, if any aspect of this action is certified as a class action, MEF's rights under the Fifth and Seventh Amendments of the United States Constitution will be violated.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Counsel Inadequate to Represent Proposed Class)

As a defense to all of Plaintiffs' claims, MEF alleges that Plaintiffs' counsel, Jeffrey R. Krinsk, and/or his law firm, Finkelstein & Krinsk LLP, are inadequate to represent Plaintiff and members of the putative class who are former members of Massage Envy® franchised locations. *See* Order of Final Approval of Amended Class Action Settlement, *Hahn v. Massage Envy Franchising, LLC et al*., No. 3:12-cv-00153-DMS-BGS (S.D. Cal. July 5, 2016), ECF No. 393.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Conduct Not "Unlawful," "Unfair," or "Fraudulent")

Plaintiffs' third, fourth, and fifth Causes of Action, under California Business & Professions Code §§ 17200 *et seq*., are barred because no action or inaction by MEF was unfair, unlawful, fraudulent, or likely to mislead.  Any conduct or dealings by MEF giving rise to the claims asserted in the Complaint were lawful, as authorized by applicable state and federal statutes, rules, and regulations; and such actions, conduct, and dealings were carried out in good faith and for legitimate business purposes.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Taking)

As a defense to the third, fourth, and fifth Causes of Action, MEF alleges that Plaintiffs' demand for restitution is barred because any award of restitution under California Business & Professions Code §§ 17200 *et seq*. would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment of the United States Constitution (as incorporated into the Fourteenth Amendment to the United States Constitution) and of Article I, Section 19, of the California Constitution because neither the Plaintiffs nor the putative class and/or subclass members Plaintiffs seek to represent paid any membership fees or other fees to MEF.

1

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

2

**(No Vicarious Liability Under the UCL)**

3

Plaintiffs' third, fourth, and fifth Causes of Action, under California Business &

4

Professions Code §§ 17200 *et seq*. claims, which are based on MEF's alleged vicarious liability

5

for membership agreements between Plaintiffs and independently owned and operated Massage

6

Envy® franchised locations, are barred because the UCL does not recognize vicarious liability.

7

*See Emery v. Visa Int'l Service Ass'n*, 95 Cal. App. 4th 952, 960 (2002); *People v. Toomey*, 157

8

Cal. App. 3d 1, 14 (1984); *see also Perfect 10, Inc. v. Visa Int'l Service Ass'n*, 494 F.3d 788, 808-

9

09 (9th Cir. 2007).

10

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

11

**(Unconstitutional Vagueness)**

12

Plaintiffs' fourth Cause of Action, under California Business & Professions Code

13

§§ 17200 *et seq*., is unconstitutionally vague under the Due Process Clause of the Fourteenth

14

Amendment to the United States Constitution and Article I, Section 7, of the California

15

Constitution to the extent that it purports to allow recovery for "unfair" business practices.

16

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

17

**(Unjust Enrichment)**

18

The claims in the Complaint are barred, in whole or in part, because Plaintiffs would be

19

unjustly enriched if they recovered any monetary relief from MEF.

20

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

21

**(No Grounds for Attorneys' Fees)**

22

MEF alleges that Plaintiffs' prayer for attorneys' fees and costs is barred because

23

Plaintiffs do not and cannot satisfy the requirements of the Federal Rules of Civil Procedure or

24

other applicable rules or statutes governing the award of attorneys' fees and/or costs.

25

///

26

///

27

///

28

///

1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

2

### (Damages Speculative)

3

The damages Plaintiffs and/or the putative class and/or subclass Plaintiffs seek to

4 represent allegedly incurred are speculative and therefore the prayer for damages in the

5 Complaint is barred.

6

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

7

### (No Prejudgment Interest)

8

Plaintiffs are not entitled to prejudgment interest because neither they nor the putative

9 class and/or subclass Plaintiffs seek to represent are entitled to recover any damages giving rise to

10 such interest or any damages at all.

11

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

12

### (Failure to Join Indispensable Parties)

13

Plaintiffs are not entitled to any relief they seek because they have failed to join

14 indispensable parties to this action as required by Federal Rule of Civil Procedure 19, namely the

15 Massage Envy® franchises that entered Membership Agreements with Plaintiffs and/or the

16 putative class and/or subclass Plaintiffs seek to represent.

17

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

18

### (No Liability for Acts of Alleged Agents)

19

If the Massage Envy® franchisees with whom Plaintiffs entered the subject membership

20 agreements are found to have been agents of MEF, which MEF disputes, their alleged conduct

21 was not authorized or ratified by MEF and MEF is not liable for their conduct.

22

## TWENTY-NINTH AFFIRMATIVE DEFENSE

23

### (Miscellaneous)

24

With respect to absent class members, MEF asserts and reserves all affirmative defenses

25 and claims, including, but not limited to (1) defenses of lack of jurisdiction, standing, preemption,

26 res judicata, collateral estoppel, statute of limitations, laches, discharge in bankruptcy, claim

27 preclusion, release, settlement, judgment, waiver, or similar concepts; (2) affirmative defenses of

28 the nature listed herein with respect to Plaintiffs' claims; and (3) such other defenses as may be

-22-

1   revealed upon review of the facts and circumstances of Plaintiffs' alleged transactions.

2                                    **JURY DEMAND**

3       MEF demands a trial by jury on all issues so triable as a matter of right.

4                                  **PRAYER FOR RELIEF**

5       WHEREFORE, MEF prays as follows:

6       1.      Plaintiffs take nothing by reason of their Complaint and that judgment be rendered

7   in favor of MEF;

8       2.      MEF be awarded costs of suit incurred herein; and

9       3.      For such other and further relief as the Court deems just and proper.

10

    Dated: January 6, 2017                    SACKS RICKETTS & CASE

11

12                                      By____*/s/ Luanne Sacks*_____
                                            Luanne Sacks
13                                          Cynthia A Ricketts (admitted *pro hac vice*)
                                            Robert B. Bader
14
                                            Attorneys for Defendant
15                                          Massage Envy Franchising, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

MASSAGE ENVY FRANCHISING, LLC'S ANSWER TO CLASS ACTION COMPLAINT
3:16-CV-6450-MMC