1  Jeffrey R. Krinsk, Esq.  (CA Bar No. 109234)
   jrk@classactionlaw.com
2  Trenton R. Kashima, Esq. (CA Bar No. 291405)
   trk@classactionlaw.com
3  FINKELSTEIN & KRINSK LLP
   550 C Street, Suite 1760
4  San Diego, California 92101
   Telephone: (619) 238-1333
5  Facsimile: (619) 238-5425

6  Attorneys for Plaintiffs
   and the Class
7

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11 BAERBEL MCKINNEY-DROBNIS, JOSEPH          Case No.
   B. PICCOLA, and  CAMILLE BERLESE,
12 individually and on behalf of all others similarly   **AMENDED CLASS ACTION
   situated                                  COMPLAINT FOR:**
13
                              Plaintiffs,      **(1) BREACH OF CONTRACT -
14                                                  VIOLATION OF THE IMPLIED
            v.                                      COVENANT OF GOOD FAITH
15                                                  AND FAIR DEALING**

16 MASSAGE ENVY FRANCHISING, LLC, a
   Delaware Limited Liability Company,        **(2) INTENTIONAL INTERFERENCE
17                                                  WITH CONTRACTUAL
                              Defendant.            RELATIONS;**
18
                                              **(3) VIOLATION OF CAL. CIV. CODE
19                                                 §§ 1750, *et seq.*;**

20                                            **(4) VIOLATION OF CAL. BUS. &
                                                  PROF. CODE § 17200, *et seq.*;**
21
                                              **(5) DECLARATORY RELIEF
22                                                 PURSUANT TO THE
                                                   DECLARATORY JUDGMENT
23                                                 ACT, 28 U.S.C. § 2201**

24                                            **JURY TRIAL DEMANDED**
25

26

27

28

Plaintiffs Baerbel McKinney-Drobnis, Joseph B. Piccola, and Camille Berlese ("Plaintiffs") allege as to themselves based on their own experience, and as to all other allegations, based upon the investigation of counsel, which included, *inter alia*, a review of complaints, reports, advisories, press releases, information available on various websites, and media reports about or concerning defendant Massage Envy Franchising, LLC ("Massage Envy" or "Defendant") as follows:

## I.   **INTRODUCTION**

1.     Massage Envy is a membership based massage franchise that, by its standard business practices, attracts customers to join its program that, basically, entitles members to receive one fifty minute massage per month in exchange for a monthly fee that ranges between approximately $39.00 to $59.00 (depending on geographic region).  Upon a consumer enrolling in Massage Envy's membership program, they must execute Massage Envy's form Membership Agreement that states in substantially identical language that:

> For those choosing to pay on a monthly basis: "[y]our membership dues of $[X dollar amount] (not including any additional applicable taxes) are due on or after the _____ day of each month hereafter *until your membership expires or is terminated in accordance with this agreement*."

(Emphasis added). Or, for customers choosing to pay in full for a given term, "[y]our payment of $[dollar amount] is due today."  That is, a customer contracts to pay an explicit, locked in fee for the entire membership term, payable either in one lump sum or in equal monthly installments (based on the length of the term in the Membership Agreement).

2.     Upon expiration of the initial term of the Membership Agreement, a customer's membership is automatically renewed pursuant to the form Membership Agreement, stating in substantially identical language that "[f]ollowing the initial term, your membership will automatically continue on a month-to-month basis at $[X dollar amount] per month *until your membership is cancelled*."  (Emphasis added).  The Membership Agreement thereby represents that a Massage Envy customer will pay a set, agreed upon monthly fee until their Membership Agreement is cancelled.  The automatic renewal provision is also one of only two provisions in the Membership Agreement that are required to be initialed by the consumer at the time the contract is executed.

CLASS ACTION COMPLAINT                                                    - 1 -

3.      Massage Envy, however, has failed to abide by its contract.  After execution of the Membership Agreement, thus locking in the monthly membership fee amount (both for the original term and renewal term(s)), Massage Envy unilaterally raises the monthly membership fee amount without consent of the customer.  While this fee increase was initially small (only 99 cents), Defendant has continued to increase its membership fees without justification (and at times without notice) in some cases over thirty-five percent.  As a result, Defendant has collected millions of dollars' attributable to monthly membership fees without a contractual provision allowing the fee increases to occur.  Often, Massage Envy customers do not know that their obligated payments have increased to an amount greater than contractually imposed on them due to the nature of Defendant's automatic billing.

4.      Defendant's business model makes it very difficult for a member to discontinue the membership in order to avoid the increased fee (if noticed) as Defendant requires customers to prepay for their massages.  This results in many customers having a "bank" of accrued massages that must be used before cancellation of their membership and thus a corresponding loss of these earlier prepaid massages when they cancel.  Given the limited ability of the customers to immediately terminate the Membership Agreement (assuming the fee increase is noticed), Plaintiffs and the putative Class pay an amount far greater than the contracted obligation.  The Membership Agreement restricts a member's ability to cancel the contract during the initial term, allowing cancellation if, and only if: (1) the member permanently relocates their residence more than 25 miles from any Massage Envy or Massage Envy Spa or (2) a physician certifies that the member is physically unable to receive massage services, both circumstances dependent on approval by Massage Envy.  Cancellations require 30 days written notice and only become effective 30 days after the date of the member's last payment.

