IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAERBEL MCKINNEY-DROBNIS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> MASSAGE ENVY FRANCHISING, LLC, <br><br> Defendant. | Case No. 16-cv-06450-MMC <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL AND MOTION TO STAY; VACATING HEARING** |

Before the Court are two motions, each filed April 20, 2017, by defendant Massage Envy Franchising, LLC ("MEF"): (1) "Motion for Certification of Order for Interlocutory Appeal under 28 U.S.C. § 1292(B)" ("Certification Motion"); and (2) "Motion to Stay." Plaintiffs have filed a single opposition in which they respond to both motions, to which MEF has filed separate replies. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters suitable for decision on the parties' respective written submissions, VACATES the June 2, 2017, hearing on the Certification Motion,[1] and rules as follows.

**BACKGROUND**

**A. Plaintiffs' Claims**

Plaintiffs allege that MEF is a "membership based massage franchise" and that,

---

[1] The Court took the Motion to Stay under submission as of May 3, 2017. (See Order, filed April 26, 2017.)

under the terms of plaintiffs' respective membership agreements, plaintiffs pay a monthly fee that entitles them to receive one massage per month. (See First Amended Complaint ("FAC") ¶ 1.)

Plaintiffs allege their respective membership agreements provide for an "initial term" of months (see FAC ¶ 2), the length of which can vary (see FAC ¶¶ 9, 11). Plaintiffs also allege that if a member chooses to pay on a monthly basis during the initial term, the following provision applies: "Your membership dues of $[X dollar amount] (not including any additional applicable taxes) are due on or after the ___ day of each month hereafter until your membership expires or is terminated in accordance with this agreement" (see FAC ¶ 1 (alteration in original)); alternatively, if the member chooses to pay for the initial term "in full," the following provision applies: "Your payment of $[X dollar amount] is due today" (see id. (alteration in original)). Plaintiffs further allege that, upon expiration of the initial term, the "membership is automatically renewed," and the following provision governs the monthly amount due: "Following the initial term, your membership will automatically continue on a month-to-month basis at $[X dollar amount] per month until your membership is cancelled." (See FAC ¶ 2 (alteration in original).) According to plaintiffs, the above-quoted clauses, read together, provide that "a customer contracts to pay an explicit, locked in fee for the entire membership term" (see FAC ¶ 1), "both for the original term and renewal term(s)" (see FAC ¶ 3).

Plaintiffs allege that their respective monthly fees were "unilaterally increased" in violation of the above-quoted provisions (see FAC ¶¶ 10, 12, 14), and assert six causes of action based on said alleged increases, specifically, "Breach of Contract," "Intentional Interference with Contractual Relations," "Violation of Cal. Civ. Code §§ 1750, et seq. - Consumer Legal Remedies Act," and three counts alleging "Violation of Cal. Bus. & Prof. Code §§ 17200, et seq."

**B. MEF's Motion for Judgment on the Pleadings**

On January 27, 2017, MEF filed a motion for judgment on the pleadings, in which

it sought dismissal of plaintiffs' initial complaint.[2] In its motion for judgment, MEF argued plaintiffs' claims were barred in light of the resolution of a class action filed in the Southern District of California, titled Zizian v. Massage Envy Franchising, LLC, Civ. No. 16-CV-00783 DMS-BGS, either under the doctrine of claim preclusion or the terms of the court-approved settlement agreement entered therein.

In Zizian, the plaintiff alleged that MEF "uniformly interprets its Membership Agreement" as providing that when a membership is terminated, "all prepaid massages in the member's account will have to be redeemed within a very short 60-day window or be forfeited." (See Def.'s Req. for Judicial Notice, filed January 27, 2017, Ex. J ¶ 14). The plaintiff therein further alleged that such forfeiture constituted a breach of a clause in the Membership Agreement providing as follows: "If you have Paid in Full for your membership services, you will be refunded the unused portion of your membership dues for any actual services you have not yet received." (See id. Ex. J ¶ 2.)

By order filed April 5, 2017, the Court denied MEF's motion for judgment on the pleadings, finding MEF had failed to show the claims alleged in the instant action were barred.

First, the Court found plaintiffs' claims were not barred by the doctrine of claim preclusion. In so ruling, the Court relied on California law,[3] under which a plaintiff may bring a second lawsuit alleging breach of the same contract on which he relied in the first lawsuit, provided "[e]ach action is based on a breach of a separate covenant" and the

---

[2] On April 28, 2017, after MEF's motion for judgment had been resolved, plaintiffs filed the FAC. The sole difference between the two pleadings is that, in addition to their claim against MEF for breach of contract (see Compl. ¶ 38; FAC ¶ 38), plaintiffs, in the FAC, include a claim for "Intentional Interference with Contractual Relations" (see FAC ¶¶ 42-48), based on an allegation that, in the event MEF "is not in privity with [p]laintiffs," MEF "intentionally interfered with the performance of the contractual relationship between [p]laintiffs . . . and their respective franchisee clinics" (see FAC ¶ 44).

