SACKS, RICKETTS & CASE LLP
Luanne Sacks (SBN 120811)
lsacks@srclaw.com
Robert B. Bader (SBN 233165)
rbader@srclaw.com
177 Post Street, Suite 650
San Francisco, CA 94108
Telephone:     415-549-0580
Facsimile:     415-549-0640

SACKS, RICKETTS & CASE LLP
Cynthia A. Ricketts (admitted *pro hac vice*)
cricketts@srclaw.com
2800 N. Central Avenue, Suite 1230
Phoenix, AZ 85004
Telephone:     602-385-3370
Facsimile:     602-385-3371

Attorneys for Defendant
Massage Envy Franchising, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Baerbel McKinney-Drobnis, Joseph B. Piccola, and Camille Berlese, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MASSAGE ENVY FRANCHISING, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | CASE NO.  3:16-CV-6450-MMC<br><br>**MASSAGE ENVY FRANCHISING, LLC'S ANSWER TO AMENDED CLASS ACTION COMPLAINT**<br><br>Judge: Hon. Maxine M. Chesney |

Defendant Massage Envy Franchising, LLC ("MEF") hereby answers and otherwise responds to Plaintiffs Baerbel McKinney-Drobnis ("McKinney-Drobnis"), Joseph Piccola ("Piccola"), and Camille Berlese's ("Berlese") (collectively, "Plaintiffs") Amended Class Action Complaint ("Amended Complaint") for (1) Breach of Contract – Violation of the Implied Covenant of Good Faith and Fair Dealing; (2) Intentional Interference with Contractual Relations; (3) Violation of Cal. Civ. Code § 1750, *et seq.*; (4) Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*; and (5) Declaratory Relief Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. MEF's responses are made without waiving, and expressly reserving, all rights that MEF has to file dispositive motions addressed to the claims asserted in the Amended Complaint.  Except as expressly admitted herein, MEF denies all allegations in the Amended Complaint.

Subject to, and incorporating the foregoing by reference, as applicable, as part of its answers and responses in Paragraphs 1 through 82 below, MEF responds to the allegations in each of the like-numbered paragraphs of the Amended Complaint as follows:

## RESPONSES TO ALLEGATIONS

MEF states that the allegations contained in the first unnumbered paragraph of the Amended Complaint are introductory and conclusory in nature and therefore require no response. To the extent a response is deemed required to the allegations contained in the first unnumbered paragraph of the Amended Complaint, MEF states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and so denies them.  MEF denies any remaining allegations contained in the first unnumbered paragraph of the Amended Complaint.

## I.  INTRODUCTION

1.  In response to the allegations contained in Paragraph 1 of the Amended Complaint, MEF denies the allegations contained therein.

2.  In response to the allegations contained in Paragraph 2 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 2 of the Amended Complaint, MEF states that there is no single "Membership Agreement" that all members of

independently owned and operated Massage Envy® franchised locations enter or execute and that each member's "Membership Agreement" speaks for itself and is the best evidence of its contents.  MEF denies any allegations that are contrary to the express terms of each member's "Membership Agreement."  MEF affirmatively states that members of independently owned and operated Massage Envy® franchised locations do not pay any membership fees to MEF.  MEF denies any remaining allegations contained in Paragraph 2 of the Amended Complaint.

3.    In response to the allegations contained in Paragraph 3 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 3 of the Amended Complaint, MEF states that there is no single "Membership Agreement" that all members of independently owned and operated Massage Envy® franchised locations enter or execute and that each member's "Membership Agreement" speaks for itself and is the best evidence of its contents.  MEF denies any allegations that are contrary to the express terms of each member's "Membership Agreement."  MEF affirmatively states that members of independently owned and operated Massage Envy® franchised locations do not pay any membership fees to MEF.  MEF denies any remaining allegations contained in Paragraph 3 of the Amended Complaint.

4.    In response to the allegations contained in Paragraph 4 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 4 of the Amended Complaint, MEF states that there is no single "Membership Agreement" that all members of independently owned and operated Massage Envy® franchised locations enter or execute and that each member's "Membership Agreement" speaks for itself and is the best evidence of its contents.  MEF denies any allegations that are contrary to the express terms of each member's "Membership Agreement."  MEF denies any remaining allegations contained in Paragraph 4 of the Amended Complaint.

5.    In response to the allegations contained in Paragraph 5 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 5 of the Amended

Complaint, MEF states that there is no single "Membership Agreement" that all members of independently owned and operated Massage Envy® franchised locations enter or execute and that each member's "Membership Agreement" speaks for itself and is the best evidence of its contents.  MEF denies any allegations that are contrary to the express terms of each member's "Membership Agreement."  MEF denies any remaining allegations contained in Paragraph 5 of the Amended Complaint.

