UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAERBEL MCKINNEY-DROBNIS, et al., Plaintiffs, v. MASSAGE ENVY FRANCHISING, LLC, Defendant. | Case No. 16-cv-06450-MMC (KAW)<br><br>**ORDER REGARDING JOINT DISCOVERY LETTER**<br><br>Re: Dkt. Nos. 83, 85 |

Plaintiffs Baerbel McKinney-Drobnis, Joseph B. Piccola, and Camille Berlese filed the instant putative class action against Defendant Massage Envy Franchising, LLC, asserting claims related to Defendant's alleged unilateral increases of membership fees. (Second Amended Compl. ¶ 3 ("SAC"), Dkt. No. 60.) On September 26, 2017, the parties filed a joint letter regarding the depositions of seven non-parties: Mr. Burton Drobnis, Ms. Kathleen Piccola, Ms. Angela Berlese, Ms. Lia Berlese, Mr. Chris Berlese, Mr. Robert Berlese, and Mr. Michael Damiani. (Joint Letter, Dkt. No. 83.) The Court deems the matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). Having considered the papers filed by the parties, and for the reasons set forth below, the Court GRANTS Plaintiffs' request to quash the subpoena concerning Ms. Piccola, Ms. Angela Berlese, Ms. Lia Berlese, Mr. Chris Berlese, Mr. Robert Berlese, and Mr. Michael Damiani. The Court DENIES the request to quash the subpoena as to Mr. Drobnis, but will limit the scope of the deposition to issues affecting adequacy only.

### I. BACKGROUND

Defendant operates a membership-based massage franchise that allows members to receive one massage per month for a monthly fee ranging between $39.00 to $59.00. (SAC ¶ 1.) To obtain a membership, customers execute a form Membership Agreement. For members paying

monthly, the Membership Agreements state in substantially similar language: "[y]our membership dues of $[X dollar amount] (not including any additional applicable taxes) are due on or after the __ day of each month hereafter until your membership expires or is terminated in accordance with this agreement." (SAC ¶ 1 (emphasis omitted).) For members paying in full for a given term, the Membership Agreements state a dollar amount due that day. Upon expiration of the initial term, membership is automatically renewed pursuant to the form Membership Agreements, which state in substantially similar language: "[f]ollowing the initial term, your membership will automatically continue on a month-to-month basis at $[X dollar amount] per month until your membership is canceled." (SAC ¶ 2 (emphasis omitted).) Plaintiffs assert that these provisions amount to "an express clause with an explicit, locked in amount that is to be paid each month" until membership is expired or terminated. (SAC ¶ 21.) Plaintiffs also allege that "each member of the Class is purportedly assured that the membership fee will never increase once [] they execute the agreement and begin making timely payments." (SAC ¶ 21.)

Despite this alleged "prohibit[ion on] unilateral increases of the monthly membership dues, [Defendant] unilaterally increases (often without notice or forewarning) the monthly membership fees owed by its members . . . ." (SAC ¶ 22.) For example, Plaintiff McKinney-Drobnis asserts that in October 2007, she signed a standardized agreement which provided for a monthly membership fee of $59.00. (SAC ¶ 9.) In December 2013, Defendant unilaterally increased the membership fee to $59.99; Plaintiff McKinney-Drobnis states that she did not receive notice of the price increase and that the amount was so small that she did not notice the increase. (SAC ¶ 10.) Similarly, Plaintiff Piccola alleges that in June 2010 he signed a standardized agreement which provided for a monthly membership fee of $49.00. (SAC ¶ 11.) Defendant then unilaterally increased the membership fee to $49.99 in April 2014, and to $59.99 in February 2016. (SAC ¶ 12.) Plaintiff Piccola did not receive notice of the first $0.99 increase. Finally, Plaintiff Berlese states that in June 2011, she signed a standardized agreement which provided for a monthly membership fee of $39.00. (SAC ¶ 13.) Defendant then unilaterally increased the membership fee to $39.99 in March 2014, and to $55.00 in September 2016. (SAC ¶ 14.) Plaintiff Berlese alleges that she did not receive notice of the first $0.99 increase.

