1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

11  Baerbel McKinney-Drobnis, Joseph B. Piccola,    CASE NO.  3:16-CV-6450-MMC
    and Camille Berlese, individually and on
12  behalf of all others similarly situated,       **[PROPOSED] ORDER ON CLASS
                                                   REPRESENTATIVES' MOTION FOR
13                      Plaintiffs,                PRELIMINARY APPROVAL AND
                                                   JOINT MOTION FOR VACATUR**
14  v.

15  MASSAGE ENVY FRANCHISING, LLC, a
    Delaware Limited Liability Company,
16
                        Defendants.
17

18
19
20
21
22
23
24
25
26
27
28

**ORDER ON CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL AND JOINT MOTION FOR VACATUR**

Class Representatives' Motion for Preliminary Approval of a Class Action Settlement and Proposed Settlement Class (the "Motion") and the Parties' Joint Motion for Vacatur ("Joint Motion") were heard on ___, 2019 (the "Motions"). In connection with the Motion and Joint Motion, the Court considered the proposed class action Settlement Agreement (attached as Exhibit 1 to the Declaration of Jeffrey Krinsk), the submissions of counsel, and all other papers filed in this action. This Order incorporates by reference the definitions in the Settlement Agreement (the "AGREEMENT"). The matter having been submitted, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The provisions of the AGREEMENT are hereby preliminarily approved. The COURT finds that the SETTLEMENT appears to be fair, adequate, and reasonable to the CLASS MEMBERS, free of collusion or indicia of unfairness, and within the range of likely judicial approval. The COURT also finds that the SETTLEMENT resulted from arm's-length negotiations and is sufficient to warrant the dissemination of CLASS NOTICE to the CLASS MEMBERS.

2. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), and for purposes of, and solely in connection with, the SETTLEMENT, the COURT finds that each of the requirements for certification of the CLASS set forth in the CLASS REPRESENTATIVES' Motion for Preliminary Approval are met and hereby conditionally certifies the CLASS comprised of:

> All Members of an ME LOCATION since November 4, 2006, whose monthly membership fee has been increased above the amount stated in their Membership Agreement ("Fee Increase") prior to date of this PRELIMINARY APPROVAL ORDER.

3. The COURT, for SETTLEMENT purposes only, finds that certification of the CLASS satisfies the requirements under Federal Rules of Civil Procedure 23(a) and 23(b)(3). In support of this ruling, the COURT conditionally and preliminarily finds that: (a) the CLASS is so

numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the CLASS; (c) the named CLASS REPRESENTATIVES' claims are typical of the claims of the CLASS; (d) the named CLASS REPRESENTATIVES and CLASS COUNSEL identified below are able to adequately represent the CLASS; and (e) class-wide treatment of the disputes raised in this ACTION is superior to other available methods for adjudicating the controversy.

4. If the AGREEMENT is terminated or not consummated pursuant to the AGREEMENT's terms, conditional certification of the CLASS shall be void. In that event, the CLASS REPRESENTATIVES, the CLASS MEMBERS, and MEF shall be returned to their respective statuses as of the date immediately prior to the execution of the AGREEMENT and neither the AGREEMENT nor this PRELIMINARY APPROVAL ORDER shall have any bearing on, and neither shall be admissible in connection with, (a) any issue in this ACTION or any claim raised under any other state or federal law that was intended to be encompassed within the ACTION; (b) whether certification or decertification would be appropriate in a non-settlement context; (c) MEF's liability for any final judgment or to any CLASS MEMBER; and (d) any judgment ultimately sought to be entered against MEF or otherwise.

5. The COURT appoints and designates Baerbel McKinney-Drobnis, Camille Berlese, and Joseph Piccola as CLASS REPRESENTATIVES for the CLASS.

