**DEREK SMITH LAW GROUP, PLLC**
Ishan Dave (*phv* to be submitted)
ishan@dereksmithlaw.com
Abraham Z. Melamed (*phv* to be submitted)
abe@dereksmithlaw.com
1 Penn Plaza, Suite 4905
New York, New York 10119
Telephone:     (212) 587-0760
Facsimile:     (212) 587-4169
*Attorneys for Interested Party David Lapa*

**THE LAW OFFICE OF JACK FITZGERALD, PC**
Jack Fitzgerald (SBN 257370)
jack@jackfitzgeraldlaw.com
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Telephone:     (619) 692-3840
Facsimile:     (619) 362-9555
*Local Counsel for Interested Party David Lapa*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAERBEL MCKINNEY-DROBNIS, JOSEPH B. PICCOLA, and CAMILLE BERLESE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MASSAGE ENVY FRANCHISING, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Case No.: 3:16-cv-06450-MMC |
| DAVID LAPA on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>MASSAGE ENVY FRANCHISING, LLC, a Delaware Limited Liability Company<br><br>Defendant. | Case No.: 19-cv-02694 (JCS)<br><br>**ADMINISTRATIVE MOTION** |

1   Interested Party DAVID LAPA (hereinafter referred to as "Interested Party" or "LAPA"), individually, and on behalf of all other members of the public similarly situated, requests that the proposed settlement be rejected, and requests leave to make an appearance and fully review the proposed settlement and submit briefing relating to any objections to the preliminary approval of the proposed class settlement.

## BACKGROUND

1. On August 15, 2018, LAPA filed a class action lawsuit (hereinafter referred to as the "New York action") against Defendant Massage Envy Franchising, LLC (hereinafter referred to as "Defendant" or "Massage Envy") in the Southern District of New York, on behalf of New York consumers, for violations of New York law. The action is styled *David Lapa v. Massage Envy.*, 3:19-cv-02694.

2. On April 19, 2019, Defendant notified LAPA that Plaintiffs in this action had moved for preliminary approval of a nationwide class action settlement with Defendant.

3. On May 14, 2019, the New York action was transferred to the Northern District of California. This transfer is still pending.

4. On May 29, 2019, LAPA consented to Defendants' request to stipulate to relate the New York action with this action.

5. Counsel for Interested Party LAPA in the New York action is currently in the process of seeking admission before this court and/or formalizing an agreement with local co-counsel and moving for *pro hac vice* admission, both in order to prosecute the New York Action which has been transferred, as well as to object to the proposed settlement in the present case.

## LEGAL STANDARD

6. Under Rule 23(e)(2) of the Federal Rules of Civil Procedure, a proposal to settle a class action that binds class members requires the court to find that the settlement "is fair, reasonable and adequate." The Court has an independent duty to protect the interests of absent class members. *Silber v. Mabon*, 957 F.2d 697, 701 (9th Cir. 1992); Grant v. Bethlehem Steel Corp., 823 F.2d 20, 23 (2d Cir. 1987) (district court has an obligation to

protect the interests of the "silent majority").

7. In class action settlements, there is always the danger that the named plaintiffs and counsel will bargain away the interests of the unnamed class members in order to maximize their own recovery. *In re Dry Pampers Litig.*, 724 F.3d 713, 715 (6th Cir. 2013); *see also Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003) (concern is not necessarily with overt misconduct of the negotiators or secret cabals, the court must simply assure that the settlement is fair, reasonable and adequate to all concerned).

8. "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). A court may not "delete, modify or substitute certain provisions" of the settlement; rather, "[t]he settlement must stand or fall in its entirety." *Id.*

9. "[S]ettlement approval that takes place prior to formal class certification requires a higher standard of fairness." *Hanlon*, 150 F.3d at 1026. Consequently, a district court "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).

10. Other relevant factors to this determination include, among others, "the strength of the plaintiffs' case; the risk, expense, complexity and likely duration of further litigation; the risk of maintaining class-action status throughout the trial; the amount offered at settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon*, at 1026; *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

11. "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice v. Civil Serv. Comm'n of the City and Cty. of San Francisco*, 688 F.2d 615, 625

(9th Cir. 1982).

