UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Baerbel McKinney-Drobnis, Joseph B. Piccola, and Camille Berlese, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MASSAGE ENVY FRANCHISING, LLC, a Delaware Limited Liability Company,<br><br>Defendants. | CASE NO. 3:16-CV-6450-MMC<br><br>**[PROPOSED] ORDER ON CLASS REPRESENTATIVES' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Courtroom: 7 – 19th Floor<br>Judge: Hon. Maxine M. Chesney |

## ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On June 6, 2019, this Court entered its Order [Doc. No. 114] preliminarily approving the class action settlement set forth in the Stipulation of Class Action Settlement and Release (the "AGREEMENT") finding that the settlement appeared fair, adequate, and reasonable, free of collusion or indicia of unfairness, and within the range of likely judicial approval thereby warranting notice to the class. The Court also conditionally certified the CLASS pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

Currently pending before the Court is the Motion for Final Approval of the Class Action Settlement and Entry of Final Judgment [Doc. No. 135] filed by CLASS REPRESENTATIVES Baerbel McKinney-Drobnis, Camille Berlese, and Joseph Piccola (collectively, the "CLASS REPRESENTATIVES"). The CLASS REPRESENTATIVES and Defendant Massage Envy Franchising, LLC ("MEF") are collectively referred to herein as "the PARTIES." Also pending before the COURT is the CLASS REPRESENTATIVES' Motion for an Award of Attorneys' Fees, Expenses and Service Awards [Doc. No. 119]. Due and adequate notice having been given to the CLASS of the SETTLEMENT, the AGREEMENT, and of the FINAL APPROVAL HEARING as required in the PRELIMINARY APPROVAL ORDER [Doc. No. 114] and the COURT having considered all papers, including all objections filed, having heard oral argument on February 28, 2020, and otherwise being fully informed and good cause appearing:

IT IS HEREBY ORDERED THAT:

1. This FINAL APPROVAL ORDER incorporates the AGREEMENT, filed May 24, 2020 [Doc. No. 107], as submitted to the COURT in connection with the Motion for Preliminary Approval of Class Action Settlement. The capitalized terms used in this FINAL APPROVAL ORDER shall have the meanings and/or definitions given to them in the AGREEMENT unless specified herein to the contrary.

2. This COURT has jurisdiction over the subject matter of this ACTION, over the CLASS, and over those persons and entities undertaking affirmative obligations under the AGREEMENT.

3. The COURT, having considered the strength of plaintiffs' case, finds for the reasons stated on the record, that the AGREEMENT is fair, reasonable, and adequate as it will provide the SETTLEMENT CLASS MEMBERS with substantial and immediate relief and allows the SETTLEMENT CLASS MEMBERS to avoid the risk, expense, complexity, and likely duration of further litigation, including the risk of maintaining class action status, and further so finds for the reasons set forth in ¶¶ 7 and 9 below.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the COURT hereby certifies for settlement purposes only the CLASS, which it previously conditionally certified, comprising:

> All Members of an ME LOCATION since November 4, 2006, whose monthly membership fee has been increased above the amount stated in their Membership Agreement ("Fee Increase") prior to date of the PRELIMINARY APPROVAL ORDER.

The Court further certifies for settlement purposes only the SETTLEMENT CLASS, which is comprised of all CLASS MEMBERS except (i) those 523 individuals, identified on **EXHIBIT 1** hereto, who properly excluded themselves by submitting a timely request for exclusion in accordance with the requirements set forth in the AGREEMENT and CLASS NOTICE; (ii) any person, firm, trust, corporation, or other entity affiliated with MEF; and (iii) any judge, justice, judicial officer, or judicial staff of the Court.

5. The COURT finds on the record before it that the SETTLEMENT CLASS satisfies the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3), for settlement purposes only, because (a) the SETTLEMENT CLASS MEMBERS are so numerous that joinder of all SETTLEMENT CLASS MEMBERS is impracticable; (b) there are questions of law and fact common to the SETTLEMENT CLASS; (c) the named CLASS REPRESENTATIVES' claims are typical of the claims of the SETTLEMENT CLASS members; (d) the named CLASS REPRESENTATIVES and CLASS COUNSEL have adequately represented and will continue to adequately represent and protect the interests of the SETTLEMENT CLASS for purposes of the SETTLEMENT; and (e) class-wide treatment of the

disputes raised in the ACTION is superior to other available methods for adjudicating the controversy before this COURT at this time. Manageability issues do not prevent certification for settlement purposes only because there will be no trial.

