Jeffrey R. Krinsk, Esq.
John J. Nelson, Esq.
FINKELSTEIN & KRINSK, LLP
501 W. Broadway, Suite 1260
San Diego, CA 92101
Tel: (619) 238-1333
Fax: (619) 238-5425
Email: jrk@classactionlaw.com
   jjn@classactionlaw.com

Trenton R. Kashima, Esq.
Sommers Schwartz, P.C.
402 West Broadway, Suite 1760
San Diego, CA 92101
Tel: (619) 762-2126
Fax: (619) 762-2123
Email: tkashima@sommerspc.com

*Attorneys for Plaintiffs*

Luanne Sacks (SBN 120811)
Email: lsacks@srclaw.com
Robert B. Bader (SBN 233165)
Email: rbader@srclaw.com
Michele D. Floyd (SBN 163031)
Email: mfloyd@srclaw.com
SACKS, RICKETTS & CASE LLP
177 Post Street, Suite 650
San Francisco, California 94108
Telephone: (415) 549-0580
Facsimile: (415) 549-0640

Cynthia A. Ricketts (admitted *pro hac vice*)
Email: cricketts@srclaw.com
SACKS, RICKETTS & CASE LLP
2800 North Central Avenue, Suite 1230
Phoenix, AZ 85004
Telephone: (602) 385-3370
Facsimile: (602) 385-3371

GIBSON, DUNN & CRUTCHER LLP
Theodore J. Boutrous Jr. (SBN 132099)
tboutrous@gibsondunn.com
Kahn A. Scolnick (SBN 228686)
kscolnick@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213-229-7656
Facsimile: 213- 229-6656

*Attorneys for Defendant*
*Massage Envy Franchising, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BAERBEL MCKINNEY-DROBNIS, JOSEPH B. PICCOLA, and CAMILLE BERLESE, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>MASSAGE ENVY FRANCHISING, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Case No: 3:16-cv-6450 MMC<br><br>**JOINT STATUS REPORT**<br><br>Date:      December 17, 2021<br>Time:      10:30 a.m.<br>Judge:     Hon. Maxine M. Chesney |

Pursuant to the Court's November 15, 2021, Order, Plaintiffs Baerbel McKinney-Drobnis, Joseph B. Piccola, and Camille Berlese ("Plaintiffs") and Defendant Massage Envy Franchising LLC ("MEF") (collectively, Plaintiffs and MEF are referred to as "the Parties") submit this Joint Status Report:

1. On October 20, 2021, the United States Court of Appeals for the Ninth Circuit issued an opinion vacating this Court's March 2, 2020 Order granting final approval of the Parties' proposed Settlement Agreement executed on March 11, 2019, and remanding to this Court for further proceedings (the "Ninth Circuit Opinion").

2. The Ninth Circuit Opinion concluded as follows: "We instruct the [district] court to use the value of the redeemed vouchers as required by CAFA and to analyze the pre-certification settlement agreement with heightened scrutiny. In so holding, we express no opinion on the ultimate fairness of the settlement that the parties have negotiated—a conclusion properly within the purview of the district court."

3. Following the Ninth Circuit Opinion, on October 29, 2021, counsel for the Parties met and conferred via telephone.

4. During that meet and confer, the Parties agreed to (i) enlist the assistance of Private Mediator David Rotman, who had previously assisted the parties in negotiating the proposed Settlement, to potentially negotiate a modification to the proposed Settlement to address the concerns raised in the Ninth Circuit Opinion regarding the heighted scrutiny required under *Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011); (ii) retain an expert to value the benefits of the injunctive relief components of the proposed Settlement to the Settlement Class Members and estimated redemption rates of the Vouchers to be issued to Settlement Class Members who requested a Voucher, which is evidence that was not previously included in the Parties' final approval motion and thus not available to this Court in its prior evaluation of the Settlement's fairness; and (iii) develop a timetable to file a

renewed motion for final approval of the proposed Settlement and any negotiated modification to the proposed Settlement.

5. On November 9, 2021, Mr. Rotman was provided with a copy of the Ninth Circuit Opinion and was asked to assist the Parties to potentially negotiate a modification to the proposed Settlement to address the Ninth Circuit's concerns. Mr. Rotman has agreed to assist the Parties and the Parties are currently working with Mr. Rotman's assistant to schedule a time in December for a telephone conference.

6. During the first week in November 2021, NERA Economics was retained to value the benefits of the proposed Settlement to the Settlement Class Members and to provide the Court with information regarding anticipated redemption rates of the Vouchers to be distributed to Settlement Class Members who submitted a Voucher Request.

7. Thereafter, during the month of November 2021 and continuing through the first week of December 2021, NERA Economics spoke with MEF to identify the data needed and available for the valuation and redemption analysis and a timetable for its analysis. Based upon these discussions, MEF can provide the requested data to NERA Economics by mid-January 2022. In turn, NERA Economics estimates that its analysis will be completed by the end of February 2022.

8. On November 29, 2021, counsel for the Parties met and conferred again and discussed the upcoming December 17, 2021, status conference, this Joint Report, and the Parties' efforts to file a renewed motion for final approval of the proposed Settlement and any modification to the proposed Settlement that ultimately may be negotiated.

9. By March 30, 2022, the Parties agree to file a renewed motion for final approval of the proposed Settlement and any modification to the proposed Settlement that ultimately may be negotiated.

10. The Parties also respectfully suggest that a hearing on the renewed motion for final approval should be held sometime on or after May 16, 2022, on a date

1. that the Court's and counsel's schedules permit.  To the extent Objector Oreshack has any concerns about the renewed motion for final approval, he may raise them in connection with that hearing.

11. The Parties are prepared to address any additional questions or issues the Court may raise at the December 17, 2021, status conference.

Respectfully submitted

Dated: December 10, 2021        By:    /s/Trenton R. Kashina (w/permission)
Jeffrey R. Krinsk, Esq.
John J. Nelson, Esq.
FINKELSTEIN & KRINSK, LLP
501 W. Broadway, Suite 1260
San Diego, CA 92101
Tel: (619) 238-1333
Fax: (619) 238-5425
Email:    jrk@classactionlaw.com
          jjn@classactionlaw.com

Trenton R. Kashima, Esq.
Sommers Schwartz, P.C.
402 West Broadway, Suite 1760
San Diego, CA 92101
Tel: (619) 762-2126
Fax: (619) 762-2123
Email: tkashima@sommerspc.com

*Attorneys for Plaintiffs and the Putative Classes*

SACKS, RICKETTS & CASE LLP

Dated: December 10, 2021        /s/Cynthia A. Ricketts
Luanne Sacks
lsacks@srclaw.com
Robert B. Bader
rbader@srclaw.com
177 Post Street, Suite 650
San Francisco, California 94018
Telephone: (415) 549-0580
Facsimile:  (415) 549-0640

Cynthia A. Ricketts (admitted *pro hac vice*)
cricketts@srclaw.com
2800 North Central Avenue, Suite 1910
Phoenix, Arizona 85004

Telephone: (602) 385-3370
Facsimile (602) 385-3371

*Attorneys for Defendant*
*Massage Envy Franchising, LLC*

## ATTESTATION RE ELECTRONIC SIGNATURES

I, Cynthia A. Ricketts attest pursuant to Northern District Local Rule 5-1(i)(3) that all other signatories to this document, on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 10, 2021                    By:    Cynthia A. Ricketts
                                                                    Cynthia A. Ricketts
                                                                    Attorney for Defendant