Theodore H. Frank (SBN 196332)
HAMILTON LINCOLN LAW INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1629 K Street NW, Suite 300
Washington, DC 20006
Voice: 703-203-3848
Email: ted.frank@hlli.org

*Attorneys for Objector Kurt Oreshack*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAERBEL MCKINNEY-DROBNIS, JOSEPH B. PICCOLA, and CAMILLE BERLESE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MASSAGE ENVY FRANCHISING, LLC, a Delaware Limited Liability Company,<br><br>Defendant.<br><br>KURT ORESHACK,<br><br>Objector. | Case No. 3:16-cv-6450-MMC<br><br>**MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO LOCAL RULE 7-11 TO FILE SUPPLEMENTAL OBJECTION TO AMENDED CLASS ACTION SETTLEMENT**<br><br>The Honorable Maxine M. Chesney |

Case No. 3:16-cv-6450-MMC
MCKINNEY-DROBNIS V. MASSAGE ENVY FRANCHISING, LLC

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Kurt Oreshack hereby moves the Court pursuant to N.D. Cal. Civil Local Rule 7-11 for an order granting him leave to file the accompanying Objection of Kurt Oreshack to Amended Class Action Settlement (attached as Exhibit 1). In accordance with Local Rule 7-11(c), the motion is deemed submitted for immediate decision without hearing on the day after the opposition is due.

The motion is based on the following memorandum of points and authorities and such other materials as the Court may consider.

PLEASE TAKE FURTHER NOTICE that, in accordance with Local Rules 7-2 and 7-11(a), a proposed order is attached (Exhibit 2).

PLEASE TAKE FURTHER NOTICE that, in accordance with Local Rule 7-11(a), a declaration from counsel explains why a stipulation could not be obtained. *See* Exhibit 3.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Following the Ninth Circuit's remand after vacating settlement approval, plaintiffs filed a motion seeking approval of an amended settlement and an attorneys' fee award. Dkt. 164. Class member Kurt Oreshack filed a contingent objection in which he noted the possibility that the removal of clear sailing from the amended settlement was not legitimate and identified ways in which a rational defendant would be expected to challenge plaintiffs' entitlement to fees if clear sailing had in fact been eliminated. Dkt. 170. Mr. Oreshack reserved the right to file a formal objection and seek discovery if Massage Envy did not make such arguments, and instead acted as if clear sailing remained part of the amended settlement. *Id.* at 1. Mr. Oreshack contacted counsel for Massage Envy on April 25, 2022, the first business day after the objection deadline, to confirm that Massage Envy would not be filing a response to plaintiffs' motion and instead was providing clear sailing. Declaration of Anna St. John ("St. John Decl.") Ex. 3-A. Massage Envy responded only that it could "confirm that the proposed settlement has no clear sailing provision," failing to state whether it had assured plaintiffs through some other means that it would not challenge the fee request. *Id.* Ex. 3-B. Massage Envy's counsel further stated that they "will address Mr. Oreshack's objection in fully in MEF's response that's due on May 6." *Id.*

Massage Envy did not file any objection or opposition to plaintiffs' attorneys' fee request. Instead,

Massage Envy and plaintiffs each filed a response to Mr. Oreshack's contingent objection *defending* plaintiffs' entitlement to attorneys' fees. Dkts. 172, 173. Neither represented in their response that they had not agreed to maintain clear sailing informally or that they had not received assurance that Massage Envy would not challenge the fee request.

With this motion Mr. Oreshack now seeks to leave to file the short, formal objection that he reserved the right to file in his contingent objection. He and the class will be prejudiced if the Court credits the parties' craftily-worded assertions that the amended settlement agreement lacks clear sailing and if he is denied an opportunity to present to the Court the deficiencies with the settlement that became apparent only after Massage Envy's actions demonstrated that the amended settlement maintains clear sailing and, even worse, combines with an excessive (and unchallenged-by-the-defendant) attorneys' fee request such that the settlement exhibits the "subtle signs" that class counsel put their interests ahead of those of the class. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).

Mr. Oreshack sought information from Massage Envy about its intent to provide clear sailing on April 25. But it was not until Massage Envy and plaintiffs filed their responses to Mr. Oreshack's contingent objection on May 6 that the continued existence of clear sailing became apparent to him, and it was only then that he learned that Massage Envy not only would not be challenging plaintiffs' attorneys' fee award but would actually be *defending* it. This series of events revealed additional deficiencies with the settlement that Oreshack discusses in the supplemental objection that he seeks leave to file, in particular the *Bluetooth* signs of settlement unfairness.

"It is well accepted that raising of new issues and submission of new facts in [a] reply brief is improper." *Schwartz v. Upper Deck. Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999) (quoting *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)). Where "new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz*, 102 F.3d at 1483 (quoting *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990) (alteration in original). (While the fairness hearing does not present a motion for summary judgment, the motion for final settlement approval is a dispositive motion that should not be treated any differently.) "Each time the moving party is permitted to raise new arguments or present new evidence in reply, absent the Court granting leave for the non-moving party to file a sur-reply brief, the non-moving party is essentially deprived of the opportunity

to address these new contentions." *Stickle v. SCI Western Mkt. Support Ctr.*, 2009 U.S. Dist. LEXIS 97735, at *13 (D. Ariz. Sept. 30, 2009). The alternative would be a motion to strike the new information, but that approach is ill-suited to the present situation where the new information raises substantive problems with the settlement that the Court must scrutinize. *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 726 (7th Cir. 2006). "If a material misrepresentation comes in the adversary's reply brief, the appellee may ask for leave to file a supplemental statement," as Oreshack does here. *Id.*

The Ninth Circuit emphasized the Court's duty to closely scrutinize the signs that class counsel prioritized their interests over those of the class and to "substantively grapple" with the "problematic aspects" of the settlement. *Id.* at 606 (internal quotations omitted). *McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 607 (9th Cir. 2021). Through his objection, Mr. Oreshack seeks to aid the Court in this task. The parties failed to provide first the information and now the analysis necessary for that task; accordingly, Mr. Oreshack seeks leave to present analysis on the issue that the Court otherwise will lack.

Mr. Oreshack attempted to obtain the parties' consent to filing his objection, and even expressed his willingness to forego discovery in exchange as an offer of compromise. While Massage Envy was willing to stipulate to allow this filing, with certain conditions as to the timing and their ability to respond, plaintiffs did not respond. *See* St. John Decl. ¶¶ 8-9. The settling parties will not be prejudiced by Mr. Oreshack's objection because they will have an opportunity to respond to his arguments at the hearing scheduled to address the motion to which his objection responds and have been aware of the arguments he intends to make since he initially raised them as contingent arguments on April 19.

## CONCLUSION

Mr. Oreshack respectfully asks the Court to grant him leave to file his objection to the amended settlement.

Dated: May 17, 2022    Respectfully submitted,

/s/ Theodore H. Frank
Theodore H. Frank (SBN 196332)
HAMILTON LINCOLN LAW INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1629 K Street NW, Suite 300
Washington, DC 20006
Voice: 703-203-3848
Email: ted.frank@hlli.org

*Attorneys for Objector Kurt Oreshack*

## PROOF OF SERVICE

I hereby certify that on this day I electronically filed the foregoing Motion for Administrative Relief using the CM/ECF filing system thus effectuating service of such filing on all ECF registered attorneys in this case.

DATED this 17th day of May, 2022.

/s/ *Theodore H. Frank*
Theodore H. Frank