1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BAERBEL MCKINNEY-DROBNIS, JOSEPH B. PICCOLA, and CAMILLE BERLESE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

MASSAGE ENVY FRANCHISING, LLC,

Defendant.

Case No.  16-cv-06450-MMC

**ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR FINAL APPROVAL OF SETTLEMENT**

Before the Court is plaintiffs' Renewed Motion, filed March 30, 2022, "for Final Approval of the Class Action Settlement and Entry of Final Judgment."  The matter came on regularly for hearing on May 20, 2022.  John J. Nelson and Jeffrey R. Krinsk of Finkelstein & Krinsk LLP appeared on behalf of plaintiffs Baerbel McKinney-Drobnis ("McKinney-Drobnis"), Joseph B. Piccola ("Piccola"), and Camille Berlese ("Berlese"). Luanne Sacks and Mike Scott of The Sacks Law Office, and Kahn Scolnick of Gibson, Dunn & Crutcher, LLP, appeared on behalf of defendant Massage Envy Franchising LLC ("MEF").  Theodore H. Frank of the Center for Class Action Fairness appeared on behalf of objector Kurt Oreshack ("Oreshack").

Having read and considered the written submissions filed by plaintiffs, MEF, and Oreshack, as well as objections filed in connection with the hearing conducted February 28, 2020, and having considered the oral arguments made at the hearing conducted May 20, 2022, the Court, for the reasons stated on the record at the hearing, hereby GRANTS the motion, as follows:

//

1    1.  The notice provided to the class was the best notice practicable under the

2  circumstances and fully complied with Federal Rule of Civil Procedure Rule 23, due

3  process, and all other applicable laws.

4    2.  Pursuant to Rules 23(a) and (b)(3), the Court certifies for settlement purposes

5  only a class comprising "all Members of any ME Location since November 4, 2006, who

6  paid for a Fee Increase prior to the date of Preliminary Approval."  (See Krinsk Decl.

7  [Doc. No. 164-1] Ex. A at 4.)  "Excluded from the class are: (1) any person who is an

8  employee, director, officer, or agent of MEF or any of the Released Parties; (2) any

9  judge, justice, judicial officer, or judicial staff" of the United States District Court for the

10  Northern District of California; and (3) "class counsel, MEF's counsel, and any of their

11  staff."  (See id.).  Also excluded from the class are 523 individuals, identified in Exhibit B

12  to the Declaration of James R. Page (Doc. No. 141), who timely excluded themselves

13  from the class.

14    3.  Having analyzed with heightened scrutiny the proposed settlement agreement,

15  as amended March 29, 2022, and, in particular, having considered and weighed the

16  factors relevant to a determination as to fairness and adequacy, see Churchill Village,

17  L.L.C. v. General Electric, 361 F.3d 566, 575 (9th Cir. 2004), as well as the factors

18  bearing on the question of collusion, see In re Bluetooth Headset Products Liability Litig.,

19  654 F.3d 935, 947 (9th Cir. 2011), the Court overrules the objections to the settlement

20  and, as discussed in detail on the record at the hearing, finds the settlement is fair,

21  reasonable, and adequate.

22    4.  With respect to the portion of the attorney's fee award that is "attributable to the

23  award of the coupons," see 28 U.S.C. § 1712(a), the Court defers ruling until after the

24  expiration of the redemption period.  See In re HP Inkjet Printer Litig., 716 F.3d 1173,

25  1184 (9th Cir. 2013) (holding court "must determine a reasonable contingency fee based

26  on the actual redemption value of the coupons").  With respect to the portion of the

27  attorney's fee award that is "not based upon . . . the coupons," see 28 U.S.C.

28  § 1712(c)(2), the Court, as set forth in detail on the record at the hearing, has used a

United States District Court
Northern District of California

United States District Court
Northern District of California

1  lodestar, see 28 U.S.C. § 1712(b)(1); see also In re HP Inkjet Printer, 716 F.3d at 1183

2  (holding portion of fee award attributable to non-coupon relief "'shall be' calculated . . .

3  using the lodestar method") (internal quotation and citation omitted), and calculated such

4  amount to be $938,026.22, which figure represents 57.24% of the lodestar for all worked

5  performed on the case.  Accordingly, as to the portion of the work attributable to non-

6  coupon relief – in this instance, injunctive relief and settlement administration fees – class

7  counsel is awarded $938,026.22.  After the redemption value of the coupons is known,

8  however, and the percentages of the settlement attributable to the coupon and non-

9  coupon relief can be calculated with precision rather than by estimate, an adjustment to

10  such award may be necessary.

11       5.  In addition to the above award of fees, the Court finds the expenses incurred by

12  class counsel in bringing the instant action are reasonable, and, accordingly, class

13  counsel is awarded expenses in the amount of $65,603.05.

14       6.  The Court again finds each class representative, specifically, McKinney-

15  Drobnis, Piccola, and Berlese, is entitled to an incentive award in the amount of $5,000,

16  which amount is fair and reasonable and in recognition of his/her efforts in prosecuting

17  the action and pursuing the settlement.  Accordingly, each class representative is

18  awarded $5,000.

19       7.  Payment of the above attorney's fees award, expenses award, and incentive

20  awards shall be pursuant to the terms of the settlement agreement, and all parties to the

21  settlement agreement, as well as the settlement administrator, are directed to carry out

22  their respective obligations thereunder.

23       8.  The Court retains jurisdiction over the above-titled action to assure compliance

24  with the terms of the settlement agreement and to consider any additional request for an

25  award of attorney's fees following the end of the coupon redemption period.

26       9.  Class counsel shall serve, no later than seven days from the date of this order,

27  a copy of this order on all named parties and objectors, other than those who receive

28  notice through the Court's electronic filing system.  Class counsel shall also serve, no

1    later than seven days from the date of this order, a copy of this order on the settlement

2    administrator, which, within five days of receipt thereof, shall post a copy of this order on

3    the settlement website.

4         **IT IS SO ORDERED.**

5

6    Dated: May 24, 2022

MAXINE M. CHESNEY
United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4