IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAERBEL MCKINNEY-DROBNIS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MASSAGE ENVY FRANCHISING, LLC, <br><br> Defendant. | Case No. 16-cv-06450-MMC <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR POST-JUDGMENT AWARD OF FEES** |

Before the Court is plaintiffs Baerbel McKinney-Dropnis, Joseph B. Piccola, and Camille Berlese's Motion, filed February 8, 2024, "for Post-Judgment Award of Attorney Fees on Class Action Settlement." Defendant Massage Envy Franchising, LLC has filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

By order filed May 24, 2022 ("May 24 Order"), the Court approved, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the parties' Stipulation of Class Action Settlement and Release, as amended by the Amendment and Modification to Stipulated Class Action Settlement and Release (collectively, "Settlement Agreement"). Under the Settlement Agreement, class members were to receive, and did receive, consideration in the form of coupons, referred to in the Settlement Agreement as "Vouchers" (see Settlement Agreement [Doc. No. 164-2] at 22),[2] as well as injunctive relief. By said order,

---

[1] By order filed April 24, 2024, the Court took the matter under submission.

[2] The Settlement Agreement is attached as Exhibit A to the Declaration of Jeffrey R. Krinsk, filed March 20, 2022. In citing to the Settlement Agreement, the Court has used herein the page number affixed to the top of each page by this district's electronic filing program.

the Court awarded Class Counsel the sum of $938,026.22, which sum corresponded to "the portion of the work attributable to non-coupon relief." (See May 24 Order at 2:26-3:7.) With respect to plaintiffs' request for an award of attorney's fees based upon work by Class Counsel attributable to the Vouchers, the Court, pursuant to 28 U.S.C. § 1712, deferred ruling "until after the expiration of the redemption period." (See id. at 2:22-26); 28 U.S.C. § 1712(a) (providing "the portion of any attorney's fee award to class counsel that is attributable to the award of the coupons shall be based on the value to class members of the coupons that are redeemed").

The May 24 Order did not set a deadline for plaintiffs to file a second motion for fees after the expiration of the redemption period, nor did any party request the Court set such a deadline. Rather, the deadline was set by the parties in the Settlement Agreement as follows:

> Within ten (10) days after the Voucher redemption period ends, MEF shall provide to Class Counsel the aggregate value of redeemed Vouchers. Class Counsel shall file with the Court any additional Fee and Expense Award request pursuant to 28 U.S.C. § 1712 within ten (10) days after receipt of the aggregate value of redeemed Vouchers from MEF.

(See Settlement Agreement at 4.)[3]

The parties agree the Voucher redemption period ended December 24, 2023. (See Pls.' Mot. at 9:5-6; Def.'s Opp. at 9:4.) On December 27, 2023, i.e., a date well within 10 days of the date the Voucher redemption period ended, Luanne Sacks ("Sacks"), counsel for MEF, provided to Jeffrey R. Krinsk ("Krinsk"), Class Counsel, the aggregate value of the redeemed Vouchers, specifically, $2,880,377.83. (See Krinsk Decl. Ex. D.) Plaintiffs thereafter filed the instant motion on February 8, 2023, a date significantly more than 10 days after December 27, 2023.

Defendant argues the instant motion should be denied on the ground the motion

---

[3] In the Settlement Agreement, all letters of each defined term therein are capitalized. For ease of reading, the Court has only capitalized the first letter of those words.

1  was not filed by the deadline set forth in the Settlement Agreement.  Plaintiffs contend the

2  motion is timely for the reason that the aggregate value provided to Class Counsel on

3  December 27, 2023, was not provided by MEF itself, but, rather, by MEF's counsel.  In

4  other words, plaintiffs assert, the ten-day deadline to file the instant motion has never

5  begun to run because they have yet to receive the aggregate value from MEF itself.