5.      Accordingly, Plaintiffs bring this class action to remedy Defendant's unlawful practices (often referred to as bait-and-switch marketing).  Defendant's unilateral price increases breach the customer's Membership Agreement and violates Massage Envy's implied covenant of good faith and fair dealing given the law of each of the fifty states.  Relative to the California Sub-Class, Massage Envy's practice of agreeing to a set monthly membership fee for the duration of a

customer's membership followed by a unilateral fee increase is prohibited by California Civil Code § 1770(a)(4), forbidding "[u]sing deceptive representations . . . in connection with goods or services" and California Civil Code § 1770(a)(9), prohibiting "[a]dvertising goods or services with intent not to sell them as advertised." Further, by embedding unconscionably vague language in the terms and conditions to allow Defendant to unilaterally increase the monthly membership fee of the Membership Agreement, Defendants conduct violates California Civil Code § 1770(a)(19), which forbids "[i]nserting an unconscionable provision in the contract." Defendant's contract is thus unenforceable pursuant to California Civil Code § 1670.5. For consumers that are California Sub-Class members, Massage Envy's violations (of law and public policy) are "unlawful" business practices under California's Unfair Competition Law (the "UCL," CAL. BUS. & PROF. CODE §§ 17200 *et seq.*) as well as the Consumer Legal Remedies Act ("CLRA," CAL. CIV. CODE §§ 1750 *et seq.*).

6.      This class action seeks restitution of all fees paid by Defendant's customers in excess of the contracted amounts set forth in their Membership Agreements, injunctive relief preventing the recurrence and perpetuation of Defendant's improper conduct, declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, and such other relief as allowed by law or equity.

## II.      JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action pursuant to the Class Action Fairness Act. Defendant and members of the Class are residents of different states and Plaintiffs allege that the cumulative amount in controversy for Plaintiffs and the Class exceed $5 million, exclusive of interest and costs.

8.      Venue is proper in this District pursuant to 28 U.S.C. §1391(a) and (c) because many of the acts and transactions giving rise to the violations of law complained of herein occurred in this District and because Defendant:

(a)      conducts business itself or through agent(s) in this district, by providing services to Class members located in this District; and/or

CLASS ACTION COMPLAINT                                                                      - 3 -

(b)     undertakes and/or participates in the marketing of Massage Envy services to consumers;

(c)     is licensed or registered to conduct business in this District; and/or

(d)     otherwise maintains sufficient contacts with this District to justify Defendant being fairly brought into the court of this District.

III.    **PARTIES**

A.      **PLAINTIFFS' EXPERIENCE WITH DEFENDANT**

9.      Plaintiff Baerbel McKinney-Drobnis ("Ms. McKinney-Drobnis") is, and at all times relevant hereto was, a resident of the County of Marin, and a citizen of California.  Ms. McKinney-Drobnis bought a Massage Envy membership at the Massage Envy "clinic" located at 160 Donahue Street, Sausalito, California, on or about October 12, 2007.  Ms. McKinney-Drobnis signed the standardized Membership Agreement, it providing for a monthly membership fee of $59.00.  Ms. McKinney-Drobnis's contract with Massage Envy had an initial term of seven months (from October 12, 2007 until May 12, 2008), with automatic renewal that thereafter continued the contract month-to-month at a stated fee of $59.00 per month until her membership was cancelled.

10.     On or about December 2013, Massage Envy unilaterally increased the monthly membership fee amount from $59.00 to $59.99.  Ms. McKinney-Drobnis received no notice of the price increase and failed to notice the increase because it was a recurring charge and the increase amount was small.  Ms. McKinney-Drobnis paid Massage Envy approximately seventy-two (72) monthly membership fee installments of $59.00 each and approximately thirty-four (34) monthly membership fee installments of $59.99 each.

11.     Plaintiff Joseph B. Piccola ("Mr. Piccola") is, and at all times relevant hereto was, a resident of the County of Dallas, and a citizen of Texas.  Mr. Piccola bought a Massage Envy membership at the Massage Envy clinic located at 9440 Garland Road, Suite 174, Dallas, Texas, on or about June 28, 2010.  Mr. Piccola signed a standardized Membership Agreement that provided for a monthly membership fee of $49.00 during the initial term.  Mr. Piccola's contract with Massage Envy had an initial term of thirteen months (from June 28, 2010 until July 28, 2011),

CLASS ACTION COMPLAINT                                                                    - 4 -

1    with an automatic renewal clause that continued the contract on a month-to-month basis at a stated

2    fee of $49.00 per month until his membership is cancelled.

3         12.    Like other members of the Class, Massage Envy unilaterally increased Mr. Piccola's

4    monthly membership fee (once in April 2014 ($0.99 increase) and again in February 2016 ($10.00

5    increase)).   Mr. Piccola did not receive notice with respect to the first increase of $0.99.   Mr.