[3] As the district court had diversity jurisdiction over the claims in Zizian, California law governs the issue of whether a later action is barred by the judgment entered on the court-approved settlement agreement. See Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508-09 (2001) (holding "claim-preclusive effect" of judgment entered by federal district court sitting in diversity is determined by law of forum state).

3

breaches occurred "at different times." See Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 908 (2002). The Court found the claims in the instant action are based on breaches of covenants not at issue in Zizian and on conduct that occurred at a time different from the conduct challenged in Zizian, and, applying the principle set forth in Mycogen, concluded the judgment entered in Zizian was not a bar to the instant action.

Second, the Court found plaintiffs' claims were not barred by the terms of the Zizian settlement agreement. In so ruling, the Court relied on Hesse v. Sprint Corp., 598 F.3d 581 (9th Cir. 2010), in which the Ninth Circuit held that "[a] settlement agreement [in a class action] may preclude a party from bringing a related claim in the future even though the claim was not presented and might not have been presentable in the class action, but only where the released claim is based on the identical factual predicate as that underlying the claims in the settled class action." See id. at 590 (internal quotation and citation omitted). The Court found the claims in the instant action are not based on the identical factual predicate as that underlying the claims in Zizian, and, applying the principle set forth in Hesse, concluded the settlement entered in Zizian was not a bar to the instant action.

## DISCUSSION

MEF seeks an order certifying for interlocutory appeal the order denying MEF's motion for judgment on the pleadings, to the extent the order found plaintiffs' claims are not barred by the Zizian settlement agreement. Additionally, MEF seeks a stay of the instant proceedings pending resolution of the Certification Motion and appellate proceedings.

**A. Certification Motion**

A district court may certify for interlocutory appeal an order where (1) "such order involves a controlling question of law," (2) "there is substantial ground for difference of opinion" as to such question of law, (3) and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." See 28 U.S.C. § 1292(b). The party seeking certification must show all three requirements are met. See Arizona v.

4

Ideal Basic Industries (In re Cement Litig.), 673 F.2d 1020, 1027-28 (9th Cir. 1981) (denying petition for interlocutory appeal where district court certified order that did not involve "controlling question of law").

Here, MEF seeks certification of two issues, which the Court next addresses in turn.

### 1. Challenge to "Identical Factual Predicate" Rule

MEF argues the Court should "certify the following question" for interlocutory appeal: "Does the application of the 'identical factual predicate' rule in a class action to narrow the scope of a release in a prior class settlement violate due process and the Rules Enabling Act, to the extent it abridges defendants' substantive rights under the release and expands plaintiffs' rights to bring claims that would be barred if the prior settlement resolved an individual action?" (See Certification Mot. at page iii, lines 4-8.)

For purposes of § 1292(b), a question of law is "controlling" if "resolution of the issue could materially affect the outcome of the litigation in the district court." See In re Cement, 673 F.2d at 1026. As discussed below, the Court finds resolution of the proposed question would not materially affect the outcome of the instant action.

As noted, MEF seeks a finding that the identical factual predicate rule violates either due process or a federal statute. Were this Court to certify the proposed question for interlocutory appeal, and were the Ninth Circuit to agree to hear the matter and subsequently find the identical factual predicate rule should no longer be followed, the result would be that this Court, on remand, then would determine whether the Zizian release provision, interpreted without reference to the identical factual predicate rule, bars plaintiffs' claims. In its motion for judgment on the pleadings, MEF set forth its position as to why the language of the Zizian release would bar plaintiffs' claims, and plaintiffs, in opposing said motion, set forth their position to the contrary. The Court, in ruling on the motion for judgment on the pleadings, did not address the issue, in light of its finding with respect to the identical factual predicate rule. The Court thus considers the issue at this time.

5

The term "Released Claims" is defined in the Zizian settlement agreement as follows:

> 'Released Claims' means all claims, demands, rights, and liabilities asserted in the [Zizian action] including, but not limited to, claims under the common laws and statutes of all fifty (50) states concerning (a) the terms and conditions of the Membership Agreements between the Settlement Class and MEF Franchisees concerning the cancellation, renewal, termination, and/or expiration of or ability to use any Unutilized Massage(s); (b) alleged misrepresentations concerning the terms and conditions of the Membership Agreements between the Settlement Class and MEF Franchisees concerning the cancellation, renewal, termination, and/or expiration of or ability to use any Unutilized Massage(s); and/or (c) any fact or circumstance that relates to the cancellation, renewal, termination, and/or expiration of or ability to use any Unutilized Massage(s) or any claim asserted or that could have been asserted in the [Zizian action]. The Released Claims include, but are not limited to, claims that any Membership Agreement contained an illegal forfeiture or liquidated damages penalty; constituted a fraudulent, unlawful, unfair, or deceptive business practice; was unconscionable; violated consumer protection statutes; and for breach of contract and breach of the covenant of good faith and fair dealing.