6.      In response to the allegations contained in Paragraph 6 of the Amended Complaint, the allegations contained therein are introductory in nature and contain legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 6 of the Amended Complaint, MEF states that there is no single "Membership Agreement" that all members of independently owned and operated Massage Envy® franchised locations enter or execute and that each member's "Membership Agreement" speaks for itself and is the best evidence of its contents.  MEF denies any allegations that are contrary to the express terms of each member's "Membership Agreement."  MEF denies any remaining allegations contained in Paragraph 6 of the Amended Complaint.

**II.      JURISDICTION AND VENUE**

7.      In response to the allegations contained in Paragraph 7 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 7 of the Amended Complaint, MEF denies the allegations contained therein.

8.      In response to the allegations contained in Paragraph 8 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 8 of the Amended Complaint, MEF denies the allegations contained therein.

**III.     PARTIES**

**A.      PLAINTIFFS' EXPERIENCE WITH DEFENDANT**

9.      In response to the allegations contained in Paragraph 9 of the Amended Complaint, MEF states that it lacks sufficient knowledge or information to form a belief as to the truth of the

allegations contained therein and therefore denies them.  MEF affirmatively denies that Plaintiff McKinney-Drobnis signed a membership agreement or any other contract to which MEF is a party.   MEF denies any remaining allegations contained in Paragraph 9 of the Amended Complaint.

10.    In response to the allegations contained in Paragraph 10 of the Amended Complaint, MEF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

11.    In response to the allegations contained in Paragraph 11 of the Amended Complaint, MEF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.  MEF affirmatively denies that Plaintiff Piccola signed a membership agreement or any other contract to which MEF is a party.  MEF denies any remaining allegations contained in Paragraph 11 of the Amended Complaint.

12.    In response to the allegations contained in Paragraph 12 of the Amended Complaint, MEF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

13.    In response to the allegations contained in Paragraph 13 of the Amended Complaint, MEF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.  MEF expressly denies that Plaintiff Berlese signed a membership agreement or any other contract to which MEF is a party.  MEF denies any remaining allegations contained in Paragraph 13 of the Amended Complaint.

14.    In response to the allegations contained in Paragraph 14 of the Amended Complaint, MEF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

**B.     DEFENDANT**

15.    In response to the allegations contained in the first sentence of Paragraph 15 of the Amended Complaint, MEF admits that it is a Delaware limited liability company with its principal place of business in Scottsdale, Arizona.  In response to the allegations contained in the second sentence of Paragraph 15 of the Amended Complaint, MEF admits only that it is a

business format franchisor whose sole business is the offering for sale of Massage Envy® franchises. MEF affirmatively states that all of the Massage Envy® franchised locations in California, Texas, Arizona, and the United States are independently owned and operated by Massage Envy® franchisees and that MEF does not own or operate any Massage Envy® franchises in the United States. The remaining allegations contained in Paragraph 15 of the Amended Complaint, including footnote 1, are legal conclusions to which no response is required. To the extent a response is deemed required to the allegations contained in Paragraph 15 of the Amended Complaint, MEF denies any remaining allegations contained in Paragraph 15 of the Amended Complaint.

16.     In response to the allegations contained in Paragraph 16 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required. To the extent a response is deemed required to the allegations contained in Paragraph 16 of the Amended Complaint, MEF denies the allegations contained therein.

**IV.    SUBSTANTIVE ALLEGATIONS**

17.     In response to the allegations contained in Paragraph 17 of the Amended Complaint, MEF denies the allegations contained therein. MEF affirmatively states that it does not employ any of the massage therapists who work at the more than 1,000 independently owned and operated Massage Envy® franchised locations in the United States.

18.     In response to the allegations contained in Paragraph 18 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required. To the extent a response is deemed required to the allegations contained in Paragraph 18 of the Amended Complaint, MEF denies the allegations contained therein.

19.     In response to the allegations contained in Paragraph 19 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required. To the extent a response is deemed required to the allegations contained in Paragraph 19 of the Amended Complaint, MEF states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them. MEF affirmatively states that it is not in the business of providing, and does not provide, massage

services and does not enter "Membership Agreements" with consumers.   MEF denies any remaining allegations contained in Paragraph 19 of the Amended Complaint.

20.     In response to the allegations contained in Paragraph 20 of the Amended Complaint, including footnote 2, the allegations contained therein are legal conclusions to which no response is required.   To the extent a response is deemed required to the allegations contained in Paragraph 20 of the Amended Complaint, MEF states that there is no single "Membership Agreement" that all members of independently owned and operated Massage Envy® franchised locations enter or execute and that each member's "Membership Agreement" speaks for itself and is the best evidence of its terms.   MEF denies any allegations that are contrary to the express terms of each member's "Membership Agreement."   MEF denies any remaining allegations contained in Paragraph 20 of the Amended Complaint.