In addition to the unilateral fee increases, Plaintiffs assert that Defendant seeks to make it "as 'painful' as possible for customers to cancel a membership." (SAC ¶ 23.) Specifically, Defendant requires customers to prepay for massages, which results in many customers having a "bank" of accrued massages that they must use before cancelling membership. (SAC ¶ 4.) If they do not use these accrued massages, they will lose the massages when they cancel. (SAC ¶¶ 4, 23.) Further, members cannot cancel during the initial term unless they have permanently moved more than 25 miles away from any Defendant location, or a physician certifies that the member is unable to physically receive massage services. (SAC ¶ 4.) After the initial term, cancellations require thirty days written notice, and only become effective thirty days after the member's last payment. (SAC ¶¶ 4, 23.)

Based on these allegations, Plaintiffs filed the instant putative class action. Plaintiffs bring claims for: (1) breach of contract and the implied covenant of good faith and fair dealing; (2) intentional interference with contractual relations; (3) violation of California's Consumer Legal Remedies Act, Cal. Civil Code §§ 1750 *et seq.*; (4) violations of California's Unfair Competition Law, Cal. Business & Professions Code §§ 17200 *et seq.*; and (5) declaratory relief.

## II. LEGAL STANDARD

Under Rule 26, in a civil action, a party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Additionally, the court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Rule 45 also specifically provides that "the court for the district where compliance is required must quash or modify a

subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. Rule 45 provides, among other things, that a party may command a non-party to testify at a deposition. Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, No. 3:16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970); Fed. R. Civ. P. 34(a)).

"The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Lemberg Law LLC v. Hussin,* No. 3:16-mc-80066- JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) (quotation omitted); *see United States v. C.B.S., Inc.,* 666 F.2d 364, 371-72 (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party"). Courts in this district have consequently held that "[o]n a motion to quash a subpoena, the moving party has the burden of persuasion . . . , but the party issuing the subpoena must demonstrate that the discovery sought is relevant." *Chevron Corp. v. Donziger,* No. 3:12-mc-80237-CRB, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (citation omitted); *see also Optimize Tech. Solutions, LLC v. Staples, Inc.*, No. 5:14-mc-80095-LHK, 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014) ("The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." (quotation omitted)).

### III. DISCUSSION

#### A. Burton Drobnis

Mr. Drobnis is Plaintiff McKinney-Drobnis's husband. Defendant asserts that a deposition is warranted because Mr. Drobnis is represented by Plaintiffs' counsel. (Joint Letter at 4, 5.) Defendant also contends that Mr. Drobnis would have information about Plaintiff McKinney-

Drobnis's notice or awareness about the fee increase because Mr. Drobnis checked the monthly credit card bills that contained the automatic membership charges. (*Id.* at 4; *see also* Joint Letter, Exh. 1 ("McKinney-Drobnis Dep.") at 44:1-25.) Defendant further argues that Mr. Drobnis has information about Plaintiff McKinney-Drobnis's adequacy as a class representative because he reviewed the complaint, explained it to her, and spoke to Plaintiffs' counsel, and that Plaintiff McKinney-Drobnis expected that Mr. Drobnis would continue to assist her in her role as a class representative. (Joint Letter at 4; McKinney-Drobnis Dep. at 250:6-253:12.) Finally, Defendant asserts that Mr. Drobnis's own experience as a former member of the Massage Envy location relates to typicality. (Joint Letter at 4.)

Plaintiffs respond that the fact that Mr. Drobnis is represented by Plaintiffs' counsel does not justify a deposition. (Joint Letter at 2.) Further, Plaintiffs argue that awareness of any notice is not relevant because Defendant only argues that it is required to send notice of a fee increase, not that a customer must actually be aware of the increase. (*Id.*) With respect to adequacy, Plaintiffs state that the fact that Plaintiff McKinney-Drobnis asks her husband to assist in explaining the obscure terms in legal documents is not relevant to an adequacy inquiry, and that there is nothing in the record to suggest she is unduly influenced by her husband. Finally, Plaintiffs argue that Mr. Drobnis's own experience with Defendant does not warrant a deposition because "'[d]iscovery from absent class members is ordinarily not permitted.'" (*Id.* at 1 (quoting *McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 517 (S.D. Cal. 2008)).)