6. The COURT appoints and designates Finkelstein & Krinsk LLP as CLASS COUNSEL for the CLASS. CLASS COUNSEL is located at the following address:

> Jeffrey R. Krinsk, Esq.
> Trenton R. Kashima, Esq.
> Finkelstein & Krinsk LLP
> 550 West C Street, Suite 1760
> San Diego, CA 92101
> (619) 238-1333

7. The COURT approves, as to form and content, the proposed CLASS NOTICE, attached as Exhibits 2 and 4 to the AGREEMENT, including the procedure for the CLASS MEMBERS to object to or request exclusion from the SETTLEMENT, to submit a VOUCHER

REQUEST, and to file a Notice of Intent to Appear at the FINAL APPROVAL HEARING and, accordingly, directs that CLASS NOTICE be given in the form and manner consistent therewith and this PRELIMINARY APPROVAL ORDER.

8. The COURT finds that the CLASS NOTICE is the best means practicable of providing notice under the circumstances and when completed shall constitute due and sufficient notice of the ACTION, the SETTLEMENT, and the FINAL APPROVAL HEARING to all persons affected by and/or authorized to participate in the SETTLEMENT in full compliance with Federal Rules of Civil Procedure 23(c) and (e) and the requirements of due process.

9. The provisions of the AGREEMENT relating to the CLASS NOTICE, exclusion from the SETTLEMENT, objection to the SETTLEMENT, a VOUCHER REQUEST, Notice of Intent to Appear at the FINAL APPROVAL HEARING, and the FINAL APPROVAL HEARING are deemed incorporated as if expressly set forth in this PRELIMINARY APPROVAL ORDER and have the full force and effect of an Order of this COURT.

10. As of the date of this PRELIMINARY APPROVAL ORDER, all CLASS MEMBERS who do not exclude themselves from the SETTLEMENT pursuant to the CLASS NOTICE and the AGREEMENT shall be bound by the new membership agreement attached hereto as **EXHIBIT 1,** regardless of whether the SETTLMENT is finally approved.  This new membership agreement expressly entitles any Massage Envy Spa who uses this or a similar membership agreement to increase the member's stated monthly membership fee following the initial membership term  only by providing at least forty-five (45) days' advance written notice to the member's email  address on record with the member's Massage Envy Spa and that such notice shall be effective on the date sent.  Forty-five (45) days' advance written notice will allow the CLASS MEMBERS a reasonable opportunity  to cancel membership before incurring a noticed price increase.

11. The COURT appoints and designates The Garden City Group, Inc. as the SETTLEMENT ADMINISTRATOR.

12. The COURT hereby directs the SETTLEMENT ADMINISTRATOR to provide the approved CLASS NOTICE to the CLASS in accordance with the schedule below and using the procedures set forth in the AGREEMENT.

13. The SETTLEMENT ADMINISTRATOR shall be responsible for

   a. Preparing, drafting, and serving the Notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA");

   b. Printing and distributing the SUMMARY NOTICE approved by the COURT;

   c. Performing physical home address and email address updates and verifications prior to the first distribution of the SUMMARY NOTICE;

   d. Sending mailed SUMMARY NOTICE to those CLASS MEMBERS who were provided SUMMARY NOTICE via email and had it returned undeliverable and who have a physical address in the Millennium Central Office Database (or any successor point of sale database);

   e. Performing a single skip trace address follow-up on any returned mail or email SUMMARY NOTICES;

   f. Creating and maintaining a SETTLEMENT WEBSITE consistent with the AGREEMENT and this PRELIMINARY APPROVAL ORDER and including the LONG FORM NOTICE;

   g. Creating and maintaining a toll-free number that CLASS MEMBERS can contact to request a copy of the AGREEMENT, a UNIQUE ID CODE, a VOUCHER REQUEST form, and/or to obtain any other information concerning this SETTLEMENT or the AGREEMENT;

   h. Consulting with MEF's COUNSEL and CLASS COUNSEL concerning any relevant issue, including (without limitation) distribution of the CLASS NOTICE and processing of VOUCHER REQUESTS;

     i.     Processing and recording timely and proper requests for exclusion from the SETTLEMENT;

    j.     Processing and recording of timely and proper VOUCHER REQUESTS;

    k.    Within five (5) days after the VOUCHER REQUEST DEADLINE, providing MEF with a written list of all CURRENT MEMBERS who submitted a timely and valid VOUCHER REQUEST and the following information, if available, with respect to each CURRENT MEMBER:

         i.     First and last name;

        ii.    Current mailing address;

       iii.   Current email address;

       iv.   UNIQUE ID CODE; and

        v.    The amount of FEE INCREASES paid as of the date of PRELIMINARY APPROVAL;

    l.     Within five (5) days after the VOUCHER REQUEST DEADLINE, providing MEF with a written list of all FORMER MEMBERS who submitted a timely and valid VOUCHER REQUEST and the following information, if available, with respect to each FORMER MEMBER:

         i.     First and last name;

        ii.    Current mailing address;

       iii.   Current email address;

       iv.   UNIQUE ID CODE; and

        v.    The amount of FEE INCREASES paid as of the date the FORMER MEMBER's MEMBERSHIP was terminated, cancelled, suspended, or not renewed or the FORMER MEMBER's last EFT payment, whichever is later;

    m.   Emailing VOUCHERS to CLASS MEMBERS who submit a timely and proper VOUCHER REQUEST and advising CLASS MEMBERS of any

      increased VOUCHER amount as a result of any necessary pro rata distribution to comply with the AGREEMENT; and

  n.  Such other tasks as MEF and the CLASS REPRESENTATIVES mutually agree or the COURT may order the SETTLEMENT ADMINISTRATOR to perform.

14. In accordance with the schedule set forth below, the SETTLEMENT ADMINISTRATOR is directed to establish a website at www.massagefeesettlement.com (the "SETTLEMENT WEBSITE") to provide information regarding the SETTLEMENT including requesting exclusion from or objecting to the SETTLEMENT, submitting a VOUCHER REQUEST consistent with the AGREEMENT, the date of the FINAL APPROVAL HEARING, and other information related to the SETTLEMENT.

15. MEF shall pay the SETTLEMENT ADMINISTRATOR's reasonable costs associated with the administration of the SETTLEMENT, distribution of CLASS NOTICE pursuant to the AGREEMENT, and any other tasks assigned to the SETTLEMENT ADMINISTRATOR by the AGREEMENT, by MEF's and the CLASS REPRESENTATIVES' mutual written agreement, or as this COURT may order.

16. Before any VOUCHER may be issued, each CLASS MEMBER must submit a valid VOUCHER REQUEST in accordance with the instructions set forth in the AGREEMENT and CLASS NOTICE.

17. Any CLASS MEMBER may choose to object to the SETTLEMENT by serving on CLASS COUNSEL an objection to the SETTLEMENT in accordance with the instructions set forth in the AGREEMENT and CLASS NOTICE. CLASS MEMBERS who fail to serve timely objections upon CLASS COUNSEL shall be deemed to have waived any objections and shall forever be foreclosed from making any objection (whether by appeal or otherwise) to the SETTLEMENT.

18. Any CLASS MEMBER may choose to be excluded from the SETTLEMENT as provided in the AGREEMENT and CLASS NOTICE.

19. Any CLASS MEMBER who timely and properly requests to be excluded from the SETTLEMENT will not be bound by the AGREEMENT, will not have any right to object to, appeal from, or comment on the SETTLEMENT, and will not receive any benefits under the SETTLEMENT or be bound by the new MEMBERSHIP AGREEMENT attached hereto as **EXHIBIT 1**.

20. Any request for exclusion must be signed by the requesting CLASS MEMBER and must comply with the requirements set forth in the AGREEMENT and the CLASS NOTICE.

21. CLASS MEMBERS who have not requested exclusion by submitting a valid and timely written request shall be bound by all determinations of the COURT, the AGREEMENT, and any FINAL APPROVAL ORDER and JUDGMENT entered.