12. Both the courts and Congress generally disfavor coupon settlements. *See Redman v. RadioShack Corp.*, 768 F.3d 622, 628 (7th Cir. 2014).

13. A coupon settlement is one where the relief constitutes "a discount on another product or service offered by the defendant in the lawsuit." *See Fleury v. Richemont North America, Inc.*, No. C–05–4525 EMC, 2008 WL 3287154, at *2 (N.D.Cal. Aug. 6, 2008).

14. A court must "consider, among other things, the real monetary value and likely utilization rate of the coupons provided by the settlement" to determine the fairness of a coupon settlement. *S.Rep.* No. 109–14, at 31.

15. Courts reject coupons whose face value is far less than its actual value. *See, e.g., True v. American Honda Co.,* 749 F.Supp.2d 1052, 1074 (C.D.Cal. 2010).

16. Coupons are worth less than the same amount of cash and therefore cannot be valued at face value. *See Id.* Some factors a court weighs to determine the value of the coupon are the amount of the discount, transferability of the coupon, class member usage rate, and the value of the coupon to the defendant. *See Id.* at 1073–1075; *Radosti v. Envision EMI, Inc.,* 717 F.Supp.2d 37, 43 (D.D.C. 2010).

**ARGUMENT**

17. The proposed settlement in this case would settle out claims of a nationwide class, including for individuals covered by the New York action. As such, LAPA and other New York based individuals have a strong interest in this settlement.

18. The vouchers in the proposed settlement range from $10 to $50 dollars, corresponding in amount to the membership fee increases each class member paid, for each Settlement Class Members who timely submits a valid claim. (Dkt. No. 103, p. 9).

19. LAPA and many other New York based individuals no longer visit Massage Envy and have cancelled or attempted to cancel their memberships. As such, a Voucher would have little to no value for them.

20. Moreover, the vouchers being offered are of predominantly lower value than any of Massage Envy's services. As such, many class members would be forced to purchase

additional services from Massage Envy in order to make use of their vouchers. These vouchers therefore should be found to constitute a discount on another product or service offered by the defendant in the lawsuit and should thus be considered coupons.

21.     The value of the vouchers is only a fraction of the amount LAPA and others were overcharged, and is not a fair value in light of the unfair billing practices involved.

22.     Additionally, New York provides for statutory damages of $50 to $500 per occurrence of fraud.  N.Y. Gen. Bus. L. § 349 and § 350.  As such, the value of the proposed settlement does not account for the possibility of significantly higher damages for the New York class represented in the LAPA action.

23.     Furthermore, given the recent transfer of the New York action to the Northern District of California, there has not been sufficient time for Interested Party LAPA to fully review the proposed settlement and object to this proposed settlement.  Additionally, the New York action might properly be consolidated with this present matter, and LAPA thus has a strong interest in objecting to the proposed settlement. As such, Interested Party LAPA respectfully requests that the preliminary approval of the settlement be rejected, or that that Court stay a decision for 30 days and allow Interested Party LAPA an opportunity to properly brief his objections.

## CONCLUSION

24.     For the foregoing reasons, Interested Party David Lapa respectfully requests that the proposed settlement be rejected or that that Court stay a decision on the motion for preliminary approval for 30 days to allow counsel to be admitted or formalize a local counsel relationship and move for admission *prov hac vice*, and for Interested Party LAPA to have an opportunity to review the terms of the proposed settlement fully and properly brief any objections to the settlement.

Dated: May 30, 2019                     Respectfully submitted,

**THE LAW OFFICE OF JACK FITZGERALD, PC**

By: /s/ Jack Fitzgerald

Jack Fitzgerald (SBN 257370)
jack@jackfitzgeraldlaw.com
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Telephone:   (619) 692-3840
Facsimile:   (619) 362-9555
*Local Counsel for Interested Party David Lapa*

**DEREK SMITH LAW GROUP, PLLC**
Ishan Dave (*phv* to be submitted)
ishan@dereksmithlaw.com
Abraham Z. Melamed (*phv* to be submitted)
abe@dereksmithlaw.com
1 Penn Plaza, Suite 4905
New York, New York 10119
Telephone:   (212) 587-0760
Facsimile:   (212) 587-4169
*Attorneys for Interested Party David Lapa*