6. The COURT hereby finds that the individual direct CLASS NOTICE given to the CLASS via email or First Class U.S. Mail (i) fairly and accurately described the ACTION and the proposed SETTLEMENT; (ii) provided sufficient information so that the CLASS MEMBERS were able to decide whether to accept the benefits offered by the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT; (iii) adequately described the manner in which CLASS MEMBERS could submit a VOUCHER REQUEST under the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT and/or appear at the FINAL APPROVAL HEARING; and (iv) provided the date, time, and place of the FINAL APPROVAL HEARING. The COURT hereby finds that the CLASS NOTICE was the best notice practicable under the circumstances and complied fully with Federal Rule of Civil Procedure Rule 23, due process, and all other applicable laws.

7. The COURT hereby finds there were very few timely written objections and requests for exclusion from the SETTLEMENT. Only 19 objections and 523 opt-outs were received, out of 1,705,504 CLASS MEMBERS. The small number of opt-outs and objections indicates that the vast majority of the CLASS found the SETTLEMENT and the AGREEMENT to be fair, reasonable, and adequate. Furthermore, the PARTIES demonstrated that none of the asserted bases for objection are valid and, accordingly, any and all objections to the SETTLEMENT and the AGREEMENT are hereby overruled for the reasons stated on the record at the hearing.

8. The COURT further finds that a full and fair opportunity has been afforded to the CLASS MEMBERS to opt out of and to object to the SETTLEMENT and to participate in the hearing convened to determine whether the SETTLEMENT should be given final approval. Accordingly, the COURT hereby determines that SETTLEMENT CLASS MEMBERS are bound by this FINAL APPROVAL ORDER.

9. The COURT hereby finds, for the reasons stated on the record, that the SETTLEMENT set forth in the AGREEMENT is in all respects fair, reasonable, and adequate and in the best interests of the SETTLEMENT CLASS, taking into account that (a) the CLASS REPRESENTATIVES and CLASS COUNSEL have adequately represented the CLASS; (b) the SETTLEMENT was negotiated at arm's length; (c) the relief provided to the CLASS is adequate, in light of the costs, risks, and delay of trial and appeal; the effectiveness of the proposed method of distributing relief to the CLASS; and the terms of the proposed Award of Attorneys' Fees, Expenses and Service Awards; and (d) the SETTLEMENT treats CLASS members equitably relative to each other. In addition, the COURT finds that there was no collusion in connection with the SETTLEMENT, that the SETTLEMENT was the product of informed and arm's-length negotiations among competent counsel, and that the record is sufficiently developed to have enabled the CLASS REPRESENTATIVES and MEF to adequately evaluate and consider their respective positions. Accordingly, the Court hereby finally and unconditionally approves the SETTLEMENT set forth in the AGREEMENT.

10. The CLASS REPRESENTATIVES and each of the SETTLEMENT CLASS MEMBERS hereby expressly and fully release and forever discharge the RELEASED PARTIES and further expressly agree that they shall not now or thereafter institute, maintain, or assert against the RELEASED PARTIES, either directly or indirectly, on their own behalf, or on behalf of any class or other person or entity, in any action, regulatory action, arbitration, or court or other proceeding of any kind, any causes of action, claims, damages, equitable, legal, and administrative relief, interest, demands, rights, or remedies, including, without limitation, claims for injunctive relief, declaratory relief, damages, mental anguish, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, disgorgement, or equitable relief against the RELEASED PARTIES, whether based on federal, state, or local law, statute, ordinance, regulation, the Constitution, contract, common law, or any other source, that relate to the RELEASED CLAIMS as set forth in the AGREEMENT.

11. The CLASS REPRESENTATIVES and each of the SETTLEMENT CLASS

MEMBERS hereby expressly waive and relinquish, to the extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code and any and all provisions, rights, and benefits of any similar statute or law of California or of any other jurisdiction as to all known or unknown claims as against the RELEASED PARTIES with respect to the RELEASED CLAIMS.

12. The RELEASED PARTIES may file this FINAL APPROVAL ORDER in any other action that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. In its PRELIMINARY APPROVAL ORDER [Doc. No. 114], the Court appointed and designated Hilsoft Notifications to act as the SETTLEMENT ADMINISTRATOR. Hilsoft Notifications shall continue to act as the SETTLEMENT ADMINISTRATOR to perform those duties and responsibilities that remain under the AGREEMENT and this FINAL APPROVAL ORDER.