6  Additionally, plaintiffs argue, the value was not provided in the form of a declaration,

7  which, plaintiffs assert, is required by the Settlement Agreement.[4]  The issues presented

8  are questions of contract interpretation, and, as set forth below, the Court does not find

9  plaintiffs' arguments persuasive.

10  Under California law,[5] "[a] contract must be so interpreted as to give effect to the

11  mutual intention of the parties as it existed at the time of contracting," and courts

12  "normally determine the mutual intention of the parties from the written terms of the

13  contract alone, so long as the contract language is clear and explicit and does not lead to

14  absurd results."  See Revitch v. Directv, LLC, 977 F.3d 713, 717 (9th Cir. 2020) (internal

15  quotations, citations, and alterations omitted).

16  Here, in arguing that the Settlement Agreement requires the value be provided to

17  class counsel by MEF directly, and not by MEF through its counsel, plaintiffs rely on the

---

[4] In their reply, in a footnote, plaintiffs further argue that, if the motion is untimely, the untimeliness should be excused pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, which rule provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  See Fed. R. Civ. P. 6(b)(1)(B).  Rule 6(b)(1)(B) applies, however, to deadlines set by the federal rules, see, e.g., In re Veritas Software Corp. Sec. Litig., 496 F.3d 962, 973-74 (9th Cir. 2007), or by court order, see, e.g., Lanier v. United States, 2017 WL 951040, at *5 (C.D. Cal. March 10, 2017).  Plaintiffs cite no case, and the Court has found none, extending Rule 6(b)(1)(B) to deadlines set by contract.  Indeed, in cases governed by Rule 23, "courts are not permitted to modify settlement terms or in any manner to rewrite agreements reached by parties."  See Jeff D. v. Andrus, 899 F.2d 753, 758 (9th Cir. 1989).

[5] The interpretation of a settlement agreement is "governed by principles of local law which apply to interpretations of contracts generally."  See Jeff D., 899 F.3d at 759 (applying state law to interpret class action settlement agreement).  Here, the Settlement Agreement provides that it "shall be governed by, interpreted according to, and enforced in accordance with the law of the state of California without regard to choice of law provisions."  (See Settlement Agreement at 64.)

3

provisions in the Settlement Agreement that define "MEF" as "Massage Envy Franchising, LLC" (see Settlement Agreement at 11) and define "MEF's Counsel" as three attorneys, namely, Sacks, Kahn Scolnick, and Cynthia Ricketts, who appeared on behalf of MEF in the above-titled action (see id. at 16).  Based on said definitions, plaintiffs contend "MEF itself, and not MEF Counsel, was required to provide [the aggregate value] information to Class Counsel."  (See Pls.' Mot. at 9:7-8; id. at 11:16-12:4.)

As MEF is a limited liability corporation, however, it can only act through its "agents."  See Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 348 (1985) (holding, "[a]s an inanimate entity, a corporation must act through agents"). Consequently, plaintiffs are, in essence, arguing that, where the Settlement Agreement refers to an act on the part of "MEF," the agent who performs the act must be someone other than "MEF's Counsel."

Such proposed interpretation, however, is not supported by the language of the Settlement Agreement.  Specifically, the Settlement Agreement includes references to a number of acts performed or to be performed by "MEF" during the course of the instant litigation, which acts, as a matter of law, could only be performed by a party's counsel. (See, e.g., Settlement Agreement at 24 (setting forth date "MEF filed its Answer"); id. at 30 (providing, if final approval of Settlement Agreement not given, "MEF may request that the Court vacate the portion of the Preliminary Approval Order related to Injunctive Relief");[6] see also Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) (holding

---

[6] The Settlement Agreement appears to reference "Class Counsel" and "MEF's Counsel" when the identity of the individual attorneys is relevant. (See, e.g., id. at 27 (providing "Settlement Class Members, the Class Representatives, Class Counsel, MEF, or MEF's Counsel, along with their respective predecessors, successors, and assigns, may not appeal or seek review or vacatur of or otherwise challenge [membership fee increases or voucher amounts] determin[ed]" by Settlement Administrator); id. at 38 (providing, if the Settlement Administration receives a request from a class member for "advice beyond merely ministerial information," the Settlement Administrator shall "promptly refer the inquiry to Class Counsel and MEF's Counsel"); id. at 12 (stating "Class Counsel and MEF's Counsel have conducted sufficient discovery, investigation, and research of the Released Claims to reach this Agreement").)