6    Piccola paid Massage Envy approximately forty-five (45) monthly membership fee installments at

7    $49.00 each, approximately twenty-one (21) monthly membership fee installments at $49.99 each,

8    and approximately eight (8) monthly membership installments at $59.99 each.

9         13.    Plaintiff Camille Berlese ("Mrs. Berlese") is, and at all times relevant hereto was, a

10   resident of the County of Maricopa, and a citizen of Arizona.  Mrs. Berlese purchased her Massage

11   Envy membership at a Massage Envy clinic located at 7000 E. Mayo Blvd, Building 8, Suite 1052,

12   Phoenix, Arizona, on or about June 14, 2011.  Mrs. Berlese signed a standardized Membership

13   Agreement that provided for a monthly membership fee of $39.00.  Mrs. Berlese's contract with

14   Massage Envy had an initial term of thirteen months (from June 14, 2011 until July 14, 2012), with

15   the automatic renewal clause continuing the contract on a month-to-month basis for a stated fee of

16   $39.00 per month until her membership is cancelled.

17        14.    Massage Envy unilaterally increased Mrs. Berlese's monthly membership fee (once

18   in March 2014 ($0.99 increase) and again in September 2016 ($15.01 increase)).  Mrs. Berlese did

19   not receive notice regarding the first $0.99 increase.   Mrs. Berlese paid Massage Envy

20   approximately thirty-three (33) monthly membership fee installments at $39.00 each and

21   approximately thirty (30) monthly membership fee installments at $39.99 each.

22        **B.    DEFENDANT**

23        15.    Defendant Massage Envy is a Delaware Limited Liability Company with its

24   principal place of business in Scottsdale, Arizona.  Massage Envy is the franchisor and monitors,

25   regulates, controls and directs the Massage Envy clinics nationally, including California, Texas and

26   Arizona. Massage Envy requires each Massage Envy clinic to (1) use its Membership Agreements,

27   including the requirement that Plaintiff and the Class "agree to pay [Massage Envy] for the

28

CLASS ACTION COMPLAINT                                                              - 5 -

membership, goods and services according to the payment schedule above,"[1] (2) abide by its rules, and (3) contribute to funding pools intended for advertising and marketing.

16.    Massage Envy owns Plaintiffs' (and the putative Class') membership accounts as well as corresponding information, and permits Plaintiffs and the putative Class to redeem pre-paid massages at Massage Envy clinics throughout the nation.  In addition, Massage Envy maintains operational control over most, if not all, aspects of its national clinics, including but not limited to, the "System Standards" applied through Massage Envy's "Operations Manual."  Massage Envy controls the franchisees, including the pricing of goods and services offered by its franchisees.  In addition, the Massage Envy Franchise Agreement gives Massage Envy the right to cancel a clinic's Franchise Agreement if it does not continually conform to Massage Envy's prescribed operating standards.

IV.    **SUBSTANTIVE ALLEGATIONS**

17.    Massage Envy describes itself as a "pioneer and national leader of affordable massage and spa services." In fact, Massage Envy is the world's largest employer of licensed/registered massage therapists, with more than 25,000 therapists providing over 250,000 massages every week. Massage Envy claims to have provided over 90 million massages, in over 1,000 clinics in the United States, making it the nation's largest massage chain.  Massage Envy has over 1.65 million members.

18.    In 2002, Massage Envy created a consumer massage business model designed to mimic the "health club" membership paradigm.  Unlike a health club, however, Plaintiffs and putative Class members do not purchase the right to *access and use Massage Envy's facilities*, instead purchasing a pre-paid, transferrable massage treatment in exchange for a monthly fee ranging from $39.00 to $59.00.  The "membership" dimension of Defendant's business model arises from the recurring nature of Defendant's monthly charges, not from the exclusivity members

---

[1] The "payment schedule above" refers to the first section of the Membership Agreement titled "Membership Description & Payment Schedule," which is where the contracted monthly membership fee amount is stated, both for the original term and renewal term.

1  receive to use Massage Envy's services.   In fact, non-members can purchase anything from

2  Defendant that Plaintiff and putative Class members can purchase.

3         19.     When a prospective customer initially visits a Massage Envy clinic, the prospect is

4  offered a massage at an "introductory price."   Immediately after the prospective customer has

5  received their massage treatment and is in a relaxed mood, Defendant's protocol is to then

6  immediately offer the candidate a Massage Envy membership.   The candidate is required to sign

7  Massage Envy's standardized adhesion contract to proceed with membership and must commit to

8  paying the recurring monthly fee that is offered as a one-time, take it or leave it opportunity (the

9  "Membership Agreement").

10         20.     Plaintiffs and each putative Class member has signed the Massage Envy

11  Membership Agreement for personal, family, or household purposes.   The text of Massage Envy's

12  Membership Agreement provides:[2]

13  - "Your membership dues of $[amount] (not including any additional applicable taxes) [will
      be due on ___ and then due on or after the same day of each month / are due on or after the
14      ___ day of each month] hereafter until your membership expires or is terminated in
      accordance with this agreement."

15
16  - "Following the initial term, your membership will automatically continue on a month-to-
      month basis at [$[dollar amount] per month / the monthly rate] until your membership is
      cancelled [by you]."