(See Def.'s Req. for Judicial Notice, filed January 27, 2017, Ex. M ¶ 1.LL.)

In its motion for judgment on the pleadings, MEF argued plaintiffs' claims fell within the scope of the above-quoted release, as they "could have been asserted" in the Zizian action. (See Def.'s Mot. for Judgment on Pleadings, filed January 27, 2017, at 17:2-9.) With respect to the meaning of the phrase "could have been asserted," MEF argued that "the Zizian release expressly tracks California res judicata law, under which claims that could have been asserted in Zizian are barred just as much as claims that were pled," and that "the release's plain language show[s] that it encompasses the full scope of res judicata protections." (See Def.'s Reply, filed February 17, 2017, at 2:25 - 3:2, 3:7-8.)

Assuming, arguendo, MEF's proposed interpretation of the release is the correct interpretation,[4] MEF would not be entitled to judgment in its favor. As discussed above, and in more detail in the Court's order of April 5, 2017 (see Order, filed April 5, 2017, at

---

[4] Plaintiffs, relying on the doctrine of "ejusdem generis," argued that the phrase "could have been asserted" should be interpreted as "modify[ing] the precluding clause 'any fact or circumstance that relates to the cancellation, renewal, termination, and/or expiration of or ability to use any unutilized massage(s)' and should not be read more generally." (See Pls.' Mot. to Strike, filed January 27, 2017, at 9:15-19.)

6

5:23 - 7:7), plaintiffs' claims are not barred by the doctrine of claim preclusion, i.e., by res judicata. Consequently, as resolution of the question MEF seeks to raise in the Ninth Circuit would not "materially affect the outcome of the litigation in the district court," see In re Cement, 673 F.2d at 1026, certification is improper. Moreover, for the same reasons, resolution of said issue will not "materially advance the ultimate termination of the litigation." See 28 U.S.C. § 1292(b).

Accordingly, to the extent MEF seeks to raise on interlocutory appeal the issue of whether application of the identical factual predicate rule in a class action violates due process and/or the Rules Enabling Act, the Certification Motion will be denied.

**2. Application of Identical Factual Predicate Rule to Instant Case**

MEF argues the Court should "certify the following question" for interlocutory appeal: "Even if the 'identical factual predicate' rule remains valid, does that rule preclude class members from releasing claims based on the same contract, identical facts, and an identical alleged scheme, but which nevertheless implicate different contractual provisions?" (See Certification Mot. at page iii, lines 4-8.)

The issue raised by the proposed question, however, is not implicated in the Court's order of April 5, 2017, as the Court did not find plaintiffs' claims in the instant action and in Zizian are based on "identical facts" or on "an identical alleged scheme." (See id.) Indeed, the Court expressly found the two actions are not based on identical facts and alleged schemes. In particular, as the Court noted, the breach of contract claims in Zizian were based on MEF's requiring persons whose membership has been terminated to use or lose all accrued massages within a short period of time after the effective date of the termination, whereas the claimed breach here is based on plaintiffs' allegation that MEF and/or its franchisees have raised the monthly fee charged to current members.

To the extent MEF seeks to raise on interlocutory appeal the question of whether the Court erred in finding plaintiffs' claims in the two actions are not based on identical facts, MEF fails to show "there is substantial ground for difference of opinion." See 28

7

U.S.C. § 1292(b). In particular, although MEF argues courts " have disagreed . . . with this Court regarding the scope of the 'predicate rule' when claims asserted by the same plaintiffs in two different actions involve alleged breaches of the same contract" (see Def.'s Certification Mot. at 13:4-6), MEF cites no authority holding the rule is applicable simply because the second action alleges a breach of the contract at issue in the first action. Indeed, any such holding would be inconsistent with the Ninth Circuit's decision in Hesse, in which the plaintiffs in the two actions alleged claims for breach of the same contract, specifically, their wireless service contracts with Sprint, see Hesse, 598 F.3d at 585, and the Ninth Circuit, while noting a "superficial similarity" between the two actions, found the second action was not barred by the settlement agreement in the first action, as the claims in the second action did "not share an identical factual predicate with the claims resolved in the [first action]," see id. at 591 (finding no preclusive effect where plaintiffs, in first action, alleged breach based on defendant's passing "federal regulatory fees" to customers and, in second action, alleged breach based on defendant's passing state "business and occupation tax" to customers).

Accordingly, to the extent MEF seeks to raise on interlocutory appeal the issue of whether this Court's application of the factual predicate rule was erroneous, the Certification Motion will be denied.

**B. Motion to Stay**

As the Certification Motion will be denied, MEF's motion to stay is moot.

## CONCLUSION

For the reasons stated above, MEF's Certification Motion and Motion to Stay are hereby DENIED.

**IT IS SO ORDERED.**

Dated: May 17, 2017

MAXINE M. CHESNEY
United States District Judge

8