21.     In response to the allegations contained in Paragraph 21 of the Amended Complaint, including footnote 3, the allegations contained therein are legal conclusions to which no response is required.   To the extent a response is deemed required to the allegations contained in Paragraph 21 of the Amended Complaint, MEF states that there is no single "Membership Agreement" that all members of independently owned and operated Massage Envy® franchised locations enter or execute and that each member's "Membership Agreement" speaks for itself and is the best evidence of its terms.   MEF denies any allegations that are contrary to the express terms of each member's "Membership Agreement."   MEF denies any remaining allegations contained in Paragraph 21 of the Amended Complaint.

22.     In response to the allegations contained in Paragraph 22 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.   To the extent a response is deemed required to the allegations contained in Paragraph 22 of the Amended Complaint, MEF states that there is no single "Membership Agreement" that all members of independently owned and operated Massage Envy® franchised locations enter or execute and that each member's "Membership Agreement" speaks for itself and is the best evidence of its terms.   MEF affirmatively states that members of independently owned and operated Massage Envy® franchised locations do not pay any membership fees to MEF.   MEF

1  denies any allegations that are contrary to the express terms of each member's "Membership

2  Agreement." MEF denies any remaining allegations contained in Paragraph 22 of the Amended

3  Complaint.

4          23.     In response to the allegations contained in Paragraph 23 of the Amended

5  Complaint, the allegations contained therein are legal conclusions to which no response is

6  required. To the extent a response is deemed required to the allegations contained in Paragraph

7  23 of the Amended Complaint, MEF denies the allegations contained therein.

8          24.     In response to the allegations contained in Paragraph 24 of the Amended

9  Complaint, the allegations contained therein are legal conclusions to which no response is

10 required. To the extent a response is deemed required to the allegations contained in Paragraph

11 24 of the Amended Complaint, MEF denies the allegations contained therein.  MEF affirmatively

12 states that members of independently owned and Massage Envy® franchised locations do not pay

13 any membership fees to MEF.

14         25.     In response to the allegations contained in Paragraph 25 of the Amended

15 Complaint, including footnotes 4-7, the allegations contained therein are legal conclusions to

16 which no response is required. To the extent a response is deemed required to the allegations

17 contained in Paragraph 25 of the Amended Complaint, MEF denies the allegations contained

18 therein.

19 **V.     CLASS ACTION ALLEGATIONS**

20         26.     In response to the allegations contained in Paragraph 26 of the Amended

21 Complaint, MEF states that the allegations contained therein discuss Plaintiffs' intent regarding

22 the filing of the Amended Complaint and are legal conclusions to which no response is required.

23 To the extent a response is deemed required to the allegations contained in Paragraph 26 of the

24 Amended Complaint, MEF denies the allegations contained therein.

25         27.     In response to the allegations contained in Paragraph 27 of the Amended

26 Complaint, many of the allegations contained therein are legal conclusions to which no response

27 is required. To the extent a response is deemed required to the allegations contained in Paragraph

28 27 of the Amended Complaint, MEF denies the allegations contained therein.

28.     In response to the allegations contained in Paragraph 28 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 28 of the Amended Complaint, MEF denies the allegations contained therein.  MEF affirmatively states that members of independently owned and operated Massage Envy® franchised locations do not pay any membership fees to MEF.

29.     The allegations contained in Paragraph 29 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 29 of the Amended Complaint, MEF denies the allegations contained therein.

30.     The allegations contained in Paragraph 30 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 30 of the Amended Complaint, MEF denies the allegations contained therein.

31.     The allegations contained in Paragraph 31 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 31 of the Amended Complaint, MEF denies the allegations contained therein.

32.     The allegations contained in Paragraph 32 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 32 of the Amended Complaint, MEF denies the allegations contained therein.

33.     The allegations contained in Paragraph 33 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 33 of the Amended Complaint, MEF denies the allegations contained therein.

34.     The allegations contained in Paragraph 34 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required to the

allegations contained in Paragraph 34 of the Amended Complaint, MEF denies the allegations contained therein.

**COUNT ONE**
**Breach of Contract and the Implied Covenant**
**of Good Faith and Fair Dealing**
**(On Behalf of the Class)**

35.    MEF incorporates and realleges its responses to Paragraphs 1 through 34 as if fully set forth herein.

36.    In response to the allegations contained in Paragraph 36 of the Amended Complaint, MEF denies the allegations contained therein.

37.    In response to the allegations contained in Paragraph 37 of the Amended Complaint, MEF denies the allegations contained therein.  MEF affirmatively states that no member, including Plaintiffs and the putative Class members, paid any monthly fee to MEF.

38.    In response to the allegations contained in Paragraph 38 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 38 of the Amended Complaint, MEF denies the allegations contained therein.

39.    In response to the allegations contained in Paragraph 39 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 39 of the Amended Complaint, MEF denies the allegations contained therein.