In general, "[d]iscovery from absent class members [such as Mr. Drobnis] is ordinarily not permitted." *Makaeff v. Trump Univ., LLC*, Civil No. 10-CV-940-GPC (WVG), 2013 WL 990918, at *5 (S.D. Cal. Mar. 12, 2013). Discovery is not completely forbidden; federal courts in California have "allow[ed] discovery of absent potential class members when they are identified as witnesses, or submit declarations, or are represented by the plaintiffs' counsel." *Id.* at *6. Such limited circumstances may arise "where the proposed deponents have been identified as potential witnesses or have otherwise 'injected' themselves into the litigation." *Antonietti v. Chipotle, Inc.*, No. 06cv2671-BTM (WMc), 2011 WL 2003292, at *1 (S.D. Cal. May 23, 2011). For example, in *Antonietti*, the absent class members at issue had submitted declarations in support of the

1 plaintiff's motion for class certification and had been identified as witnesses in the plaintiff's

2 supplemental disclosures. *Id.* at *2. Likewise, in *Mas v. Cumulus Media Inc.*, the district court

3 rejected the absent class members' argument that they should automatically be insulated from

4 further discovery because the individuals had been identified as witnesses in the plaintiff's initial

5 disclosures and it appeared both would be offering testimony in support of the plaintiff's case.

6 Case No. 10-cv-1396-EMC, 2010 WL 4916402, at *3 (N.D. Cal. Nov. 22, 2010). Finally, in

7 *Withers v. eHarmony, Inc.*, the defendant did not seek to depose the plaintiff's boyfriend because

8 he was an absent or putative class member, but because he was "a key percipient witness with

9 personal knowledge of plaintiff's experience with eHarmony," as his experiences being a "match"

10 with the plaintiff was relevant to the plaintiff's individual claims. 267 F.R.D. 316, 321 (C.D. Cal.

11 2010).

12 Here, there is no showing that Mr. Drobnis has "inserted" himself into the litigation, such

13 that a deposition is warranted. While he has assisted Plaintiff McKinney-Drobnis with

14 understanding the litigation proceedings, Defendant does not suggest that Mr. Drobnis is a witness

15 or that he will be testifying or providing a declaration in support of class certification or at trial.

16 The fact that he could be a class member alone does not justify a deposition. Similarly, the fact

17 that he is represented by Plaintiff's counsel in connection with the subpoenas at issue does not

18 automatically make him a percipient witness. (*See* Dkt. No. 85, Exh. 5 at 1-2 n.1.)

19 Similarly, the Court finds that Defendant does not adequately explain why notice of the fee

20 increases is relevant or material in the instant case. While Defendant states that this is a key issue,

21 Defendant provides no explanation for how this matters to the merits of the case, beyond stating

22 that Plaintiffs claim that they receive no notice. (Joint Letter at 3.) The gravamen of the case,

23 however, is that Defendant was not permitted to unilaterally increase the membership rate; it is not

24 clear how notice or awareness would matter if, contractually-speaking, Defendant was not allowed

25 to increase the membership rate in the first place. Moreover, Defendant appears to assert as its

26 main defense that it is "a franchisor that does not own or operate any membership agreements,"

27 and thus "it has not entered [into] membership agreements with Plaintiffs (or any putative class

28 member), it therefore did not make any representations to Plaintiffs (or any putative class

6

United States District Court
Northern District of California

1  member), and no Plaintiff (or any putative class member) paid any membership fee to MEF."