22. The COURT orders the following schedule as set forth in the AGREEMENT:

   a. No later than five (5) business days after the date of this PRELIMINARY APPROVAL ORDER, the SETTLEMENT ADMINISTRATOR shall launch the SETTLEMENT WEBSITE.

   b. No later than ten (10) days after the CLASS REPRESENTATIVES file a motion for PRELIMINARY APPROVAL, the SETTLEMENT ADMINISTRATOR shall serve the notices required to be served pursuant to CAFA.

   c. No later than thirty (30) days after the date of this PRELIMINARY APPROVAL ORDER, MEF shall provide the SETTLEMENT ADMINISTRATOR with an electronic list or database that includes the following information with respect to each FORMER MEMBER from the Millennium Central Office Database (or any successor point of sale database) as of the date of this PRELIMINARY APPROVAL ORDER: (i) first and last name; (ii) last known mailing address; (iii) email address, if available; (iv) phone number, if available; (v) a UNIQUE ID CODE; (vi) a UNIQUE ID CODE for each membership held by the Former

Member; (vii) the date the FORMER MEMBER's MEMBERSHIP was terminated, cancelled, suspended, or not renewed; (viii) each date on which the FORMER MEMBER paid a monthly MEMBERSHIP fee that was higher than the prior month; and (ix) the total amount of FEE INCREASES the FORMER MEMBER paid through the date the FORMER MEMBER'S MEMBERSHIP was terminated, cancelled, suspended, or not renewed or the FORMER MEMBER's last EFT payment, whichever is later.

d. No later than thirty (30) days after entry of this PRELIMINARY APPROVAL ORDER, MEF shall provide the SETTLEMENT ADMINISTRATOR with an electronic list or database that includes the following information with respect to each CURRENT MEMBER from the Millennium Central Office Database (or any successor point of sale database) as of the date of this PRELIMINARY APPROVAL ORDER: (i) first and last name; (ii) last known mailing address; (iii) email address, if available; (iv) phone number, if available; (v) UNIQUE ID CODE; (vi) UNIQUE ID CODE for each MEMBERSHIP held by the CURRENT MEMBER; (vii) each date on which the CURRENT MEMBER paid a monthly MEMBERSHIP fee that was higher than the prior month; and (viii) the total amount of FEE INCREASES the CURRENT MEMBER paid through the date of this PRELIMINARY APPROVAL ORDER .

e. No later than thirty-five (35) days before the OBJECTION/EXCLUSION DEADLINE, CLASS COUNSEL shall file a motion requesting an INCENTIVE FEE AWARD for the CLASS REPRESENTATIVES and a FEE AND EXPENSE AWARD.

f. No later than forty-five (45) days after entry of this PRELIMINARY APPROVAL ORDER, the SETTLEMENT ADMINISTRATOR shall complete the initial CLASS NOTICE to all persons shown by the data from

the Millennium Central Office Database (or any successor point of sale database) to be CLASS MEMBERS, via email for those CLASS MEMBERS for whom an email address is available and via First Class U.S. Mail to all other CLASS MEMBERS.

g. All VOUCHER REQUESTS must be submitted online on the SETTLEMENT WEBSITE or emailed, faxed, or mailed to the SETTLEMENT ADMINISTRATOR postmarked on or before the sixtieth (60th) day after completion of initial distribution of the SUMMARY NOTICE by email or First Class U.S. Mail to the CLASS.

h. All objections must be mailed to CLASS COUNSEL on or before the sixtieth (60th) day after completion of the initial distribution of the SUMMARY NOTICE by email or First Class U.S. Mail to the CLASS.

i. All requests for exclusion must be emailed or mailed by First Class U.S. Mail to the SETTLEMENT ADMINISTRATOR postmarked on or before the sixtieth (60th) day after initial distribution of the SUMMARY NOTICE by email or First Class U.S. Mail to the CLASS.

j. No later than fifteen (15) days following the OBJECTION/EXCLUSION DEADLINE, the SETTLEMENT ADMINISTRATOR shall provide to CLASS COUNSEL and MEF's COUNSEL a list of CLASS MEMBERS who submitted valid and timely exclusion requests.

k. No later than fifteen (15) days following the OBJECTION/EXCLUSION DEADLINE, CLASS COUNSEL shall file with the COURT and serve upon MEF's COUNSEL any written objections received from CLASS MEMBERS.

l. No later than fifteen (15) days following the OBJECTION/EXCLUSION DEADLINE, the SETTLEMENT ADMINISTRATOR shall provide CLASS COUNSEL and MEF's COUNSEL with a Declaration of