14. For the reasons stated on the record, the Court finds the instant action is not a coupon settlement. Further, for the reasons stated on the record, CLASS COUNSEL are hereby awarded the sum of $ 2,612,500 in attorneys' fees and the sum of $58,692.40 in expenses, which sums the COURT finds to be fair and reasonable and fairly compensates them for their contributions to the prosecution of this ACTION and the SETTLEMENT. The payment of attorneys' fees and costs shall be pursuant to the terms of the AGREEMENT.

15. Each of the CLASS REPRESENTATIVES is hereby awarded an INCENTIVE AWARD in the amount of $ 5000, which the COURT finds to be fair and reasonable and in recognition of their efforts in prosecuting the action and the SETTLEMENT. Payment of the INCENTIVE AWARDS shall be pursuant to the terms of the AGREEMENT.

16. Within sixty (60) days after the EFFECTIVE DATE of the SETTLEMENT, as defined and in accordance with the AGREEMENT, the SETTLEMENT ADMINISTRATOR

shall issue via email a VOUCHER to each SETTLEMENT CLASS MEMBER who timely submitted a valid VOUCHER REQUEST in accordance with the instructions in the AGREEMENT and the CLASS NOTICE, for use consistent with the AGREEMENT's terms. The email containing the VOUCHER and the VOUCHER shall conspicuously state the VOUCHER's expiration date.

17. Within five (5) days after the EFFECTIVE DATE of the SETTLEMENT, the SETTLEMENT ADMINISTRATOR shall disclose on the SETTLEMENT WEBSITE that (i) the SETTLEMENT is final and its EFFECTIVE DATE; (ii) the date by which the VOUCHERS will be emailed to SETTLEMENT CLASS MEMBERS who timely submitted a valid VOUCHER REQUEST in accordance with the instructions in the AGREEMENT and the CLASS NOTICE; and (iii) the date on which the issued VOUCHERS shall expire.

18. As of the date of the PRELIMINARY APPROVAL ORDER, the SETTLEMENT CLASS MEMBERS are bound by the new template MEMBERSHIP AGREEMENT attached hereto as **EXHIBIT 2**. This new MEMBERSHIP AGREEMENT includes a provision that ME LOCATIONS may increase the MEMBER's stated monthly MEMBERSHIP fee following the initial term only by providing at least forty-five (45) days advance written notice to the MEMBER's email address on record with the MEMBER's HOME CLINIC or to the MEMBER's last physical address known to the MEMBER's HOME CLINIC, and that such notice shall be effective on the date sent. Forty-five (45) days advance written notice will allow the CLASS MEMBERS a reasonable opportunity to cancel his/her MEMBERSHIP before incurring a noticed price increase. MEF shall keep this portion of the template MEMBERSHIP AGREEMENT attached hereto as **EXHIBIT 2** in force as a system standard for at least two (2) years after the SETTLEMENT's EFFECTIVE DATE.

19. In the event that the SETTLEMENT does not become effective in accordance with the AGREEMENT's terms, then this FINAL APPROVAL ORDER shall be rendered null and void and be vacated, the AGREEMENT and all orders entered in connection therewith shall be rendered null and void *ab initio*, and this ACTION shall be reinstated as it existed prior to the

making of the AGREEMENT. In that case, all communications, documents, filings, negotiations, and other actions taken to negotiate and pursue settlement through the AGREEMENT, including the AGREEMENT itself, shall be considered confidential settlement communications that cannot be used as evidence for any purposes whatsoever in the ACTION or any proceedings between the PARTIES or in any other action related to the RELEASED CLAIMS or otherwise involving the PARTIES, any ME LOCATION, or any RELEASED PARTY.

20. Nothing in this FINAL APPROVAL ORDER or the AGREEMENT shall be construed as an admission or concession by any Party. The AGREEMENT and this resulting FINAL APPROVAL ORDER simply represent a compromise of disputed allegations.

21. All PARTIES to the AGREEMENT and CLASS COUNSEL are directed to carry out their obligations under the AGREEMENT.

22. Without impacting the finality of this FINAL APPROVAL ORDER, the COURT hereby retains continuing jurisdiction to assure compliance with all terms of this SETTLEMENT in accordance with the AGREEMENT and this FINAL APPROVAL ORDER.

23. CLASS COUNSEL shall serve a copy of this FINAL APPROVAL ORDER on all named PARTIES and their counsel, the Objectors and any of their counsel, and the SETTLEMENT ADMINISTRATOR within seven (7) days of receipt, and the SETTLEMENT ADMINISTRATOR shall post a copy of this Final Order on the SETTLEMENT WEBSITE within five (5) days of receipt.

IT IS SO ORDERED.

DATED: March 2, 2020

Hon. Maxine M. Chesney
UNITED STATES DISTRICT JUDGE