4

1    "a corporation may appear in the federal courts only through licensed counsel").

2    Moreover, interpreting the Settlement Agreement to allow "MEF," a represented party, to

3    communicate with "Class Counsel" through "MEF's Counsel" avoids any possible

4    violation by Class Counsel of the Rules of Professional Responsibility's stricture against

5    direct communications with a represented party.  See Cal. Rules of Prof. Resp. Rule

6    4.2(a) (setting forth general rule that "a lawyer shall not communicate directly or indirectly

7    about the subject of the representation with a person the lawyer knows to be

8    represented").

9        Accordingly, the Court finds the Settlement Agreement's language that "MEF shall

10   provide to Class Counsel the aggregate value of redeemed Vouchers" cannot reasonably

11   be interpreted to mean MEF must act through an agent other than its counsel of record.

12       Moreover, even assuming, arguendo, the above quoted provision could be

13   considered ambiguous, the Court finds any ambiguity is readily resolved by a standard

14   rule of contract interpretation, namely, the principle that, "when a contract is ambiguous,

15   a construction given to it by the acts and conduct of the parties before any controversy

16   has arisen as to its meaning will, when reasonable, be adopted and enforced by the

17   courts."  See Crestview Cemetery Ass'n v. Dieden, 54 Cal. 2d 744, 753 (1960).  Here, the

18   record is clear that, prior to the date on which a dispute as to the timeliness of the instant

19   motion arose, all counsel understood that MEF's Counsel would provide to Class

20   Counsel the aggregate value of redeemed Vouchers.

21       In particular, Class Counsel himself asked MEF's Counsel to send that information

22   to him and MEF's Counsel confirmed she would do so.  (See Krinsk Decl. Ex. A (Krinsk's

23   email to Scolnick, dated December 7, 2023, inquiring, "[h]as Massage Envy Franchising,

24   LLC received the final numbers from the settlement administrator regarding the number

25   of settlement vouchers redeemed by class members," and requesting, "[i]f so, please

26   forward that information to me and copy attorney [Mark] Knutson ["Knutson"] on the same

27   communication"); id. Ex. C (Sacks' email to Knutson, dated December 19, 2023, stating,

28   "we will forward that information to you and Jeff [Krinsk] as soon as we receive it from our

client"); Sacks Decl. ¶¶ 11-12) (phone call on December 23, 2023, wherein Sacks informed Krinsk she would soon be receiving "the final numbers" from MEF and Krinsk instructed her to "just send the final redemption numbers to him" as "lead counsel").)

Plaintiffs' additional argument, namely, that the Settlement Agreement requires the aggregate value be given to Class Counsel in the form of a declaration, likewise is unavailing. There is no provision in the Settlement Agreement setting forth the format in which the aggregate value is to be provided. Moreover, such omission appears deliberate, as the parties to the Settlement Agreement clearly knew how to require a declaration when they desired to do so. (See Settlement Agreement at 31-32 (providing, as to "Current Member[s]," MEF "will submit a sworn declaration . . . that MEF utilized reasonable efforts to provide accurate data (and a description of those efforts) to the Settlement Administrator"); id. at 32-33 (providing same requirement as to information about "Former Member[s]").)

Accordingly, for all the reasons set forth above, plaintiffs' Motion for Post-Judgment Award of Attorney's Fees is hereby DENIED.

**IT IS SO ORDERED.**

Dated: May 31, 2024

MAXINE M. CHESNEY
United States District Judge