17
18  - "You agree to pay us for the membership, goods and services according to the payment
      schedule."

19  - "You may cancel your membership during the initial term only in the event that, (a) you
      permanently relocate your residence more than a 25 mile radius  away from any Massage
20      Envy or Massage Envy Spa; or (b) a physician certifies that you are unable to receive
      massage or facial services.   All cancellation requests MUST be accompanied by written
21      proof of relocation (e.g., Mortgage or Rental agreement, utility bill, car insurance) or
      submission of Doctor's note. Upon approval of your written request for membership
22      cancellation during the initial membership term, you will be relieved from making any
      future membership dues payments."

23  Each Class member's Massage Envy Membership Agreement is identical, or functionally identical,

24  as to its material terms.

25

26

27  _____

[2] *Variations in the Membership Agreement are provided in brackets.*

28
CLASS ACTION COMPLAINT                                                          - 7 -

21.     Massage Envy's Membership Agreement contains *an express clause with an explicit, locked in amount that is to be paid each month* "until [a member's] membership expires or is terminated in accordance with this agreement."  The membership fee amount for the initial term as well as the auto-renewed extension term are on the first page of the contract.[3] The first page is the only page to the agreement that is required to be signed by the customer.  Additionally, the auto-renewal provision of the agreement, including the monthly fee amount, must be initialed by the new member.  Through this process, each member of the Class is purportedly assured that the membership fee amount will never increase once a they execute the agreement and begin making timely payments.

22.     While the Membership Agreement prohibits unilateral increases of the monthly membership dues, Massage Envy unilaterally increases (often without notice or forewarning) the monthly membership fees owed by its members (increases ranging from 1.68% to as high as 37.53%).  If Defendant increased the monthly fees only ninety-nine cents, it would be a significant (and illegal) windfall.  If Defendant does in fact have 1.65 million members, as represented, a ninety-nine cent increase in monthly fees yields an additional 19.6 million dollars of annual revenue.

23.     Defendant's fee increases are not innocent or accidental, but part of a concerted plan to extract as much money from its captive membership base as possible.  The philosophy of Defendant is inchoate as, for example,  Defendant makes it as "painful" as possible for customers to cancel a membership.  Massage Envy members lose accrued or "banked" massages after cancellation.  Further, cancellation is only effective thirty days after the member's home clinic receives written notice in an allowable form.  As referenced above, Massage Envy members often are unaware that their membership fee is increasing because Massage Envy requires that customers provide a credit card for automatic billing and does not provide a monthly accounting of membership changes.

---

[3] The contracts are one page in length, with supplemental terms and conditions sometimes, but not always, being provided.  Even when provided, however, the terms and conditions are glossed over by Massage Envy and are not required to be signed by members.

24.     Defendant starts its untoward agenda with a small, ninety-nine cent monthly increase, intended to test is customers' price sensitivity and reactions.   After the "test run" Defendant increases its monthly membership fees further.   Regardless of the size of the increase, Defendant's actions are unconscionable and/or a violation of the Membership Agreement. Defendant thus uses its members as a corporate ATM – withdrawing an additional monthly payment in excess of the amount stated in the Membership Agreement.

25.     Massage Envy's unlawful practices generate numerous Internet complaints, the below samples indicative of complaints about Massage Envy's fee increases:

> "I had no idea the rates went up…as told they e-mailed me,,,tThey said they sent me a letter…I received neither have been with them 7 year's…I was a valued customer,sometimes went 3 times a month alway's has 2 hours as I went not for relaxing…I went as my disks and muscles needed it…and they are very good at there work…But to spend almost $125-$175 including tip is way way out of my reach…But was told the increase was to pay for the employee's…they depend on tip's and believe me this will fall into play…From a Loyal customer that way feels burned!!!…"[4]

> "I just received notice they have changed the $39 to $49 as I go every 3 times month…I now want out of this contract..I was told they had to pay the employees more money…they depend on tip's..I have been going 2006 I no longer believe in them..I received no notice as I walked in last week? Even as they told me they e-mailed me as well as a home mail…I get notices all the time about??? How did you like your massage,as well as phone calls…I heard nothing about price increase …NOT HAPPY."[5]

> "I signed up for a Massage Envy membership 3 months ago, and got an e-mail a couple of days ago, letting me know that the membership price was increasing by .99 cents. I contracted for $59.00 per month, NOT 59.99 per month. WTF? Gonna cancel, if they increase before the end of my contract."[6]

> ". . . Now, Massage Envy Mira Mesa has decided to raise all their rates across the board and they are no longer honoring grandfathered rates. The owner, Joe Wang, himself claimed that he has a right to refuse service to anyone, even a person with a valid, contracted ME membership because their rates are too low and he has to run a business. I don't see how this is acceptable to Massage Envy Corporate, and it is surely a poor business practice . . ."[7]

Accordingly, the subject of this complaint is not an isolated problem.  Millions of individuals have suffered from Defendant's failure to abide by the proper contractual obligations and deserve a remedy.