40.    In response to the allegations contained in Paragraph 40 of the Amended Complaint, MEF denies the allegations contained therein.  MEF affirmatively states that it does not provide massage services and members of independently owned and operated Massage Envy® franchised locations do not pay any fees to MEF.

41.    In response to the allegations contained in Paragraph 41 of the Amended Complaint, the allegations are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 41 of the Amended Complaint, MEF denies the allegations contained therein.

**COUNT TWO**
**Intentional Interference with Contractual Relations**
**(On Behalf of the Class)**

42.    MEF incorporates and realleges its responses to Paragraphs 1 through 41 as if fully set forth herein.

43.    In response to the allegations contained in Paragraph 43 of the Amended Complaint, MEF denies the allegations contained therein.

44.    In response to the allegations contained in Paragraph 44 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 44 of the Amended Complaint, MEF affirmatively states that there is no privity between MEF and Plaintiffs or any members of the putative class because MEF did not enter into "Membership Agreements" with Plaintiffs or any member of the putative class.  MEF denies any remaining allegations contained in Paragraph 44 of the Amended Complaint.

45.    In response to the allegations contained in Paragraph 45 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 45 of the Amended Complaint, MEF states that each independently owned and operated Massage Envy® franchised location's franchise agreement and "system standards" speak for themselves and are the best evidence of their contents.  MEF denies any allegations that are contrary to the express terms of each independently owned and operated Massage Envy® franchised location's franchise agreement and "system standards."  MEF denies any remaining allegations contained in Paragraph 45 of the Amended Complaint.

46.    In response to the allegations contained in Paragraph 46 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 46 of the Amended Complaint, MEF states that each independently owned and operated Massage Envy® franchised location's franchise agreement, "system standards, and "pricing policies" (if any) speak for themselves and are the best evidence of their contents.  MEF denies any

allegations that are contrary to the express terms of each independently owned and operated Massage Envy® franchised location's franchise agreement, "system standards, and "pricing policies." MEF denies any remaining allegations contained in Paragraph 46 of the Amended Complaint.

47. In response to the allegations contained in Paragraph 47 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required. To the extent a response is deemed required to the allegations contained in Paragraph 47 of the Amended Complaint, MEF denies the allegations contained therein.

48. In response to the allegations contained in Paragraph 48 of the Amended Complaint, the allegations are legal conclusions to which no response is required. To the extent a response is deemed required to the allegations contained in Paragraph 48 of the Amended Complaint, MEF denies the allegations contained therein.

**COUNT THREE**
**Violation of Cal. Civ. Code §§ 1750, *et. seq.* -**
**Consumer Legal Remedies Act**
**(On Behalf of the California Sub-Class)**

49. MEF incorporates and realleges its responses to Paragraphs 1 through 48 as if fully set forth herein.

50. In response to the allegations contained in Paragraph 50 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required. To the extent a response is deemed required to the allegations contained in Paragraph 50 of the Amended Complaint, MEF denies the allegations contained therein.

51. In response to the allegations contained in Paragraph 51 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required. To the extent a response is deemed required to the allegations contained in Paragraph 51 of the Amended Complaint, MEF denies the allegations contained therein.

52. In response to the allegations contained in Paragraph 52 of the Amended Complaint, MEF lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore denies them.

53.     In response to the allegations contained in Paragraph 53 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 53 of the Amended Complaint, MEF denies the allegations contained therein.

54.     In response to the allegations contained in Paragraph 54 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 54 of the Amended Complaint, MEF states that the "terms and conditions" of each member's "Membership Agreement" speak for themselves and are the best evidence of their terms.  MEF denies any allegations that are contrary to the express terms of any "terms and conditions" in each member's "Membership Agreement."   MEF denies any remaining allegations contained in Paragraph 54 of the Amended Complaint.

55.     In response to the allegations contained in Paragraph 55 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 55 of the Amended Complaint, MEF denies the allegations contained therein.

56.     In response to the allegations contained in Paragraph 56 of the Amended Complaint, many of the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 56 of the Amended Complaint, MEF denies the allegations contained therein.  MEF admits Plaintiffs provided it with a notice via certified mail of alleged CLRA violations pursuant to California Civil Code § 1782(a) and further responds that the stated notice speaks for itself and is the best evidence of its contents.  MEF denies any allegations that are contrary to the express contents of the notice.  MEF denies any remaining allegations contained in Paragraph 56 of the Amended Complaint.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNT FOUR**
**Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* –**
**Unlawful Business Acts and Practices**
**(On Behalf of the California Sub-Class)**

57.     MEF incorporates and realleges its responses to Paragraphs 1 through 56 as if fully set forth herein.

58.     In response to the allegations contained in Paragraph 58 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 58 of the Amended Complaint, MEF denies any remaining allegations contained therein.