2  (Joint Letter at 3-4.) This would suggest that the issue of notice and awareness is not material to

3  Defendant's own defenses.

4  The Court does find, however, that Defendant may depose Mr. Drobnis on the limited

5  issue of Plaintiff McKinney-Drobnis's adequacy as a class representative. Plaintiff McKinney-

6  Drobnis testified that she did not read the complaint, but that her husband likely went over it and

7  then explained and translated it to her. (Dkt. No. 85, Exh. 7 ("McKinney-Drobnis Dep.") at

8  232:16-233:25.) Mr. Drobnis also appears to have introduced Plaintiff McKinney-Drobnis to

9  Plaintiffs' counsel, Attorney Kashima, and asked her to talk to Attorney Kashima. (McKinney-

10 Drobnis Dep. at 54:17-24.) Plaintiff McKinney-Drobnis also testified that her husband spoke to

11 Attorney Kashima on her behalf before Attorney Kashima sent out a letter on her behalf.[1]

12 (McKinney-Drobnis Dep. at 200:13-201:21.) Such matters can affect Plaintiff McKinney-

13 Drobnis's adequacy, if Mr. Drobnis has a substantial influence on Plaintiff McKinney-Drobnis's

14 understanding of the facts of the case and the decision to participate in litigation. *See Murray v.*

15 *E\*Trade Fin. Corp.*, 240 F.R.D. 392, 398 (N.D. Ill. 2006) ("the adequacy requirement places only

16 a modest burden on a class representative to demonstrate an understanding of the basic facts

17 underlying the claims, some general knowledge, and a willingness and ability to participate in

18 discovery") (internal quotation omitted). A deposition on this limited topic is permissible.

19 **B. Kathleen Piccola**

20 Ms. Piccola is Plaintiff Piccola's wife. As with Mr. Drobnis, Defendant asserts that a

21 deposition is warranted because Ms. Piccola is represented by Plaintiffs' counsel. (Joint Letter at

22 4.) Defendant also contends that Ms. Piccola has discoverable information about Plaintiff

23 Piccola's experience as a member of Massage Envy, such as notice of the increases. Finally,

24 Defendant argues that Ms. Piccola has information about her own experience as a member of a

25 different Massage Envy location.

26 As discussed above, the fact that Ms. Piccola is an absent class member that is represented

---

[1] Plaintiff McKinney-Drobnis further testified that she did not know if she knew that the letter was being sent out before it was sent. (McKinney-Drobnis Dep. at 201:18-21.)

7

by Plaintiffs' counsel for the limited purpose of dealing with this subpoena does not justify a deposition. There is no showing Ms. Piccola is a percipient or key witness, or that Plaintiffs intend to use her declaration or testimony to support their case. Similarly, there is no explanation for why notice of the increases is relevant or material in this case. Therefore, the subpoena is quashed as to Ms. Piccola.

### C. Angela and Lia Berlese

Ms. Angela Berlese and Ms. Lia Berlese are Plaintiff Berlese's daughters. Both allegedly talked to Plaintiff Berlese about the price increases and the allegations in the complaint. (Joint Letter at 4.) Further, Plaintiff Berlese, Ms. Lia Berlese, and Ms. Angela Berlese were allegedly offered the option to keep their existing membership after an announced August 2016 price increase. Defendant also contends that the testimony is discoverable to refute Plaintiffs' allegations that class members have no choice but to accept price increases. Finally, Defendant again suggests that their testimony is discoverable based on their own experience as members of a Massage Envy location.

The Court rejects these arguments. There is no showing that the discussions about the price increases or allegations in the complaint have any effect on the merits of the case or Plaintiff Berlese's adequacy; the fact that conversations took place does not alone suggest that either daughter is a witness in this case. Further, Plaintiffs do not allege that class members have no choice but to accept price increases; rather, Plaintiffs allege that it is "painful" to cancel their membership due to the loss of their accrued massages. An offer to cancel the membership does not affect this loss of accrued massages. Finally, again, Ms. Angela Berlese's and Ms. Lia Berlese's status as absent class members alone does not warrant a deposition, without something more to suggest that they have injected themselves into this litigation. Therefore, the subpoena is as to Ms. Angela Berlese and Ms. Lisa Berlese is quashed.