Compliance to be filed with the COURT in connection with the FINAL APPROVAL motion.

m.  No later than forty-five (45) days following the OBJECTION/EXCLUSION DEADLINE, CLASS COUNSEL shall file the CLASS REPRESENTATIVES' Motion for FINAL APPROVAL.

n.  Any written opposition to the CLASS REPRESENTATIVES' Motion for FINAL APPROVAL shall be filed within twenty (20) days of the filing of the CLASS REPRESENTATIVES' Motion for FINAL APPROVAL and any reply in support of the CLASS REPRESENTATIVES' Motion for FINAL APPROVAL shall be filed within twenty (20) days of the filing of any opposition.

o.  Any written opposition to any request for a FEE AND EXPENSE AWARD and/or INCENTIVE AWARD shall be filed within twenty (20) days of the filing of any request for a FEE AND EXPENSE AWARD and/or INCENTIVE AWARD and any reply in support of any request for a FEE AND EXPENSE AWARD and/or INCENTIVE AWARD shall be filed within twenty (20) days of the filing of any opposition.

23.  A FINAL APPROVAL Hearing shall be held before this COURT on _____, 2019, at ___ a.m./p.m. at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 7 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine all necessary matters concerning the AGREEMENT, including whether the proposed SETTLEMENT is fair, adequate, and reasonable, whether this COURT should grant FINAL APPROVAL, whether there should be any FEE AND EXPENSE AWARD and/or INCENTIVE AWARD, and the amounts of any such awards.

24.  Any objecting CLASS MEMBER may appear, in person or by counsel, at the FINAL APPROVAL HEARING to show cause why the SETTLEMENT and the AGREEMENT

should not be approved as fair, adequate, and reasonable, or to object to any request for a FEE AND EXPENSE AWARD and/or INCENTIVE AWARD.  To appear in person or by counsel, the objecting CLASS MEMBER must file with the COURT and serve upon all counsel designated in the CLASS NOTICE, a Notice of Intention to Appear on or before the fourteenth (14th) day prior to the FINAL APPROVAL HEARING.  The Notice of Intention to Appear must include the required information in accordance with the AGREEMENT, the CLASS NOTICE, and the SETTLEMENT WEBSITE.

25. Any CLASS MEMBER who fails to timely submit a proper Notice of Intention to Appear will not be heard during the FINAL APPROVAL HEARING.

26. Pursuant to Federal Rule of Civil Procedure 54(b), the COURT may vacate or revise non-final orders when it is consonant with equity to do so.  *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 14-CV-2058 JST, 2017 WL 2481782, at *5 (N.D. Cal. June 8, 2017) ("Courts in this circuit have frequently vacated non-final orders in furtherance of settlements.").  The COURT finds that vacatur of the Order Denying Defendant's Motion for Judgment on the Pleadings or, Alternatively to Strike Class Allegations; Granting in Part and Denying in Part Plaintiffs' Motion to Strike Affirmative Defenses entered on April 5, 2017 [Doc. 49] and the Order Denying Defendant's Motion for Certification of Order for Interlocutory Appeal and Motion to Stay; Vacating Hearing entered on May 17, 2017 [Doc. 68] (collectively, the "MJOP Order") in the ACTION, solely for purposes of approval of this SETTLEMENT, is "consonant with equity" as vacatur will better serve the CLASS MEMBERS, the CLASS REPRESENTATIVES, the public, and allow the SETTLEMENT to proceed.  Accordingly, the MJOP Order is hereby vacated in its entirety subject to the terms of the AGREEMENT.

27. Nothing in this PRELIMINARY APPROVAL ORDER is, or may be construed as, an admission or concession on any point of fact or law by or against the CLASS REPRESENTATIVES or MEF.

28. CLASS COUNSEL, MEF, and the SETTLEMENT ADMINISTRATOR are directed to carry out their obligations under the AGREEMENT.

**IT IS SO ORDERED**

DATED: _____, 2019

                                        Hon. Maxine M. Chesney
                                        JUDGE OF THE UNITED STATES
                                        DISTRICT COURT