---

[4] http://massageenvyblows.com/no-go/

[5] http://massageenvyblows.com/change/

[6] http://massageenvyblows.com/can-they-do-this/

[7] https://www.yelp.com/biz/massage-envy-mira-mesa-san-diego

CLASS ACTION COMPLAINT                                                     - 9 -

## V.      CLASS ACTION ALLEGATIONS

26.      Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) for the following "CLASS" of persons under breach of contract and breach of the implied covenant of good faith and fair dealing:

"National Class"

All individuals within the United States, within the applicable statute of limitations, who were or are presently enrolled in a Massage Envy membership and whose monthly membership fee was increased above the amount stated in their Membership Agreement.

"California Sub-Class"

All California residents, within four (4) years of the filing of this complaint, who were or are presently enrolled in a Massage Envy membership and whose monthly membership fee has been increased by Defendant above the amount stated in their Membership Agreement.

Excluded from the Class are all legal entities, Defendant herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant, as well as any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff.

27.      The members of the Class are so numerous that joinder of all Class members is impracticable.  While the exact number of Class members is unknown to Plaintiffs at this time and will be ascertained through appropriate discovery, Plaintiffs are informed and believe that there are hundreds of thousands of members in the Class.  Defendant requires each of their clinics to install Massage Envy's proprietary software called "Millennium 2009" (or the current update), which Massage Envy sublicenses to its franchised clinics.  This software can be used to monitor memberships, for management and accounting, point of sale, cash register, and credit card processing functions.  Massage Envy has independent, unlimited access to the information generated and tracked by the computer systems at its franchised clinics, including information generated from Millennium 2009 (or a current update).  Thus, Defendant can readily obtain information to identify members of the Class, as well as the amount by which Class members' monthly fees were increased and the amounts paid by each member in excess of the amount stated

in his/her Membership Agreement.  Members of the Class can be identified from the records maintained by Defendant.

28.   Each putative member of the Class contracted with Defendant to pay a set monthly membership fee which can be deducted from the amounts actually paid by each Class member to determine class-wide restitution and/or damages.

29.   Plaintiffs' claims are typical of the claims of the other members of the putative Class.  All Class members have been and/or continue to be similarly affected by Defendant's wrongful conduct as complained of herein, in violation of law.  Plaintiffs have no interests adverse to the Class.

30.   Plaintiffs will fairly and adequately protect the Class members' interests and have retained counsel competent and experienced in consumer class action lawsuits and complex litigation.

31.   Defendant has acted with respect to the putative Class in a manner generally applicable to each Class member.  Common questions of law and fact exist as to all members of the Class and predominate over any questions wholly affecting an individual Class member.  There is a well-defined community of interest in the questions of law and fact involved in the action, affecting all members of the Class.  The questions of law and fact common to the members of the Class include, *inter alia*:

(a)   Did Defendant's unilateral increase of the monthly membership fees violate the stated membership fee clause and/or payment schedule of Defendant's Membership Agreement;

(b)   Did Defendant's unilateral increase to the monthly membership fees violate the implied covenant of good faith and fair dealing attaching to the Membership Agreement;

(c)   Did Defendant induce its franchises to breach the Membership Agreement;

(d)   Whether Plaintiffs and the Class members are entitled to declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, declaring that Massage Envy's Membership Agreement does not entitle Defendant to unilaterally increase the monthly membership fees of Plaintiffs' and the Class members;

CLASS ACTION COMPLAINT                                                                                        - 11 -

(e)     The nature and extent of damages, restitution, equitable remedies, and injunctive relief to which Plaintiff and the Class members are entitled;

(f)     Whether and the amount Plaintiffs and the Class members should individually be awarded attorneys' fees and the costs of suit;

32.     In addition to the common questions of law and fact identified above, the Class has additional common questions of law and fact that exist with respect to all California Sub-Class Membership Agreements.   The common questions predominate over any questions wholly affecting individual California Sub-Class members.   There is a well-defined community of interest in the questions of law and fact involved in the action, which affect all members of the California Sub-Class.   Among the questions of law and fact common to the members of the California Sub-Class are, *inter alia*:

(a)     Whether Massage Envy's vague provisions in its terms and conditions are procedurally and/or substantively unconscionable under California Civil Code § 1670.5;

(b)     Whether Massage Envy's embedding of unconscionably vague language in its terms and conditions as a condition to increasing the contracted monthly membership fee amount stated in  the Membership Agreement violates California Civil Code § 1770(a)(19);

(c)      Whether Massage Envy's practice of contracting for massage treatments at a fixed monthly fee amount pursuant to a contract of adhesion and then unilaterally increasing such fee is prohibited by California Civil Code §§ 1770(a)(4) and (9);

(d)     Whether Defendant's practice of unilaterally increasing the monthly membership fee stated in the Membership Agreement is an "unlawful" business act or practice under, *inter alia*, Cal. Bus. & Prof. Code §§ 17200 as a violation of California Civil Code §§ 1770(a)(4), 1770(a)(9), 1770(a)(19) and/or 1670.5;

(e)     Whether Defendant's practice of unilaterally increasing contracted monthly membership fees is an "unfair" business act or practice under, *inter alia*, Cal. Bus. & Prof. Code §§ 17200.