59.     In response to the allegations contained in Paragraph 59 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 59 of the Amended Complaint, MEF denies the allegations contained therein.

60.     In response to the allegations contained in Paragraph 60 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 60 of the Amended Complaint, MEF states that there is no single "Membership Agreement" that all members of independently owned and operated Massage Envy® franchised locations enter or execute and any "terms and conditions" of each member's "Membership Agreement" speak for themselves and are the best evidence of their terms.  MEF denies any allegations that are contrary to the express terms of each member's "Membership Agreement" and any "terms and conditions" in each member's "Membership Agreement."  MEF denies any remaining allegations contained in Paragraph 60 of the Amended Complaint.

61.     In response to the allegations contained in Paragraph 61 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 61 of the Amended Complaint, MEF states that there is no single "Membership Agreement" that all members of independently owned and operated Massage Envy® franchised locations enter or

execute and any "terms and conditions" of each member's "Membership Agreement" speak for themselves and are the best evidence of their terms. MEF denies any allegations that are contrary to the express terms of each member's "Membership Agreement" and any "terms and conditions" in each member's "Membership Agreement." MEF denies any remaining allegations contained in Paragraph 61 of the Amended Complaint.

62.     In response to the allegations contained in Paragraph 62 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required. To the extent a response is deemed required to the allegations contained in Paragraph 62 of the Amended Complaint, MEF denies the allegations contained therein.

63.     In response to the allegations contained in Paragraph 63 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required. To the extent a response is deemed required to the allegations contained in Paragraph 63 of the Amended Complaint, MEF denies the allegations contained therein. MEF affirmatively states that members of independently owned and operated Massage Envy® franchised locations do not pay any membership fees to MEF.

64.     In response to the allegations contained in Paragraph 64 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required. To the extent a response is deemed required to the allegations contained in Paragraph 64 of the Amended Complaint, MEF denies the allegations contained therein.

**COUNT FIVE**
**Violation of Cal. Bus & Prof. Code §§ 17200, *et seq.*Unfair Business Acts and Practices**
**(On Behalf of the California Sub-Class)**

65.     MEF incorporates and realleges its responses to Paragraphs 1 through 64 as if fully set forth herein.

66.     In response to the allegations contained in Paragraph 66 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required. To the extent a response is deemed required to the allegations contained in Paragraph 66 of the Amended Complaint, MEF denies the allegations contained therein.

67.     In response to the allegations contained in Paragraph 67 of the Amended

1    Complaint, the allegations contained therein are legal conclusions to which no response is

2    required.  To the extent a response is deemed required to the allegations contained in Paragraph

3    67 of the Amended Complaint, MEF states that there is no single "Membership Agreement" that

4    all members of independently owned and operated Massage Envy® franchised locations enter or

5    execute and any "terms and conditions" in each member's "Membership Agreement" speak for

6    themselves and are the best evidence of their terms.  MEF denies any allegations that are contrary

7    to the express terms of each member's "Membership Agreement" and any "terms and conditions"

8    in each member's "Membership Agreement."  MEF denies any remaining allegations contained

9    in Paragraph 67 of the Amended Complaint.

10          68.    In response to the allegations contained in Paragraph 68 of the Amended

11    Complaint, the allegations contained therein are legal conclusions to which no response is

12    required.  To the extent a response is deemed required to the allegations contained in Paragraph

13    68 of the Amended Complaint, MEF denies the allegations contained therein.

14          69.    In response to the allegations contained in Paragraph 69 of the Amended

15    Complaint, the allegations contained therein are legal conclusions to which no response is

16    required.  To the extent a response is deemed required to the allegations contained in Paragraph

17    69 of the Amended Complaint, MEF denies the allegations contained therein.

18          70.    In response to the allegations contained in Paragraph 70 of the Amended

19    Complaint, the allegations contained therein are legal conclusions to which no response is

20    required.  To the extent a response is deemed required to the allegations contained in Paragraph

21    70 of the Amended Complaint, MEF denies the allegations contained therein.

22          71.    In response to the allegations contained in Paragraph 71 of the Amended

23    Complaint, the allegations contained therein are legal conclusions to which no response is

24    required.  To the extent a response is deemed required to the allegations contained in Paragraph

25    71 of the Amended Complaint, MEF denies the allegations contained therein.

26          72.    In response to the allegations contained in Paragraph 72 of the Amended

27    Complaint, the allegations contained therein are legal conclusions to which no response is

28    required.  To the extent a response is deemed required to the allegations contained in Paragraph

72 of the Amended Complaint, MEF denies the allegations contained therein.

**COUNT SIX**
**Violation of Cal. Bus & Prof. Code §§ 17200, *et seq.***
**Fraudulent Business Acts and Practices**
**(On Behalf of the California Sub-Class)**

73.     MEF incorporates and realleges its responses to Paragraphs 1 through 72 as if fully set forth herein.

74.     In response to the allegations contained in Paragraph 74 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 74 of the Amended Complaint, MEF denies the allegations contained therein.