### D. Chris Berlese

Mr. Chris Berlese is Plaintiff Berlese's son. Defendant contends that Plaintiff Berlese and Mr. Chris Berlese had communications about the allegations in the complaint. (Joint Letter at 4.) Defendant also argues that Plaintiff Berlese testified that Mr. Chris Berlese cancelled his

1 membership following a price increase, when in fact he paid eight months at the increased rate.

2 Defendant appears to suggest that this therefore relates to typicality, but does not explain how.

3 The Court rejects these arguments. Again, there is no showing that discussions about the allegations in the complaint have any effect on the merits of the case or Plaintiff Berlese's adequacy, and does not otherwise suggest that Mr. Chris Berlese would be a witness in this case. Further, it is not clear how Mr. Chris Berlese's payment of the increased membership price, rather than immediately canceling, affects typicality or the merits of this case. Therefore, the subpoena as to Mr. Chris Berlese is quashed.

### E. Robert Berlese

Mr. Robert Berlese is Plaintiff Berlese's husband. Again, Defendant alleges that Plaintiff Berlese and Mr. Robert Berlese discussed the allegations in the complaint. (Joint Letter at 4.) Mr. Robert Berlese also had conversations with Mr. Michael Damiani about Plaintiff Berlese's claims. (*Id.* at 4-5.) Defendant further argues that Mr. Robert Berlese would have information about notice of price increases or communications with the Massage Envy location where Plaintiff Berlese signed her membership agreement. (*Id.* at 5.) Finally, Defendant contends that Mr. Robert Berlese could testify about his decision not to become a member, which would refute Plaintiffs' claim that the agreements are contracts of adhesion. (*Id.*)

The Court rejects these arguments. As with the Berlese children, there is no showing that discussions about the allegations in the complaint have any effect on the merits of the case or Plaintiff Berlese's adequacy, or otherwise suggest that Mr. Robert Berlese would be a witness in this case. Likewise, Defendant provides no explanation for why Mr. Robert Berlese's conversations with Mr. Damiani, Plaintiff Berlese's friend, would be discoverable. As discussed above, Defendant also fails to explain why notice of the price increases would be relevant or material in this case. Finally, the fact that Mr. Robert Berlese decided not to be a member is irrelevant to this case and does not refute Plaintiffs' claims that the membership agreements are adhesion contracts; an adhesion contract is "a standardized contract, drafted by the party of superior bargaining strength, that relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Ting v. AT&T*, 319 F.3d 1126, 1148 (9th Cir. 2003). There is no

suggestion that individuals were forced against their wills to become members of Massage Envy; thus, Mr. Robert Berlese's decision not to become a member has no effect on Plaintiffs' allegations regarding the use of an adhesion contract. Therefore, the subpoena as to Mr. Robert Berlese is quashed.

### F. Michael Damiani

Mr. Damiani is Plaintiff Berlese's friend, who was a member of another Massage Envy location and had discussions with Mr. Berlese about Plaintiff Berlese's claims. (Joint Letter at 5.) Defendant suggests that Mr. Damiani has discoverable information about his own experience with Massage Envy.

The Court rejects these arguments. Defendant again provides no explanation for why the conversations with Mr. Berlese would have any relevance in the instant case. Further, again, the fact that Mr. Damiani is a putative class member does not justify the taking of his deposition without some showing that he has otherwise injected himself into this case. Therefore, the subpoena as to Mr. Damiani is quashed.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiffs' request to quash the subpoenas as to Ms. Piccola, Ms. Angela Berlese, Ms. Lia Berlese, Mr. Chris Berlese, Mr. Robert Berlese, and Mr. Damiani. The Court DENIES Plaintiffs' request to quash the subpoena as to Mr. Drobnis, but will limit the scope of the deposition to Plaintiff McKinney-Drobnis's adequacy only.

IT IS SO ORDERED.

Dated: October 24, 2017

KANDIS A. WESTMORE
United States Magistrate Judge