(f)     Whether Defendant's practice of unilaterally increasing the contracted monthly membership fee stated in the Membership Agreement is a "fraudulent" business act or practice under, *inter alia*, Cal. Bus. & Prof. Code §§ 17200.

33.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for Class members to individually redress the wrongs done to them.  There will be no difficulty in managing this action as a class action.

34.     Defendant has acted on grounds generally applicable to the entire Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the members of the Class as a whole.

<u>COUNT ONE</u>
**Breach of Contract and the Implied Covenant
Of Good Faith and Fair Dealing
(On Behalf of the Class)**

35.     Plaintiffs incorporate by reference and reallege paragraphs one through thirty-four alleged above as though fully alleged herein.

36.     Plaintiffs and each member of the Class entered into a Membership Agreement with Massage Envy.

37.     Plaintiffs and each member of the Class performed under the Membership Agreement by paying Massage Envy the stated monthly fee therein.

38.     Defendant, its agents and its franchisee clinics, breached the Membership Agreement's Payment Schedule clauses by unilaterally increasing the express, contracted monthly membership fee amount.

39.     The Membership Agreement also contains an implied covenant of good faith and fair dealing by operation of law.

40.     Massage Envy instituted its unilateral monthly fee increase practices as a means to unjustly increase revenue while not having to provide additional massage services (i.e., as a means to generate unfair profits).

CLASS ACTION COMPLAINT                                                                          - 13 -

41.     As a direct and proximate result of Defendant's breaches of the Membership Agreement's Payment Schedule clause, and the implied covenant of good faith and fair dealing, Plaintiffs and each member of the Class have sustained losses, costs, damages and expenses in an amount to be proved at the trial of this matter.

**COUNT TWO**
**Intentional Interference with**
**Contractual Relations**
**(On Behalf of the Class)**

42.     Plaintiffs incorporate by reference and reallege each and every paragraph alleged above as though fully alleged herein.

43.     Plaintiffs and each member of the Class entered into a Membership Agreement with Massage Envy.

44.     To the extent that Defendant alleges it is not in privity with Plaintiffs and each member of the Class under the Membership Agreement, Plaintiffs alternatively assert that Defendant intentionally interfered with the performance of the contractional relationship between Plaintiffs and each member of the Class and their respective franchisee clinics.

45.     Defendant's franchise agreement and related system standards require that its franchisee clinics use a particular Membership Agreement form with each of Plaintiffs and each member of the Class, which Defendant created.   Additionally, Defendant's computer system records the identity of each individual that contracts with its franchisee clinics.   Accordingly, Defendant knew of the existence of the contractual relationship between its franchisee clinics and the Plaintiffs and each member of the Class.

46.     Defendant's franchise agreement and related system standards also require that each of its franchisee clinics comply with its pricing policies, including any policies concerning the monthly membership fees.   Accordingly, Defendant's franchisee clinics may only increase its monthly membership fees to the extent that it complies with Defendant's pricing policies and is approved by Defendant.

47.     Massage Envy knowingly and improperly interfered with the performance of the Membership Agreement when it instituted its unilateral monthly fee increase practices as a means

CLASS ACTION COMPLAINT                                                    - 14 -

1   to unjustly increase revenue while not having to provide additional massage services (i.e., as a

2   means to generate unfair profits).

3       48.    As a direct and proximate result of the breaches to the Membership Agreement's

4   Payment Schedule clause, Plaintiffs and each member of the Class have sustained losses, costs,

5   damages and expenses in an amount to be proved at the trial of this matter.

6                                **COUNT THREE**
                    **Violation of CAL. CIV. CODE §§ 1750, *et seq.* -**
7                        **Consumer Legal Remedies Act**
                    **(On Behalf of the California Sub-Class)**

8
9       49.    Plaintiffs incorporate by reference and reallege each and every paragraph alleged

    above as though fully alleged herein.
10

11      50.    Defendant's monthly massage memberships are a "service" as defined by California

    Civil Code § 1761(b).
12

13      51.    Defendant is a "person" as defined by California Civil Code § 1761(c).

14      52.    Plaintiff Baerbel McKinney-Drobnis and the members of the California Sub-Class

15   are "consumers" within the meaning of California Civil Code § 1761(d) because they purchased

    the services for personal, family, or household purposes.
16

17      53.    The sale of the Massage Envy memberships constitutes a "transaction" as defined

    by California Civil Code § 1761(e).
18

19      54.    By contracting for an explicit, set monthly membership fee amount and then

20   unilaterally increasing such fee amount without the consent of Plaintiff Baerbel McKinney-Drobnis

21   or the members of the California Sub-Class, Defendant violated California Civil Code §§

22   1770(a)(4), (9) and (19), as it (a) contracted for a set membership fee amount with intent not to

23   continue selling such membership for the amount advertised, (b) represented that the transaction

    involved a set membership fee amount that could not be changed *until the membership is cancelled*
24
    *or terminated*, and (c) embedded extremely vague language in its ancillary terms and conditions as
25
    a way to justify its deceptive practices pursuant to a contract of adhesion.
26

27      55.    As a result of Defendant's conduct, Plaintiff Baerbel McKinney-Drobnis and the

28   members of the California Sub-Class were harmed and suffered actual damages as a result of

    CLASS ACTION COMPLAINT                                                    - 15 -

1    Defendant's unfair competition and deceptive acts and practices.  Had Defendant not falsely

2    represented its membership fee policy, Plaintiff Baerbel McKinney-Drobnis and members of the

3    California Sub-Class would not have been misled into purchasing Defendant's membership

4    services.