75.     In response to the allegations contained in Paragraph 75 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 75 of the Amended Complaint, MEF denies the allegations contained therein.

76.     In response to the allegations contained in Paragraph 76 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 76 of the Amended Complaint, MEF denies the allegations contained therein.

77.     In response to the allegations contained in Paragraph 77 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 77 of the Amended Complaint, MEF denies the allegations contained therein.

78.     In response to the allegations contained in Paragraph 78 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 78 of the Amended Complaint, MEF denies the allegations contained therein.

79.     In response to the allegations contained in Paragraph 79 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is

required.  To the extent a response is deemed required to the allegations contained in Paragraph 79 of the Amended Complaint, MEF denies the allegations contained therein.

**COUNT SEVEN**
**Declaratory Relief Pursuant to 28 U.S.C. § 2201 -**
**The Declaratory Judgment Act**
**(On Behalf of the Class)**

80.     MEF incorporates and realleges its responses to Paragraphs 1 through 79 as if fully set forth herein.

81.     In response to the allegations contained in Paragraph 81 of the Amended Complaint, the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 81 of the Amended Complaint, MEF denies the allegations contained therein.

82.     In response to the allegations contained in Paragraph 82 of the Amended Complaint, MEF responds that the allegations contained therein discuss Plaintiffs' intent regarding the filing of the Amended Complaint and contain legal conclusions to which no response is required.  To the extent a response is deemed required to the allegations contained in Paragraph 82 of the Amended Complaint, MEF denies the allegations contained therein.

**VI.     PRAYER FOR RELIEF**

MEF denies that Plaintiffs are entitled to any relief against MEF, including but not limited to the relief sought in Paragraphs A through G on pages 20-21 of the Amended Complaint.

**ADDITIONAL DEFENSES**

MEF denies all allegations and/or legal conclusions set forth in the Amended Complaint that have not been previously admitted, denied, or explained.  In addition, MEF pleads the affirmative defenses set forth below, without assuming the burden of proof on any such defense that would otherwise fall on Plaintiffs.  MEF reserves the right to supplement or amend this Answer to assert additional affirmative defenses in the event that discovery or other future events indicate that additional or different defenses are appropriate, including affirmative defenses that

the Court struck in the April 5, 2017 Order.[1]  MEF affirmatively states as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Laches)**

The Amended Complaint, and each and every claim for relief set forth therein, is barred or limited by application of the equitable doctrine of laches.  Specifically, Plaintiffs unreasonably delayed in filing this action against MEF.  Plaintiff McKinney-Drobnis waited approximately 35 months to file this action after her monthly membership fee allegedly increased in or about December 2013.  Plaintiff Piccola waited approximately 31 months to file this action after his monthly membership fee allegedly increased in April 2014.  Plaintiff Berlese waited approximately 32 months to file this action after her monthly membership fee increase in March 2014.  As a result of Plaintiffs' delay in filing this action, MEF has suffered prejudice, including larger damages and/or restitution awards (if liability is imposed against MEF) and the fact that

---

[1] In light of the April 5 Order striking its res judicata, claims released, waiver, and impermissible claims splitting affirmative defenses without leave to amend, MEF does not assert them in this Answer.  Nevertheless, MEF believes that such affirmative defenses are valid and viable.  As a result, MEF expressly reserves its right to assert those affirmative defenses in the future based on the following facts:

- Res Judicata:  Plaintiffs and/or the putative class members are members of the *Zizian* class or *Hahn* class who did opt out of those class settlements.  The purported claims are based on Plaintiffs and putative class members allegedly being forced to pay monthly membership fee increases to avoid losing prepaid massage sessions and could have been litigated in the *Zizian* and *Hahn* actions.

- Claims Released:  The Plaintiffs' and putative class members' asserted claims are barred by the negotiated and court-approved releases in the *Hahn* and/or *Zizian* actions which were negotiated by Plaintiffs' current counsel.

- Waiver:  Plaintiffs and the putative class members have waived any claim they may have had against MEF because they did not opt-out of the *Hahn* and/or *Zizian* class settlements when they had an opportunity to do so and when Plaintiffs' current counsel represented them (at least prior to the *Zizian* action opt-out deadline) and appeared at the final approval hearing in the *Zizian* action.

- Impermissible Claims Splitting:  Plaintiffs improperly attempted to split their claims, and the claims of the putative class members, between the *Zizian* action and/or *Hahn* action and this action based on the same primary right, i.e., the purported claims are based on Plaintiffs and the putative class members allegedly being forced to pay monthly membership fee increases to avoid losing prepaid massage sessions.

1   documents related to those fee increases may not have been preserved given the passage of time

2   and witnesses with knowledge of those fee increases may no longer be able to be located.