5        56.    Plaintiff Baerbel McKinney-Drobnis, on behalf of herself and all other similarly

6    situated California consumers and as appropriate, on behalf of the general public of the State of

7    California, seeks injunctive relief prohibiting Defendant continuing these unlawful practices.

8    Plaintiffs provided Defendant with notice of its alleged violations of the CLRA pursuant to

9    California Civil Code § 1782(a) *via* certified mail, on November 4, 2016, demanding that

10   Defendant correct such violations.  Defendanted failed to adequately respond to Plaintiff's notice

11   within 30 days.  According, Plaintiff also seeks all available damages under the CLRA for all

12   violations complained of herein, including, but not limited to, statutory damages, punitive

13   damages, attorneys' fees and costs, and any other relief that the Court deems proper.

**COUNT FOUR**
**Violation of Cal. Bus. & Prof. Code §§ 17200, et seq. -**
**Unlawful Business Acts and Practices**
**(On Behalf of the California Sub-Class)**

16       57.    Plaintiffs incorporate by reference and realleges each and every paragraph alleged

17   above as though fully alleged herein.

18       58.    California Business and Professions Code § 17200, *et seq*. prohibits acts of unfair

19   competition which includes "unlawful . . . business act[s] or practice[s]."

20       59.    Defendant's practice of contracting at a set membership fee amount pursuant to a

21   contract of adhesion and then unilaterally increasing such fee is prohibited by California Civil

22   Code §§ 1770(a)(4) and (9), and is therefore an "unlawful" business practice in violation of the

23   UCL.

24       60.    Defendant's exceptionally vague language that it embeds in its terms and conditions

25   to serve as a basis for unilaterally increasing the express membership fee amount stated in the

26   Membership  Agreement,  is  prohibited  by  California  Civil  Code  §  1770(a)(19)  and  is

unconscionable and unenforceable under California Civil Code § 1670.5, and is therefore an "unlawful" business practice in violation of the UCL.

61.     Defendant's exceptionally vague language in its terms and conditions in combination with its practice of unilaterally increasing the monthly membership fee amount from the stated amount in Plaintiff Baerbel McKinney-Drobnis's and each California Sub-Class member's Membership Agreements, breaches the Membership Agreements' implied covenant of good faith and fair dealing, and is therefore "unlawful" business practices in violation of the UCL.

62.     As a direct and proximate result of Defendant's "unlawful" business practices as alleged herein, Plaintiff Baerbel McKinney-Drobnis and each California Sub-Class member have been wrongfully deprived of money and/or property.  Plaintiff Baerbel McKinney-Drobnis and each California Sub-Class member suffered injury-in-fact as a result of Defendant's unilateral increase to their monthly membership fee amounts.

63.     Accordingly, Defendant received and is in possession of excessive and unjust revenues and profits, and/or has caused Plaintiff Baerbel McKinney-Drobnis and other California Sub- Class members to lose money or property (by overpaying) directly as a result of Defendant's wrongful acts and practices.

64.     As a result of the above unlawful acts and practices of Defendant, Plaintiffs, on behalf of themselves and all others similarly situated, and as appropriate, on behalf of the general public of the state of California, seeks injunctive relief prohibiting Defendant from continuing these wrongful practices, and such other equitable relief, including full restitution of membership fees paid in excess of the originally contracted amount, to the fullest extent permitted by law.

**COUNT FIVE**
**Violation of Cal. Bus. & Prof. Code §§ 17200, et seq. -**
**Unfair Business Acts and Practices**
**(On Behalf of the California Sub-Class)**

65.     Plaintiffs incorporate by reference and realleges each and every paragraph alleged above as though fully alleged herein.

66.     California Business and Professions Code § 17200, *et seq*. prohibits acts of unfair competition which includes "unfair . . . business act[s] or practice[s]."

67.     Defendant's practice of contracting at a set membership fee amount pursuant to a contract of adhesion and then unilaterally increasing such fee, even if relying on exceptionally vague language that is embedded in the terms and conditions to justify such action, is a breach of the Membership Agreement's implied covenant of good faith and fair dealing, and is therefore an "unfair" business practice in violation of the UCL.

68.     Defendant's unilateral membership fee increases, pursuant to exceptionally vague language that is buried in Defendant's terms and conditions, violate established public policy as embodied by California Civil Code §§ 1670.5 and 1770.

69.     Defendant's practice of unilaterally increasing monthly membership fees after expressly contracting for a set amount to be paid *until the membership expires or is terminated* is immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers.

70.     The gravity of harm to Plaintiff Baerbel McKinney-Drobnis and the California Sub-Class outweighs any countervailing benefits to Defendant or to competition.