3   ### SECOND AFFIRMATIVE DEFENSE

4   #### (Estoppel)

5   The Amended Complaint, and each and every claim for relief set forth therein, is barred or

6   limited by application of the equitable doctrine of estoppel.  Specifically, the alleged membership

7   fee increases were known to Plaintiffs and/or members of the putative class and/or subclass

8   Plaintiffs seek to represent but not MEF at the time they were made; Plaintiffs and/or members of

9   the putative class and/or subclass did not inform MEF about the alleged membership fee increases

10  or that they disputed such increases at any time until the lawsuit was filed; Plaintiffs and/or

11  members of the putative class and/or subclass intended that MEF not be aware that they disputed

12  the alleged membership fee increases so MEF would not specifically address such claims as part

13  of the class action settlements in *Donna Zizian v. Massage Envy Franchising, LLC*, Civ. No. 16-

14  cv-00783-DMS-BGS (S.D. Cal.) and *Michelle Bandell, et al. v. Massage Envy Franchising, LLC*,

15  Civ. No. 16-cv-01236 GPC (BGS) (S.D. Cal.) (collectively, "*Zizian*") and *Hahn v. Massage Envy*

16  *Franchising, LLC*, Civ. No. 3:12-cv-00153-DMS-BGS (S.D. Cal.) ("*Hahn*"); and MEF

17  reasonably relied on Plaintiffs' and/or members of the putative class and/or subclass's silence in

18  entering into the *Zizian* and *Hahn* settlements to its detriment, including having to incur

19  attorneys' fees and costs litigating this action.  In addition, Plaintiffs and/or members of the

20  putative class and/or subclass Plaintiffs seek to represent are estopped from seeking restitution or

21  damages for membership fees they voluntarily paid after they were first informed of the alleged

22  membership fee increases, where Plaintiffs and/or members of the putative class and/or subclass

23  continued to utilize the services of their local independently owned and operated Massage Envy®

24  franchised locations; Plaintiffs and/or members of the putative class and/or subclass did not

25  inform MEF about the alleged membership fee increases or that they disputed such increases at

26  any time until the lawsuit was filed; Plaintiffs and/or members of the putative class and/or

27  subclass intended that MEF not be aware that they disputed the alleged membership fee increases;

28  and MEF reasonably relied on Plaintiffs' and/or members of the putative class and/or subclass's

1    silence to its detriment, including having to incur attorneys' fees and costs litigating this action

2    and potential increased liability for restitution and damages.

3                                **THIRD AFFIRMATIVE DEFENSE**

4                                      **(Failure to Mitigate)**

5            Plaintiffs and/or members of the putative class and/or subclass Plaintiffs seek to represent

6    have failed to mitigate or attempted to mitigate damages, if in fact any damages have been or will

7    be sustained by any action or inaction of MEF, and any recovery by Plaintiffs and/or members of

8    the putative class and/or subclass Plaintiffs seek to represent must be diminished or barred by

9    reason thereof.   Specifically, Plaintiffs and/or members of the putative class and/or subclass

10   Plaintiffs seek to represent failed to mitigate their alleged damages by not challenging the alleged

11   membership fee increases or terminating their memberships with their respective local

12   independently owned and operated Massage Envy® franchised locations at the time the

13   membership fees allegedly were increased and/or disputing or challenging with their credit card

14   company or bank by asserting such charges were unauthorized.

15                               **FOURTH AFFIRMATIVE DEFENSE**

16                                          **(Offset)**

17           Without conceding that any act of MEF caused damage to Plaintiffs and/or any member of

18   the putative class and/or subclass Plaintiffs seek to represent, MEF is entitled to offset and recoup

19   against any judgment that may be entered against them for all obligations of Plaintiffs and/or the

20   putative class and/or subclass Plaintiffs seek to represent owing to MEF and/or for the value of

21   the services Plaintiffs and/or any member of the putative class and/or subclass Plaintiffs seek to

22   represent received from MEF and/or any independently owned and operated Massage Envy®

23   franchised location.

24                                **FIFTH AFFIRMATIVE DEFENSE**

25                                   **(Business Justification)**

26           Without conceding that any act of MEF caused damage to Plaintiffs and/or any member of

27   the putative class and/or subclass Plaintiffs seek to represent, to the extent the local independently

28   owned and operated Massage Envy® franchised locations acted with good faith business

justifications in implementing any increases of the membership fees paid by Plaintiffs and/or members of the putative class and/or subclass Plaintiffs seek to represent, MEF is entitled to assert such good faith business justifications as a bar to Plaintiffs' fifth Cause of Action, under California Business & Professions Code §§ 17200, *et seq.*

## SIXTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiffs and/or members of the putative class and/or subclass Plaintiffs seek to represent consented to and approved all the acts and omissions about which Plaintiffs now complain.  In addition to other manifestations of consent, on information and belief MEF asserts that Plaintiffs and/or members of the putative class and/or subclass Plaintiffs seek to represent allegedly signed membership agreements with independently owned and operated Massage Envy® franchised locations that expressly evidenced consent to the terms thereof, and consented to pay the alleged increased membership fees about which they now complain.  Plaintiffs and/or members of the putative class and/or subclass further consented to any increased membership fees by continuing as members with their respective local independently owned and operated Massage Envy® franchised locations after such increases and/or not terminating their respective memberships. Accordingly, Plaintiffs and/or members of the putative class and/or subclass Plaintiffs seek to represent are barred from pursuing this action against MEF.