71.     As a direct and proximate result of Defendant's "unfair" business practices as alleged herein, Plaintiff Baerbel McKinney-Drobnis and each California Sub-Class member have been wrongfully deprived of money and/or property.  Plaintiff Baerbel McKinney-Drobnis and each California Sub-Class member suffered injury-in-fact as a result of Defendant's unilateral increase to their monthly membership fee amounts.

72.     As a result of the above unlawful acts and practices of Defendant, Plaintiffs, on behalf of themselves and all others similarly situated, and as appropriate, on behalf of the general public of the state of California, seeks injunctive relief prohibiting Defendant from continuing these wrongful practices, and such other equitable relief, including full restitution of membership fees paid in excess of the originally contracted amount, to the fullest extent permitted by law.

**COUNT SIX**
**Violation of Cal. Bus. & Prof. Code §§ 17200, et seq. -**
**Fraudulent Business Acts and Practices**
**(On Behalf of the California Sub-Class)**

73.     Plaintiffs incorporate by reference and realleges each and every paragraph alleged above as though fully alleged herein.

CLASS ACTION COMPLAINT                                                                    - 18 -

74. California Business and Professions Code § 17200, *et seq*. prohibits acts of unfair competition which includes "fraudulent business act[s] or practice[s]."

75. As more fully described above, Defendant misrepresented that the monthly membership fee amount would be at the stated amount *until the membership is cancelled or terminated*.

76. Defendant's misleading marketing and advertising, as well as its membership agreement itself, are likely to, and do, deceive reasonable consumers. Indeed, Plaintiff Baerbel McKinney-Drobnis and other members of the California Sub-Class relied on Defendant's explicit payment schedule and were deceived about membership fee amounts during the entirety of their membership, as Defendant's marketing, advertising, and underlying membership agreement misrepresent that the monthly membership fee amount will be at the expressly stated amount until the membership is cancelled or terminated. Said acts are fraudulent business practices and acts.

77. Defendant's misleading and deceptive practices caused Plaintiff Baerbel McKinney-Drobnis and other California Sub-Class members to purchase Defendant's massage membership.

78. Plaintiff Baerbel McKinney-Drobnis and other California Sub-Class members were harmed and suffered injury as a result of Defendant's violations of the CAL. BUS. PROF. CODE §§ 17200, *et seq*. Defendant has been unjustly enriched at the expense of Plaintiff Baerbel McKinney-Drobnis and the members of the California Sub-Class.

79. Accordingly, Plaintiff Baerbel McKinney-Drobnis and members of the California Sub-Class seek injunctive relief prohibiting Defendant from continuing these wrongful practices, and such other equitable relief, including full restitution of all improper revenues and ill-gotten profits derived from Defendant's wrongful conduct to the fullest extent permitted by law. Unilaterally increasing the monthly membership fee amounts above that which was expressly contracted is deceptive and unconscionable, and purchasers of the memberships are entitled to restitution of the moneys paid in excess of their contracted monthly membership fee amount.

/ / /

/ / /

**COUNT SEVEN**
**Declaratory Relief Pursuant to 28 U.S.C. § 2201—**
**The Declaratory Judgement Act**
**(On Behalf of the Class)**

80.     Plaintiffs incorporate by reference and reallege each and every paragraph alleged above as though fully alleged herein.

81.     Pursuant to 28 U.S.C. § 2201, Plaintiffs and the Class are entitled to have this Court establish by declaration their rights and legal relations under Massage Envy's Membership Agreement.

82.     Accordingly, Plaintiffs on behalf of the Class prays for a declaration that Massage Envy's standardized Membership Agreement does not permit Massage Envy to unilaterally increase the monthly membership fee amounts of Plaintiffs and the members National Class.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and members of the Class pray for relief and judgment as follows:

A.     For an order declaring that this action is properly maintained as a class action and certifying a class representative(s) in accordance with Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiffs as representative(s) for the Class, and appointing Plaintiffs' counsel as Class counsel;

B.     For an order awarding Plaintiffs and the members of the Class restitution and/or an injunction prohibiting Defendant's unilateral increase of monthly membership fees, and/or other equitable relief as the Court deems proper, including but not limited to reimbursement of all amounts paid in excess of Plaintiffs and the National Class members' initial membership costs;

C.     For an order enjoining Defendant from continuing to engage in the unlawful business acts and practices alleged herein;

D.     For declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201;

E.     For an order awarding Plaintiffs and the members of the Class pre-judgment and post-judgment interest;

CLASS ACTION COMPLAINT                                                                 - 20 -

F.      For an order awarding attorneys' fees and costs of suit, including experts' witness fees as permitted by law; and

G.      Such other and further relief as this Court may deem just and proper.

## VII.     <u>JURY TRIAL DEMAND</u>

Plaintiffs demand a trial by jury for all of the claims asserted in this Complaint so triable.

Dated:  April 28, 2017                        Respectfully submitted,

FINKELSTEIN & KRINSK LLP

By: /s/ Trenton R. Kashima
        Trenton R. Kashima

Jeffrey R. Krinsk
550 West C Street, Ste. 1760
San Diego, CA 92101
Telephone:  (619) 238-1333
Facsimile:  (619) 238-5425

*Counsel for Plaintiffs and the Class*