## SEVENTH AFFIRMATIVE DEFENSE

### (Taking)

As a defense to the fourth, fifth, and sixth Causes of Action, MEF alleges that Plaintiffs' demand for restitution is barred because any award of restitution under California Business & Professions Code §§ 17200 *et seq.* would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment of the United States Constitution (as incorporated into the Fourteenth Amendment to the United States Constitution) and of Article I, Section 19, of the California Constitution because neither the Plaintiffs nor the putative class and/or subclass members Plaintiffs seek to represent paid any membership fees or other fees to MEF.

-21-
MASSAGE ENVY FRANCHISING, LLC'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
3:16-CV-6450-MMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unconstitutional Vagueness)**

Plaintiffs' fifth Cause of Action, under California Business & Professions Code §§ 17200 *et seq.*, is unconstitutionally vague under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 7, of the California Constitution to the extent that it purports to allow recovery for "unfair" business practices.

**NINTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

The claims in the Amended Complaint are barred, in whole or in part, because Plaintiffs and/or members of the putative class and/or subclass Plaintiffs seek to represent would be unjustly enriched if they recovered any monetary relief from MEF.  Specifically, Plaintiffs and members of the putative class and subclass Plaintiffs seek to represent did not pay to MEF any membership fees that they seek to recover in this action, but rather paid them to their respective local independently owned and operated Massage Envy® franchised locations.  If Plaintiffs and/or members of the putative class and/or subclass Plaintiffs seek to represent recovered such membership fees from MEF, which did not receive those fees, Plaintiffs and/or members of the putative class and/or subclass would be unjustly enriched at MEF's expense.   In addition, Plaintiffs and members of the putative class and subclass Plaintiffs seek to represent would be unjustly enriched because they received membership benefits with any increased membership fees.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Join Indispensable Parties)**

Plaintiffs are not entitled to any relief they seek because they have failed to join indispensable parties to this action as required by Federal Rule of Civil Procedure 19, namely the Massage Envy® franchises that entered Membership Agreements with Plaintiffs and/or the putative class and/or subclass Plaintiffs seek to represent.

1

### ELEVENTH AFFIRMATIVE DEFENSE

2

#### (Statute of Limitations)

3   The intentional interference with contractual claims (second Cause of Action) of Plaintiffs

4   and/or members of the putative class and/or subclass that Plaintiffs seek to represent based on

5   alleged monthly membership fee increases that were instituted prior to November 4, 2014 are

6   barred or limited to the extent they were not brought within the applicable two-year statute of

7   limitations set forth in California Code of Civil Procedure section 339(1), including: Plaintiff

8   McKinney-Drobnis's alleged monthly membership fee increase that was instituted in or about

9   December 2013; Plaintiff Piccola's alleged monthly membership fee increase that was instituted

10  in April 2014; and Plaintiff Berlese's alleged monthly membership fee increase that was instituted

11  in March 2014.

12

### TWELFTH AFFIRMATIVE DEFENSE

13

#### (Privilege or Justification)

14  The intentional interference with contractual claims of Plaintiffs and/or members of the

15  putative class and/or subclass that Plaintiffs seek to represent are barred or limited because

16  MEF's conduct was privileged and/or justified under the terms of franchise agreements with

17  independently owned and operated Massage Envy® franchised locations.

18

### JURY DEMAND

19  MEF demands a trial by jury on all issues so triable as a matter of right.

20

### PRAYER FOR RELIEF

21  WHEREFORE, MEF prays as follows:

22  1.      Plaintiffs take nothing by reason of their Amended Complaint and that judgment

23  be rendered in favor of MEF;

24  2.      MEF be awarded costs of suit incurred herein; and

25  ///

26  ///

27  ///

28  ///

1        3.    For such other and further relief as the Court deems just and proper.

2
Dated:  May 22, 2017                        SACKS RICKETTS & CASE
3

4                                           By: /s/ Cynthia A. Ricketts
                                                Luanne Sacks
5                                               Cynthia A. Ricketts (admitted *pro hac vice*)
                                                Robert B. Bader
6
                                                Attorneys for Defendant
7                                               Massage Envy Franchising, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28